UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QUANTUM COMMUNICATIONS CORPORATION, | : | |
| QUANTUM OF AUBURN, LLC, | : | CIVIL ACTION NO. |
| And QUANTUM ACQUISITION, LLC, | : | 3:04 CV 0315 (CFD) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | |
| | : | |
| JOHN F. KENNEDY, | : | |
| | : | MARCH 29, 2004 |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN F. KENNEDY'S MOTION FOR MORE DEFINITE STATEMENT

Defendant John F. Kennedy ("JFK") respectfully submits this memorandum of law in support of his motion pursuant to Federal Rule of Civil Procedure 12(e) seeking a more definite statement of plaintiffs' Complaint filed January 28, 2004.

### *PRELIMINARY* STATEMENT

Plaintiffs commenced this action on January 28, 2004 by filing a five count complaint against JFK and returning it to the Superior Court of Stamford, Connecticut. Defendant removed the action to this Court on February 25, 2004. Plaintiffs' complaint apparently seeks damages and other relief in connection with two agreements: (1) a January 2003 employment agreement between one or more plaintiffs and defendant (the "Employment Agreement"); and (2) a late 2003 settlement agreement between one or more plaintiffs and defendant ("Settlement Agreement"), as well as tort claims arising out of two agreements between one or more plaintiffs and other individuals not named as defendants. Plaintiffs assert the following claims: Intentional

Interference with Business and Contractual Relations (Count 1), Fraud in the Inducement (Count 2), Breach of Contract-Settlement Agreement (Count Three), Breach of Contract-Employment Agreement (Count 4), and Declaratory Judgment and Preliminary Injunction (Count 5). As discussed below, however, the Complaint is unintelligible, congested and too vague and ambiguous to require JFK to frame a responsive pleading. Accordingly, this Motion seeks the Court to order plaintiffs to amend their Complaint: (1) to comply with the federal pleading requirements; (2) to clearly state which plaintiff is asserting allegations against defendant; and (3) to state in separate counts claims founded upon separate transactions.

## *ARGUMENT*

### A. THE APPLICABLE STANDARD FOR A MOTION FOR MORE DEFINITE STATEMENT IS PROVIDED BY FEDERAL RULE OF CIVIL PROCEDURE 12(e).

Federal Rule of Civil Procedure 12(e) reads in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

A motion for more definite statement is appropriately filed if a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Wallet v. Anderson, 198 F.R.D. 20 (2000). Rule 12(e) is designed to enable a litigant to answer a complaint and is targeted at "unintelligibility in a pleading, not just a claimed lack of detail." Stanton v. Manufacturers Hanover Trust Co., 388 F.Supp. 1171, 1174 (S.D.N.Y.1975).

Here, the Complaint (a) improperly contains two or more claims of tortious interference with at least two contracts in a single count (i.e., Count One), (b) fails to delineate which plaintiff

2

was a party to the contracts in <u>any</u> of the counts, and (c) is incorrectly numbered so as to cause confusion and create a mass of irrelevant and confusing allegations in each successive count.

B.  *<u>PLAINTIFFS' COMPLAINT IS UNINTELLIGIBLE.</u>*

This Court has not hesitated to grant a motion for a more definite statement when such request would provide clarity to a complaint. <u>Pavent v. Rand-Whitney Realty Corporation</u>, 1997 WL 527367 (D. Conn.) (attached hereto as Exhibit A); <u>see</u> <u>also</u> <u>Anderson v. District Bd. of Trustees of Cent. Florida Community College</u>, 77 F.3d 364, 366 (11th Cir. 1996) (A defendant faced with a "shotgun" complaint, which makes it virtually impossible to know which allegations of fact are intended to support which claims of relief, is not expected to frame a responsive pleading; rather, defendant is expected to move the court to require plaintiff to file a more definite statement); <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir.1988) ("[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."); <u>Totalplan Corp. of America v. Lure Camera Ltd.</u>, 613 F.Supp. 451, 461 (W.D.N.Y 1985) ("To the extent that the congested style of the Complaint makes difficult the framing of responsive pleadings, defendants have a sufficient remedy in the form of a motion for a more definite statement…"). In <u>Pavent</u>, defendants' motion for a more definite statement was granted where plaintiff's claim was unclear where there were two legal cognizable ways to address his claim. Plaintiff was therefore ordered to file an amended complaint in accordance with the pleading requirements of Rule 10(b).

In <u>Anderson</u>, 77 F.3d 364 (11th Cir. 1996), the Court of Appeals for the 11th Circuit found sufficient reason to grant a motion for a more definite statement where plaintiff's complaint was

3

not pled clearly.[1]  In Anderson, plaintiff's complaint contained six counts with each count containing its own factual allegations along with ***all*** the allegations of each preceding count. Specifically, the first 24 paragraphs of plaintiff's complaint contained allegations of fact that were adopted in full by all six counts. Count One began with paragraph 25 of the complaint; count two with paragraph 34; count three with paragraph 43; count four with paragraph 51; count five with paragraph 59; and count six with paragraph 61. Each count contained factual allegations in addition to those set out in the first 24 paragraphs; each count also adopted the allegations of all preceding counts. The appellate court, in quickly recognizing the flaw of the complaint as pled, stated that "…allegations of fact that may be material to a determination of count one, but not count four, are nonetheless made a part of count four." Id. at 366.  The appellate court went on to reason that:

> [Plaintiff's] complaint is a perfect example of "shotgun" pleading, See Pelletier v. Zweifel, 921 F.2d 1465, 1518 (11th Cir.), cert. denied, 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991), in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as [Plaintiff's] is not expected to frame a responsive pleading.  Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement. Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as   required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to  frame a responsive pleading. Moreover, with the shotgun pleading out of

---

[1] The Anderson Court stated, "Although the district court would no doubt have granted their motion, the defendants did not move the court to order the plaintiff to file a more definite statement.  When, during oral argument, we asked the defendants' attorney why he did not seek a more definite statement, he responded that he chose not to do so as a matter of strategy. Counsel's strategy was to fight fire with fire—to respond to the plaintiff in kind." Id. at 367. Thus, the Court of Appeals, because of the state of the pleadings (i.e., the court's inability to determine precisely what the plaintiff was contending), was prevented from determining the issue at hand and therefore affirmed the district court's ruling without prejudice.

4

the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir.1984). Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

Id. at 366-367.

In the instant case, plaintiffs' Complaint is a perfect example of a "shotgun" pleading. Plaintiffs' complaint contains five counts. The first 54 paragraphs of the Complaint contain allegations of fact that not only make up Count One, but also are adopted in full by all four remaining counts. Thus, each count contains superfluous, irrelevant and confusing allegations. Even more ambiguous is that each count also adopts the causes of action of all preceding counts. Therefore, allegations of fact that may be material to a determination of one count but not any other count are nonetheless crammed into one another.

To underscore the confusion in the Complaint, plaintiffs at several points refer to paragraphs that do not correspond with one another and are improperly numbered so that defendant has no means of forming a proper response. Specifically, Count One consists of paragraphs *1-54,* yet count two incorporates paragraphs *1-53* of Count One by reference then continues with another new paragraph 54. Both paragraph 54s are then incorporated into Count Three, and so on. This flawed method of pleading is continued throughout plaintiffs' Complaint, which not only illogically packs in immaterial allegations and counts, but results in paragraphs with identical numbers falling into different counts that state completely different allegations.[2]

---

[2] Plaintiff's Complaint cannot be responded to where it is completely unintelligible. For example, there are two paragraphs numbered 54. Each paragraph numbered 54 states a different allegation, and both paragraphs numbered 54 are included in each and every count of the

5

Accordingly, plaintiffs must be required to file a new Complaint, properly numbered, setting forth only one cause of action per count and setting forth only relevant allegations.

## C. PLAINTIFFS' COMPLAINT FAILS TO PROPERLY IDENTIFY EACH PLAINTIFF.

It is well established that a motion for a more definite statement is to be used when a complaint fails to properly identify a party. Court Degraw Theater, Inc., v. Loew's, Inc., 22 F.R.D. 264 (1958); see also Caraveo v. Nielsen Media Research, Inc., 2002 WL 530993 (S.D.N.Y.) (attached hereto as Exhibit B) (motion for more definite statement granted to clarify which claims and which factual allegations were being asserted against which defendants). A motion for a more definite statement may be granted when the complaint has made general allegations involving numerous parties and has failed to identify the specific party involved. Bower v. Weisman, 639 F.Supp. 532, 538 (S.D.N.Y.1986).

In Bower, the plaintiff brought seven causes of action against three defendants, and the defendant made a motion for a more definite statement by arguing that several paragraphs "employ the term 'defendant' without specifying which particular defendant is referred to." Id. at 538. The court found that the defendant "cannot effectively respond to [plaintiff's] complaint until he knows which claims [plaintiff] is asserting against him in his individual capacity." Id.

---

complaint. In addition, there are two paragraphs numbered 57. Each paragraph 57 alleges completely different facts (i.e., the first paragraph 57 refers to defendant's conduct in *Count Two,* while the second paragraph 57, which is in *Count Three*, refers to an agreement) and still each of these different paragraph 57s are incorporated into Counts Four and Five of the Complaint. The same flaw applies to paragraph 59 and paragraph 62. See Complaint. It is also noted that while plaintiffs' methodology, insofar as numbering its paragraphs generally from number 1 in each count, is proper in state court, it is not in Federal court. See Fed. R. Civ. P 10(b). In addition, the Complaint is improper even in state court as immaterial, irrelevant and confusing allegations are contained in subsequent counts. See Practice Book § 10-35.

6

In Caraveo, the Court granted defendants' motion for more definite statement to clarify which claims were being asserted against which defendants where numerous claims were held to be vague and ambiguous. The Caraveo court reasoned:

> In this case, where Plaintiff alleges 30 causes of action against 25 defendants, we find that the Complaint does not clearly identify which claims are being asserted against which defendants. For instance, in Count 1, Plaintiff alleges "Defendants, by the acts and conduct set forth above, discriminated and retaliated against plaintiff based on his disability." Complaint ¶ 169. In Count 1, it is not clear if Plaintiff only means to make an allegation against NMR, or if he intends to include MetLife or even the EEOC. First, in this count, the "conduct set forth above" references the entire fact section of the Complaint, which discusses all the defendants. Id. ¶ ¶ 14-166. Second, other paragraphs under this claim would make it appear that this count would be leveled only against the Nielsen defendants, but Plaintiff's own memorandum of law states that the Plaintiff is "asserting Counts I through XXIV against MetLife Defendants *and* Nielsen Defendants." Plaintiff's Memo in Opposition to MetLife at 3 (emphasis added). If this is the case, that Plaintiff is asserting the Count against both defendants, Plaintiff may easily clarify this fact in a second amended complaint.

Id. at *2

The Caraveo court also granted defendants' motion for a more definite statement, finding the complaint was too vague and ambiguous in that it was not possible to determine which factual allegations were being asserted against which defendants. The Court, in this regard, went on to reason that:

> In paragraphs 14-166, where the factual allegations are listed, Plaintiff repeatedly refers to "defendants" in a manner that is vague and ambiguous with respect to which defendants engaged in which actions. For instance, in paragraph 100, Plaintiff asserts "[a]t no time did *defendants* have a physical evaluation done of plaintiff while he was employed that disputed the existence or seriousness of plaintiff's medical condition, or of his need for accommodation." Complaint ¶ 100 (emphasis added). Standing alone, there is some ambiguity over which defendant he alleges did not give him a physical evaluation, MetLife or Nielsen. This ambiguity becomes more complicated when the surrounding paragraphs are taken into account. In the preceding paragraph, Plaintiff refers to the "Nielsen defendants." Id. ¶ 99. We are left to wonder, then, did Plaintiff in paragraph 100 intend "defendants" to refer to all defendants, or was the use of "defendants"

7

simply a shorthand way of referring to the Nielsen defendants only in this particular context? These ambiguities are prevalent in the factual allegations section of the Complaint, and Plaintiff should always specify the particular defendant to which he is referring. The word "defendant" or "defendants" should not be used by Plaintiff without a modifier such as "all defendants," "Nielsen

Id. at *3.

In the instant case, plaintiffs' effort to draft its Complaint in a manner so as to preserve optimum fungibility leaves defendant incapable of framing a responsive pleading. Specifically, plaintiffs are: (1) Qantum Communications Corporation; (2) Qantum of Auburn LLC; and (3) Qantum Acquisition Company, LLC. However, collectively and throughout plaintiffs' Complaint, these three *separate* entities are lumped together and referred to as one, namely "Qantum." Qantums' Complaint alleges at least four agreements: (1) two agreements with defendant JFK; (2) the Employment Agreement; (3) the Settlement Agreement; and (4) two agreements with two nonparties. However, plaintiffs at no time identify which Qantum entity was part of which of the alleged agreements. The ambiguity of plaintiffs' failure to identify itself is underscored when at times it refers to one of the Qantum entities as an individual entity and then again includes it as one of three Qantum entities within the same count. For example, in ¶23 of Count One of the Complaint, plaintiffs allege that "…Qantum of Auburn, LLC, an affiliate limited liability corporation owned indirectly by Qantum," entered into a non-compete agreement with a nonparty.

Accordingly, given the ambiguity of plaintiffs' Complaint, defendant cannot reasonably be expected to form a response.

D.  **PLAINTIFFS' COMPLAINT FAILS TO STATE IN SEPARATE COUNTS CLAIMS FOUNDED UPON SEPARATE TRANSACTIONS.**

Where a plaintiff asserts multiple claims for relief in a single count, a more definite statement is an appropriate method to obtain an assertion of each claim for relief in a separate count. Anderson v. District Bd. of Trustees of Cent. Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996). Under Rule 10(b), a separation of claims into separate counts is mandatory when necessary to facilitate clear presentation. Original Ballet Russe v. Ballet Theatre, 133 F.2d 187, 189 (2d Cir.1943); see also Wallet v. Anderson, 198 F.R.D. 20, 24 (D. Conn. 2000) ("Under Federal Rule of Civil Procedure 10(b), the plaintiff is required to state in separate counts claims founded upon separate transactions or occurrences."); Thomsen v. County of Erie, 2000 WL 1887834 at *2 (W.D.N.Y) (attached hereto as Exhibit C) ("Plaintiff's innumerable causes of action are so confusedly interspersed throughout the Complaint that it is impossible for this Court--not to mention the defendants--to determine which causes of action plaintiff is actually attempting to bring against each specific defendant and upon what factual basis.");

Here the Complaint (a) improperly contains two or more claims of tortious interference with at least two contracts in a single count (i.e., Count One), and (b) fails to delineate which plaintiff was a party to the contracts in any of the counts. Specifically, Count One states a claim of "intentional interference with business and contractual relations," yet improperly asserts this claim in one count while alleging violations of at least three different agreements, with at least four different corporate entities, and two other individuals besides defendant. Clearly, plaintiffs are then required to state in separate counts claims founded upon separate transactions.

## *CONCLUSION*

For all of the foregoing reasons, defendant hereto requests that this Court grant his Motion and order plaintiffs to amend their Complaint: (1) to comply with the federal pleading requirements set forth in Rule 10(b); (2) to clearly state which plaintiff is asserting allegations against defendant; and (3) to state in separate counts claims founded upon separate transactions.

By_____/S/_____
   Scott R. Lucas, Esq. (ct00517)
   Michel Bayonne (ct24628)
   *Attorneys for defendant*
   *John F. Kennedy*
   MARTIN, LUCAS & CHIOFFI, LLP
   177 Broad Street
   Stamford, CT 06901
   Phone: (203) 973-5200
   Fax: (203) 973-5250
   slucas@mlc-law.com
   mbayonne@mlc-law.com

Case 3:04-cv-00362-SHS-DRB Document 41-11 Filed 03/30/2004 Page 10 of 11

### *CERTIFICATE OF SERVICE*

This is to certify that on this 29th day March 2004, a copy of the foregoing was mailed, first class, postage prepaid, to:

Richard E. Castiglioni, Esq.
Diserio Martin O'Connor & Castiglioni, LLP
One Atlantic Street
Stamford, CT 06901
Phone: (203) 358-0800
Fax: (203) 348-2321
rcastiglioni@dmoc.com

*Counsel for All Plaintiffs:*
*Quantum Communications Corporation*
*Quantum of Auburn, LLC*
*Quantum Acquisition, LLC*

　　　　　　　　　　　　　　　　　　　____/s/_____
　　　　　　　　　　　　　　　　　　　Scott R. Lucas