Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

Ellen PAVENT,
v.
RAND-WHITNEY REALTY CORPORATION, et al.

**No. 3:96CV01977.**

July 16, 1997.

RULING ON DEFENDANTS' MOTION FOR
MORE DEFINITE STATEMENT, MOTION TO
DISMISS,
AND MOTION TO STRIKE

NEVAS, Senior District Judge.

*1 In this action for nuisance the Plaintiff, Ellen Pavent ("Pavent"), seeks to recover damages allegedly caused by the paper recycling plant that is owned, leased, and/or operated by the Defendants Rand-Whitney Realty Corp. ("RW Realty"), Rand-Whitney Containerboard Limited Partnership ("RW Containerboard"), and Rand-Whitney Paperboard Corp. ("RW Paperboard") (collectively the "Defendants"). Additionally, Pavent seeks an injunction ordering the Defendants to cease or abate the alleged nuisance.

Now pending before the court is the Defendants' motion which seeks (1) a more definite statement of the first count; (2) to dismiss the second count; and (3) to strike redundant, immaterial, impertinent or scandalous allegations in the first count as well as the claim for punitive damages. For the following reasons, the motion [doc. # 8] is GRANTED IN PART and DENIED IN PART.

FACTS

The Plaintiff resides at 325 Maple Avenue in Montville, Connecticut (the "Residence"). She has continuously lived there since September 1981. The Residence is located in a residential zone. The Defendants' paper recycling plant (the "Plant") is located directly behind and adjacent to the Residence. During all times relevant to this action, RW Realty has retained control over the plant. Since December 1994, the Defendants have operated the Plant twenty-

four hours a day, seven days a week. The Plant and/or the equipment used at the site generate excessive noise, noxious odors and vectors that permeate Pavent's neighborhood.

I. *The Motion For More Definite Statement*

The Defendants maintain that the first count is unintelligible and that they are unable to understand the nature of the claim. The court agrees that the first count, which is entitled "Nuisance," does not comply with the pleading requirements of the Federal Rules and does not give the Defendants fair notice of what the Plaintiff's claim is and the grounds on which it rests. *See* Fed.R.Civ.P. 8(a)(2).

Connecticut law recognizes several types of nuisance. Nuisances can be public or private and negligent or absolute. *Quinnett v. Newman,* 213 Conn. 343, 348-49 (1990). "A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence." *Couture v. Board of Educ. of the Town of Plainfield,* 6 Conn.App. 309, 315 (quoting *Nolan v. New Britain,* 69 Conn. 668, 678 (1897); *Hasset v. Palmer,* 126 Conn. 468, 476 (1940); Croughwell v. *Chase Brass & Copper Co.,* 128 Conn. 110, 112 (1941); *Higgins v. Connecticut Light & Power Co.,* 129 Conn. 606, 611-612 (1943)). "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." *Id.* at 314 (quoting *Webel v. Yale Univ.,* 125 Conn. 515, 524 (1939)). Where "the condition claimed to be a nuisance arises out of the creator's unintentional but negligent act, i.e., a failure to exercise due care, the resulting condition is characterized as a negligent nuisance." *Quinnett,* 213 Conn. at 348 (citing *Kostyal v. Cass,* 163 Conn. 92, 98-99 (1972)); *see also* Stewart v. Federated Dept. Stores, Inc.,* No. CV89 0103721 S, 1991 WL 88068, at *3 (Conn.Super.Ct. May 17, 1991). Where "the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and its creator is strictly liable." *Quinnett,* 213 Conn. at 348 (citing *DeLahunta v. Waterbury,* 134 Conn. 630, 633-634 (1948)). "The only practical distinction between an absolute nuisance and one grounded in negligence is that contributory negligence is not a defense to the former but may be as to the latter." *Id.* (quoting *Kostyal,* 163 Conn. at 99).

*2 The complaint in this case does not specify whether the alleged nuisance is negligent or absolute. Accordingly, the Defendants' motion for more definite statement is granted. The Plaintiff shall file

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

an amended complaint which complies with the pleading requirements of Rules 8(a), 8(e) and 10(b), Fed.R.Civ.P.

II. *The Motion To Dismiss Count Two*

The Defendants move to dismiss count two on the grounds that the Plaintiff has failed to state any factual basis to support the allegation that the Defendants' conduct was wanton and willful. The motion is denied.

The Plaintiff has satisfied the liberal pleading requirements of Rule 8(a), Fed.R.Civ.P., which does not require the detailed factual averments that the Defendants seek. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 47 (1957) ( Rule 8(a)(2) does not require a claimant to set out in detail the facts upon which she bases her claim); *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir.1995) (Rule 8(a)(2) permits plaintiff to plead conclusions).

III. *The Motion to Strike*

The Defendants move to strike the Plaintiff's demand for punitive damages as well as numerous paragraphs of the complaint. Rule 12(f) authorizes a court, upon motion, to "order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed.R.Civ.P. The decision to strike a pleading rests in the court's discretion, *see* Wright & Miller, § 1382, at 683, and motions for such relief are not favored. *See id.* § 1380, at 647. Indeed, a motion to strike will be denied unless the court finds that the allegation has "no possible relation to the controversy" and will be prejudicial to the moving party. *See id.* § 1382, at 685.

The Defendants' motion to strike the prayer for punitive damages is denied. Connecticut law recognizes punitive damages in tort cases. *See Blouin v. Blouin,* No. CV89 0295774S, 1992 WL 11117, at *30 (Conn.Super.Ct. Jan. 17, 1992) (citing *Collens v. New Cannan Water Co.,* 155 Conn. 477, 488 (1967)). "In order to award punitive ... damages, evidence must reveal reckless indifference to the rights of others or an intentional or wanton violation of those rights." *Id.* (quoting *Venturi v. Savitt Inc.,* 191 Conn. 588, 592 (1983)); *see also Collens,* 155 Conn. at 459-89; Vandersluiis v. Weil, 176 Conn. 353, 358 (1978)); *see also Nair v. Thaw,* 156 Conn. 445, 453 (1968). Paragraph 33 of the complaint alleges that the Defendants' behavior was wanton and willful, thereby opening the door to punitive damages.

The Defendants motion to strike paragraph 20,

subsection (h) is granted. The Plaintiff concedes that this paragraph is redundant and does not object to its deletion.

The Defendants also move to strike paragraph 20, subsection (i) on the grounds that Pavent's pre-existing condition is immaterial and bears no legal relevance to the allegations of nuisance. The Plaintiff contends that subsection (i) goes to the extent of her injuries. The court finds that this allegation is related to the controversy and that it will not be prejudicial to the Defendants. Accordingly, the motion to strike this paragraph of the complaint is denied.

**\*3** Finally, the Defendants move to strike paragraph 20, subsection (j) on the grounds that the allegation completely lacks a factual foundation and is irrelevant and immaterial. The motion is denied. The allegation in paragraph 20, subsection (j) is relevant in that it pertains to the Plaintiff's injuries and it does not prejudice the Defendants.

CONCLUSION

For the foregoing reasons, the Defendants' Motion For More Definite Statement, Motion to Dismiss, and Motion to Strike [doc. # 8] is GRANTED IN PART and DENIED IN PART. The Plaintiff shall file an amended complaint consistent with this ruling within twenty-one days.

SO ORDERED 1997 at Bridgeport, Connecticut.

1997 WL 527367, 1997 WL 527367 (D.Conn.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works