Not Reported in F.Supp.2d  
**(Cite as: 2002 WL 530993 (S.D.N.Y.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

Enrique CARAVEO, Plaintiff,  
v.  
NIELSEN MEDIA RESEARCH, INC., et al. Defendants.

**No. 01 Civ. 9609(LBS).**

April 8, 2002.

*MEMORANDUM & ORDER*

SAND, J.

**\*1** *Pro se* plaintiff Enrique Caraveo ("Caraveo" or "Plaintiff") brings this civil suit against twenty-five defendants for a wide-range of claims stemming from his prior employment with defendant Nielsen Media Research, Inc. ("NMR"). [FN1] After receiving Plaintiff's amended complaint ("Complaint"), defendants NMR and Metropolitan Life Insurance Co. ("MetLife") [FN2] now bring a Rule 12(e) motion for a more definite statement. Primarily, these defendants argue that the Complaint is vague and ambiguous with regard to which claims and which factual allegations are being asserted against which defendants. To correct such vagueness and ambiguity, these defendants request that (1) Plaintiff clarify which claims are being asserted against which defendants, (2) Plaintiff clarify which factual allegations are being asserted against which defendants, and (3) Plaintiff clarify his thirty counts by separating them into individual sections. For the following reasons, we grant defendants' motion with respect to requests (1) and (2) and deny defendants' motion with respect to request (3).

> FN1. In his amended complaint, Plaintiff occasionally refers to NMR along with certain of its individual agents as the "Nielsen defendants."

> FN2. In his amended complaint, Plaintiff occasionally refers to MetLife along with certain of its individual agents as the "MetLife defendants."

Background

Plaintiff Caraveo was employed as a recruiting agent by defendant NMR beginning in 1998. [FN3] Complaint ¶ 15. Plaintiff allegedly began experiencing problems with his vision and sought disability insurance from NMR's insurance carrier, defendant MetLife. *Id.* ¶¶ 19-20, 35. After he was allegedly discharged by NMR, Plaintiff unsuccessfully pursued charges of employment discrimination with defendant U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶¶ 97, 128. Plaintiff filed a complaint in October 2001, and then an amended complaint ("Complaint") on December 17, 2001. In the Complaint, Plaintiff asserts thirty counts against NMR, MetLife, the EEOC, and 22 other corporate and individual defendants. Complaint at 1-4. In fact, defendant NMR suggests that these thirty counts cover approximately 38 individual claims. *See* Nielsen Memo at 1.

> FN3. NMR is in the business of measuring television ratings by recruiting households to permit NMR to electronically monitor their television viewing habits. Complaint ¶ 16.

Discussion

The defendants MetLife and NMR make a number of arguments in favor of requiring Plaintiff to provide a more definite statement pursuant to Rule 12(e). Fed.R.Civ.P. 12(e). Collectively, these defendants argue that (1) the complaint is so vague and ambiguous as to which of the 25 defendants plaintiff is asserting his numerous causes of action against that defendants cannot frame a responsive pleading, (2) the complaint is so vague and ambiguous as to which of the 25 defendants plaintiff is alluding in many of his factual allegations that defendants cannot frame a responsive pleading, (3) the claims, in being lumped together, are too confusing for defendants to discern. *See* MetLife Memo at 9, 14; Nielsen Memo at 3, 4.

Rule 12(e) of the Federal Rules of Civil Procedure provides, in pertinent part:
> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

more definite statement before interposing a responsive pleading.

*2 Fed.R.Civ.P. 12(e). A motion pursuant to Rule 12(e) should not be granted "unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Boothe v. TRW Credit Data, 523 F.Supp. 631, 635 (S.D.N.Y.1981). See also Fisher v. Building Service 32B-J Health Fund, 2001 WL 1586689 (S.D.N.Y.2001) (noting that it is generally well settled that motions for a more definite statement "generally are disfavored because of their dilatory effect") (citations omitted); Stewart v. Crosswalks Television Network, 2002 WL 265162 (S.D.N.Y.2002) (in the context of a motion for a more definite statement, noting that *pro se* plaintiff's complaint must be interpreted broadly).

*1. Vague and Ambiguous Claims*

Generally, a motion for a more definite statement may be granted when the complaint has made general allegations against numerous defendants and has failed to identify the specific defendants against whom plaintiff is asserting each of his causes of action. Bower v. Weisman, 639 F.Supp. 532, 538 (S.D.N.Y.1986). In *Bower,* where the plaintiff brought seven causes of action against three defendants, the defendant made a motion for a more definite statement by arguing that several paragraphs "employ the term 'defendant' without specifying which particular defendant is referred to." *Id.* at 538. The court found that the defendant "cannot effectively respond to [plaintiff's] complaint until he knows which claims [plaintiff] is asserting against him in his individual capacity." *Id.*

In this case, where Plaintiff alleges 30 causes of action against 25 defendants, we find that the Complaint does not clearly identify which claims are being asserted against which defendants. For instance, in Count 1, Plaintiff alleges "Defendants, by the acts and conduct set forth above, discriminated and retaliated against plaintiff based on his disability." Complaint ¶ 169. In Count 1, it is not clear if Plaintiff only means to make an allegation against NMR, or if he intends to include MetLife or even the EEOC. First, in this count, the "conduct set forth above" references the entire fact section of the Complaint, which discusses all the defendants. [FN4] *Id.* ¶ ¶ 14-166. Second, other paragraphs under this claim would make it appear that this count would be leveled only against the Nielsen defendants, [FN5] but Plaintiff's own memorandum of law states that the Plaintiff is "asserting Counts I through XXIV against MetLife Defendants *and* Nielsen Defendants." Plaintiff's Memo in Opposition to MetLife at 3 (emphasis added). If this is the case, that Plaintiff is asserting the Count against both defendants, Plaintiff may easily clarify this fact in a second amended complaint.

> FN4. A broader argument by MetLife is that Plaintiff should be required to incorporate only those facts into each count that relate to that particular cause of action. *See* Anderson v. District Board of Trustees of Central Florida Comm. College, 77 F.3d 364 (11 superth Cir.1996) (disapproving of a complaint where facts are not narrowly incorporated). As it stands, each count incorporates the entire fact section. However, we find that in this case, unlike *Anderson,* each count provides enough relevant information to allow defendants to understand which facts are intended to support which claims. Frequently, the count will repeat facts or point out which circumstances give rise to the claim. Only Count 21, tortious interference with employment, is clearly vague because of a failure to provide any reference to the facts underlying the claim. We expect, though, that when Plaintiff clarifies the defendants in this count the appropriate defendants will be able to frame a responsive pleading.

> FN5. In paragraph 174 of the same count, Plaintiff alleges that "defendants schemed to make it so that plaintiff would not succeed in his position by giving him bad specs and/or few specs to work with, and/or by not putting him near the train station as defendants had promised, and/or by not fulfilling their agreement to relocate plaintiff to the East Coast." Complaint ¶ 174. A spec is a household that Plaintiff would have to recruit. Based on the facts set forth in the count and the facts of the case, this paragraph would seemingly refer only to Plaintiff's employer at the time, NMR.

Similar vague and ambiguous claims are made throughout the Plaintiff's thirty counts in the Complaint, and Plaintiff should clarify in the Complaint itself which claims are alleged against which defendants. *See, e.g.,* Complaint ¶ ¶ 13- 14, 169, 172, 174-78, 180, 182, 184-98, 200, 203, 209-10, 212-13, 215-16, 218- 19, 223-29, 231-32, 234,

236, 238-39, 241, 243, 245, and 247-48.

*2. Vague and Ambiguous Factual Allegations*

**\*3** With respect to defendants' second ground for a more definite statement, we also find that the Complaint does not clearly identify which of the factual allegations are being asserted against which defendants. In paragraphs 14-166, where the factual allegations are listed, Plaintiff repeatedly refers to "defendants" in a manner that is vague and ambiguous with respect to which defendants engaged in which actions. For instance, in paragraph 100, Plaintiff asserts "[a]t no time did *defendants* have a physical evaluation done of plaintiff while he was employed that disputed the existence or seriousness of plaintiff's medical condition, or of his need for accommodation." Complaint ¶ 100 (emphasis added). Standing alone, there is some ambiguity over which defendant he alleges did not give him a physical evaluation, MetLife or Nielsen. This ambiguity becomes more complicated when the surrounding paragraphs are taken into account. In the preceding paragraph, Plaintiff refers to the "Nielsen defendants." *Id.* ¶ 99. We are left to wonder, then, did Plaintiff in paragraph 100 intend "defendants" to refer to all defendants, or was the use of "defendants" simply a shorthand way of referring to the Nielsen defendants only in this particular context? These ambiguities are prevalent in the factual allegations section of the Complaint, and Plaintiff should always specify the particular defendant to which he is referring. The word "defendant" or "defendants" should not be used by Plaintiff without a modifier such as "all defendants," "Nielsen defendants," "MetLife defendants," "Nielsen and MetLife Defendants," etc.

*3. Separate Counts*

Finally, defendant MetLife asks that Plaintiff be required to list each count separately. Federal Rule of Civil Procedure 10(b) provides, in pertinent part:

> All averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding paragraphs. Each claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth.

Fed.R.Civ.P. 10(b). Rule 10(b) only requires that multiple claims be separated if such separation would facilitate a "clear presentation of the matters set forth." *Id. See also James Richardson & Sons v. Conners Marine Co.,* 141 F.2d 226, 228 (S.D.N.Y.1944) ("Since it is now recognized that repetitive verbosity does not make for clarity, refinements of separate statement are not now in favor.").

As an example of a possible Rule 10(b) violation, defendant MetLife points to paragraphs 199-210 of the Complaint, or Counts 7-11. Here, Plaintiff asserts five "counts" under one set of facts. The counts are: (1) fraud, (2) breach of contract, (3) breaking the covenant of good faith and fair dealing, (4) using deceptive trade practices and false advertising in violation of New York State's General Business Law § 349(a) Deceptive Acts and Practices and § 350 False Advertising, and (5) violation of the Texas Deceptive Trade Practices Act §  17.46(a)(b). MetLife argues that "[n]o one disputes that a pleading can contain a single count under which relief is available under a number of theories," but that Plaintiff is in violation of the Federal Rules by "lumping together numerous counts ." MetLife Reply Memo at 3. However, defendant MetLife confuses what is required by Rule 10(b). Rule 10(b) simply states that if multiple claims are based on a separate set of circumstances, they should be pled in separate counts. Plaintiff, though, maintains that these claims are all based on the same set of facts and circumstances, and we have no reason to find otherwise at this stage of the proceeding. [FN6]

> FN6. Perhaps the confusion here is that Plaintiff uses the word "count" instead of the word "claim" to describe his separate causes of action.

**\*4** MetLife also argues that Plaintiff "did not plead concisely what was done to him in violation of the statutes of New York or Texas, what the fraudulent representations were or what the breach of contract was." *Id.* at 3. We disagree. While Plaintiff may not explicitly link the breach of contract claim with the paragraphs under Counts 7-11, Plaintiff gives sufficient information for MetLife to discern which set of facts give rise to the breach of contract claim.

Finally, we note that defendant NMR was able to discern 38 claims in the 30 counts. *See* Nielsen Memo at 1. Thus, we are not convinced that, with respect to separating out the various claims and counts, the Complaint is so unintelligible and confusing as to warrant a more definite statement. *See Boothe,* 523 F.Supp. at 535.

Conclusion

In summary, we grant defendants' motion with respect to clarifying which claims and factual allegations refer to which defendants. We deny defendants' motion with respect to separating the various counts and referencing more specifically the factual allegations in each claim. Plaintiff should file a second amended complaint, due by May 6, 2002, that in all instances clarifies which claims and factual allegations are being asserted against which defendants.

SO ORDERED.

2002 WL 530993 (S.D.N.Y.)

END OF DOCUMENT