2000 WL 1887834 Page 1
**(Cite as: 2000 WL 1887834 (W.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court, W.D. New York.

James M. THOMSEN, Sr., Plaintiff,
v.
COUNTY OF ERIE, New York, Former Erie County Executive Dennis Gorski, Erie County Sheriff's Department, Erie County District Attorneys Office, Erie County Sheriff Patrick Gallivan, Erie County District Attorney Frank Clark, Erie County Sheriff Chief Scott R. Patronik, Erie County Sheriff Detective Charles Tirone, Erie County Sheriff John Hillary, Erie County Sheriff Chief Michael A. Benson, Erie County Sheriff Chief Thomas R. Staebell, Erie County Holding Center Superintendent H. McCarthy Gipson, Assistant Prosecutors Candace Vogel & Pauline Will, Erie County Attorney Charles Sawyer and WKBW Channel 7 News, Defendants.

No. 00-CV-0280E(SC).

Dec. 28, 2000.

Pro Se, Grand Island, for the Plaintiff.

George Michael Zimmerman, Esq., Erie County Attorney, Buffalo, WKBW--Henry Killeen, Esq., Killeen & Killeen, Orchard Park, for the Defendant.

MEMORANDUM and ORDER

ELFVIN, S.D.J.

**\*1** Plaintiff, *pro se,* filed this action March 31, 2000 naming sixteen defendants. The first fifteen named defendants ("the Erie County defendants") timely filed a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure ("FRCvP") stating that they could not frame a response to the Complaint as written. The remaining defendant, WKBW Channel 7 News, filed an Answer; however it now seeks to join in the Erie County defendants' motion for a more definite statement. WKBW states that, in serving its Answer, it assumed that the only cause of action raised against it was libel because it is named only in ¶ 97 of the Complaint which is headed "Libel and Defamation of Character" and that the only facts upon which that claim was based were those in ¶ 97. WKBW requests clarification regarding whether plaintiff intended to raise any other causes of action against it or relied on any facts other than those in ¶ 97 and a clarification of the damages sought against it. In the event that plaintiff did intend to raise other causes of action against it or to rely on facts other than those in ¶ 97, WKBW requests that plaintiff be required to file an amended complaint specifically setting forth the causes of action against it and the facts upon which such are based. Presently before this Court are the defendants' motions for a more definite statement.

FRCvP govern the required form of a complaint. Its requirements are explicitly stated.

"A pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded." FRCvP 8(a).

"Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." FRCvP 8(e)(1).

"All averments of claim * * * shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances * * *. Each claim founded upon a separate transaction or occurrence * * * shall be stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth." FRCvP 10(b).

"The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." ' *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). [FN1] "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial * * * or to dismiss the complaint." *Ibid.* A complaint is not usually dismissed unless the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised." *Ibid.* When a court does dismiss a complaint, leave should be

granted to file an amended complaint that conforms to the FRCvP requirements. *Ibid.*

FN1. Internal citations omitted.

*2 The Complaint filed by the plaintiff falls far short of meeting FRCvP's requirements. The Complaint, which is 55 pages in length with over 130 paragraphs and an additional 90 pages of exhibits, cannot by any means be considered to be a short and plain statement of the claim showing that the pleader is entitled to relief as required by FRCvP 8(a). Not all of the paragraphs in the Complaint are numbered as required by FRCvP 10(b) and plaintiff uses the numbers 1, 2, 4, 5 and 6 for two separate paragraphs each and uses the number 3 for four separate paragraphs. Plaintiff alleges innumerable causes of action based on common law and the violation of his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and the New York State Constitution in general, in addition to several statutory causes of action. Plaintiff's innumerable causes of action are so confusedly interspersed throughout the Complaint that it is impossible for this Court--not to mention the defendants--to determine which causes of action plaintiff is actually attempting to bring against each specific defendant and upon what factual basis. Furthermore, it appears that plaintiff did in fact intend to raise additional causes of action against WKBW because plaintiff states that his causes of action against WKBW are (1) violation of privacy, (2) conspiracy to violate plaintiff's constitutional rights, (3) defamation of character, (4) deprivation of constitutional rights, (5) tort, (6) conspiracy, (7) collusion, (8) malice, a badge of infamy, (9) intentional infliction of emotional distress and (10) coordination with other agencies to create a Racketeering Enterprise. Pl.'s Response to Def.'s Mot. for More Definite Statement ¶ 3D.

Having thoroughly reviewed the Complaint, the undersigned finds that it is so confused, ambiguous, vague and otherwise unintelligible that it can not be remedied either through a more definite statement or by striking portions of it and that the only way to proceed is to dismiss the Complaint for failure to comply with FRCvP. However, inasmuch as plaintiff is proceeding *pro se* and alleges facts that could amount to a viable cause of action, this Court will dismiss the Complaint without prejudice, with instructions that plaintiff file an amended complaint in compliance with FRCvP.

In drafting his amended complaint, plaintiff is admonished to follow FRCvP's requirements and not to attach any exhibits thereto. If the amended complaint fails to so comply and is still of such a nature that it cannot be cured by a motion for a more definite statement or a motion to strike, this Court will entertain a motion by the defendants to dismiss with prejudice.

Accordingly, it is hereby *ORDERED* that the Complaint is dismissed without prejudice and that plaintiff shall serve on the defendants and file an amended complaint in compliance with the FRCvP within 30 days.

2000 WL 1887834, 2000 WL 1887834 (W.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works