UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QANTUM COMMUNICATIONS CORPORATION; QANTUM OF AUBURN, LLC, QANTUM ACQUISITION COMPANY, LLC, | ) ) ) ) | CIVIL ACTION NO. 3:04CV0315 (CFD) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JOHN F. KENNEDY, | ) ) | |
| Defendant. | ) | APRIL 20, 2004 |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**

Plaintiffs in the above referenced matter, Qantum Communications Corporation, Qantum of Auburn, LLC, and Qantum Acquisition Company, LLC, respectfully submit this memorandum of law in opposition to the Motion for More Definite Statement dated March 29, 2004 filed by the Defendant, John F. Kennedy ("Kennedy").

**I.  FACTUAL BACKGROUND**

Plaintiffs originally commenced this action against the Defendant, Kennedy, by summons and complaint dated January 21, 2004 and returnable to the Connecticut Superior Court for the Judicial District of Stamford/Norwalk at Stamford on February 17, 2004.  The Complaint set forth detailed factual allegations of various contractual arrangements involving the Plaintiffs and

the Defendant, Kennedy, a former employee. The Complaint asserted five distinct causes of action against Defendant: 1) a claim for money damages based on Kennedy's intentional interference with the contractual relationships between Plaintiffs and two non-parties; 2) a claim for money damages based on Kennedy's fraudulent inducement of the Plaintiffs to enter into a Settlement Agreement with him; 3) a claim for money damages based on Kennedy's breach of the Settlement Agreement between him and the Plaintiffs; 4) a claim for money damages based on Kennedy's breached an Employment Agreement between him and the Plaintiffs' assignor, and 5) a claim seeking a declaratory judgment and injunctive relief from Kennedy's breach of the Settlement Agreement. The paragraphs and counts set forth in the complaint were numbered and arranged in compliance with Connecticut Practice Book Section 10-26.

Defendant appeared by counsel in the Superior Court on or about February 17, 2004. On February 24, 2004, Defendant filed a Notice of Removal pursuant to 28 U.S.C. Section 1441 and removed this action to this Court claiming diversity jurisdiction. By Motion dated February 27, 2004, Defendant sought an extension of time from March 2, 2004 to April 1, 2004 to answer or otherwise respond to the Complaint. Defendant then filed the instant Motion for More Definite Statement dated March 29, 2004.

2

Plaintiffs' complaint sets forth detailed factual allegations of the Plaintiffs' claims against the Defendants. It is clear from Defendant's Memorandum of Law in Support of Motion for More Definite Statement that Defendant understands the specific causes of action that have been asserted against him. (Defendant's Memorandum, pp. 1-2). Plaintiffs submit that Defendant's Motion for More Definite Statement is nothing more that an attempt to delay the filing of a responsive pleading in this matter. Any further delay in the prosecution of this matter is particularly prejudicial to the Plaintiffs, in that the Defendant's conduct alleged in the complaint is continuing and apparently will continue unless enjoined as requested in Count Five of the complaint. For the reasons set forth herein, the Defendant's motion should be denied.

II. **LAW AND ARGUMENT**

    **A. PLAINTIFFS' COMPLAINT IS PLED APPROPRIATELY UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.**

Motions for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure "are generally not favored." Wallett v. Anderson, 198 F.R.D. 20 (D.Conn. 2000). When evaluating a motion for more definite statement under Rule 12(e), the Court must assess the complaint in light of the minimal pleading requirements of Rule 8. Green v. First Reliance Standard Life Insurance Co., 1997 U.S.Dist.LEXIS 6607 (S.D.N.Y. 1997) [copy attached as Exhibit 1]. Rule 8 of the Federal Rules of Civil Procedure provides:

> A pleading which sets forth a claim for relief… shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks.

F.R.C.P. 8(a). A motion for more definite statement "should not be granted…if the complaint complies with Rule 8 of the Federal Rules of Civil Procedure…which does not require technical forms of pleadings." Pullen v. Northstar Presidio Management Co., LLC, 1998 U.S.Dist.LEXIS 15938 (D. Conn. 1998, Eginton, J.) [copy attached as Exhibit 2].

Plaintiffs' complaint clearly sets forth specific factual allegations upon which Plaintiffs base their claims against the Defendant, Kennedy. The Complaint also sets forth specific prayers for relief on each of the five counts of the complaint. The complaint certainly gives Kennedy, the sole defendant, "adequate notice of the claims" against him, which is all that is required by Rule 8. Allstate Insurance Co. v. Seigel, 2004 U.S.Dist.LEXIS 5550 (D. Conn. 2004, Kravitz, J.). [copy attached as Exhibit 3]. A motion for more definite statement is not intended as a substitute for discovery. Id. Any additional information the Defendant needs to defend against the Plaintiffs' claims may be obtained in the discovery process. Since the complaint complies with Rule 8, the motion for more definite statement should be denied.

4

### B. PLAINTIFFS' COMPLAINT IS NOT UNINTELLIGIBLE.

Defendant Kennedy argues that the Complaint is "unintelligible," a claim that Plaintiffs vehemently dispute. Despite Defendant's arguments to the contrary, each of the counts asserted by Plaintiffs against Kennedy set forth a separate cause of action on a separate legal theory. Defendant's reliance on <u>Pavent v. Rand-Whitney Realty Corp.</u>, 1997 WL 527367 (D.Conn.), in support of its motion for more definite statement is misplaced. In <u>Pavent</u>, one count of the complaint set forth a nuisance claim without specifying whether the claim was based on negligent nuisance or absolute nuisance. Since those are two distinct legal claims, and the complaint failed to specify on which of the two theories plaintiff was proceeding, the Court granted a motion for more definite statement to have the plaintiff clarify on what theory he was proceeding. In this case, there is no such confusion caused by any single count of the complaint. Each count contains a separate cause of action based on a distinct legal theory.

Defendant primarily bases its argument that the complaint is unintelligible on the fact that each count of the complaint begins with a numbered paragraph "1" rather than continuous numbers as contemplated by Rule 10(b) of the Federal Rules of Civil Procedure. What Defendant fails to recognize, however, is that Plaintiffs commenced this action in the Connecticut Superior Court where the Connecticut Practice Book governs procedural issues such as the format of the complaint. Section 10-26 of the Connecticut Practice Book provides:

> When separate and distinct causes of action, as distinguished from separate and distinct claims for relief founded on the same cause of action or transaction, are joined, the statement of the second shall be prefaced by the words *Second Count,* and so on for the others; and **the several paragraphs of each count shall be numbered separately beginning in each count with the number one.**

Conn. Practice Book Sec. 10-26 [emphasis added]. Clearly, the format of the complaint, which was returned to the Superior Court, complies with the requirements of Practice Book Section 10-26.

It is the defendant who chose to remove this case to Federal Court, despite the fact that the Settlement Agreement alleged in the complaint provided that any action related to said agreement "shall be commenced in a court of competent jurisdiction within Fairfield County, Connecticut where jurisdiction and venue shall lie unchallenged by either party." (Complaint, Count One, para. 44). It is totally inappropriate for Defendant, who chose to remove this case from state court to federal court, to argue that Plaintiffs should now be required to amend their complaint because its format, while appropriate in state court, is inappropriate under Rule 10(b) of the Federal Rules of Civil Procedure. Defendant's motion is nothing more than a tactic to delay the closing of the pleadings in this action and should be denied.

6

### C. PLAINTIFFS' COMPLAINT PROPERLY IDENTIFIES THE PLAINTIFFS AND ASSERTS CLEAR AND CONCISE CLAIMS AGAINST KENNEDY, THE ONLY DEFENDANT.

Defendant's claim that the complaint is a "shotgun" pleading is equally unconvincing. The cases cited by Defendant to suggest that the complaint is a "shotgun" complaint requiring the granting of a motion for more definite statement are readily distinguishable. For instance, in Caraveo v. Nielsen Media Research, Inc., 2002 WL 530993 (S.D.N.Y.), a motion for more definite statement was granted because the pro se plaintiff's complaint named 25 separate defendants without specifying which of the claims plaintiff was asserting were addressed to each individual defendant. In Caraveo, the complaint did not state which claims were asserted against each defendant, leaving each defendant with insufficient information as to whether to plead to each count.

Here, where Kennedy is the only defendant, there is no possibility of confusion – all of the counts and all of the allegations are asserted against him. As the only defendant, all of the counts of the complaint are directed to him. Since the complaint in the instant action asserts claims against one defendant, Kennedy, and it contains a plain and concise statement of the facts and claims asserted, the motion for more definite statement should be denied.

### D. PLAINTIFFS' COMPLAINT SEPARATES ITS CAUSES OF ACTION INTO DISTINCT COUNTS.

Defendant's final argument is that Count One of the complaint, which asserts a cause of

7

action for intentional interference with contractual relations, improperly combines allegations of two contracts with which the defendant interfered. The complaint does refer to two separate contractual relationships with which defendant Kennedy interfered – the Chenoweth relationship (Count One, para. 8 to 22) and the Linn relationship (Count One, para. 23 to 35). Plaintiffs allege that defendant Kennedy's conduct interfered with both contractual relationships. Plaintiff submits that there is nothing inappropriate about these allegations being contained in a single cause of action alleging tortious interference with contractual relationships.

Connecticut Courts recognize a cause of action for tortious interference with contractual relations. Solomon v. Aberman, 196 Conn. 359, 364, 493 A.2d 193 (1985); Kelley Property Development, Inc. v. Lebanon, 226 Conn. 314, 340 n. 30, 627 A.2d 909 (1993). In order to prevail on a claim for intentional interference with contractual relations, Plaintiffs must plead and prove the following: (1) the existence of a contractual or beneficial relationship; (2) the defendant's knowledge of that relationship; (3) The defendant's intent to interfere with that relationship; (4) that the interference was tortious; and (5) the loss suffered by the plaintiffs was caused by the defendant's tortious conduct. Collum v. Chapin, 40 Conn. App. 449, 452, 671 A.2d 1329 (1996). See also Hart, Nininger & Campbell Associates v. Rogers, 16 Conn. App. 619, 629, 548 A.2d 758 (1988). It is clear that Count One of the complaint sets forth a legally sufficient claim of tortious interference with contractual relations. Defendant has more than

sufficient information within which to respond to this count, and the motion for more definite statement should be denied.

### III. <u>CONCLUSION</u>

For all the foregoing reasons, Defendant's Motion for More Definite Statement should be denied.

                              PLAINTIFFS,

                              BY:_____
                                  Scott M. Harrington/ct02482
                                  DISERIO MARTIN O'CONNOR &
                                        CASTIGLIONI LLP
                                  One Atlantic Street
                                  Stamford, CT 06901
                                  (203)358-0800

h:\lit\smh\22241.memoinooposition.definite.doc

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed, postage prepaid, to the following counsel and parties of record:

Scott R. Lucas, Esq.
Michael Bayonne
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901

Dated: April 20, 2004
       Stamford, CT

                                                _____
                                                Scott M. Harrington/ct02482

Case 3:04-cv-00362-SRU Document 13 Filed 04/21/2004 Page 10 of 10