

# EXHIBIT 1

WALTER GREEN; BURBERRYS (WHOLESALE) LIMITED; and BURBERRYS LIMITED, Plaintiffs, - against - FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY and HIRSCHFELD, STERN, MOYER & ROSS, INC., Defendants.

96 Civ. 6859 (PKL)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1997 U.S. Dist. LEXIS 6607

May 12, 1997, Decided
May 12, 1997, FILED

**DISPOSITION:** [*1] Defendant's motion to dismiss DENIED; and its motions in the alternative DENIED. Plaintiffs' request for leave to replead deemed moot and therefore DENIED.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** For WALTER GREEN, plaintiff: Smith, Steibel, Alexander & Saskor, P.C., New York, NY. For BURBERRYS (WHOLESALE) LIMITED, plaintiff: Smith, Steibel, Alexander & Saskor, P.C., (See above). For BURBERRYS LIMITED, plaintiff: Smith, Steibel, Alexander & Saskor, P.C., (See above).

For FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY, defendant: Bradley J. Mortensen, Christie, Pabarue et al., NY, NY. For HIRSCHFELD, STERN, MOYER & ROSS, INC., defendant: Jack Babchik, Babchik & Mond, New York, NY.

**JUDGES:** Peter K. Leisure, U.S.D.J.

**OPINIONBY:** Peter K. Leisure

**OPINION:**

MEMORANDUM ORDER

LEISURE, District Judge:

The above-captioned action was brought in state court, alleging failure to pay full benefits due and misrepresentation or equitable estoppel in connection with a disability benefits policy. Defendants removed the action to this Court, on the grounds that the suit relates to an "employee welfare benefit plan" as that term is defined under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 [*2] et. seq. (1994). Before the Court is First Reliance's motion to dismiss the complaint for failure to state a claim upon which relief may be granted, on the basis that complete preemption of state statutory and common law claims bars the relief sought. In the alternative, First Reliance moves to strike any claims for compensatory, consequential, or punitive damages, and moves for a more definite statement of plaintiffs' second cause of action. Plaintiffs oppose dismissal and, in the alternative, seek leave to replead. For the reasons stated below, the motion to dismiss is denied, and all of the motions in the alternative are denied.

BACKGROUND

The following facts are taken from the allegations in the complaint, which must, for the purposes of this motion, be taken as true. First Reliance issued a group long-term disability insurance policy (the "Policy") to plaintiff Burberrys Limited ("Burberrys"), for the benefit of employees of Burberrys and its affiliated companies, including plaintiff Burberrys (Wholesale) Limited ("Wholesale"). The Policy was sold to Burberrys by defendant Hirschfeld, Stern, Moyer & Ross, Inc., which was acting as the insurer's agent and which received [*3]

a commission on the sale of the Policy. At the time that Burberrys was considering buying the Policy and at all times thereafter, until approximately April of 1996, defendants represented "that no physical examination or other proof of health" was required of covered employees. Compl. P 25. In reliance on such representations, Burberrys purchased and maintained the Policy, and the covered employees did not submit any proofs of health at the time that they became covered.

Plaintiff Walter Green was employed by Wholesale and was covered by the Policy. The Policy provides for a maximum benefit of $ 10,000 per month after the expiration of an "Elimination Period" of 180 consecutive days of "Total Disability." Compl. P 12. Based on his salary level, Green was entitled to the maximum monthly benefit under the Policy. In or around November of 1995, Green became, and has remained, totally disabled, as that term is defined in the Policy. Instead of paying $ 10,000 per month, First Reliance has paid Green $ 7,500 per month less deductions, on the basis that an employee must have submitted a "proof of health" at the time of joining the Policy in order to be eligible for the maximum benefit of [*4] $ 10,000. Plaintiffs seek payment of $ 2,500 per month for the period starting 180 days after Green became disabled and continuing for the maximum duration of Policy benefits.

**DISCUSSION**

First Reliance seeks dismissal of both of plaintiffs' claims for failure to state a claim upon which relief can be granted, pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure.* In the alternative, defendant moves to strike any claims for forms of damages precluded under ERISA, pursuant to Rule 12(f). n1 Finally, defendant moves in the alternative for a more definite statement of the cause of action, to the extent that plaintiffs state a claim outside the ambit of ERISA, asserted in the second cause of action, pursuant to Rule 12(e). n2

---

n1 Rule 3(d) of the Local Civil Rules of this Court states that the notice of motion for a motion based upon a rule must state the rule upon which the motion is predicated. Neither the notice of motion nor defendant's brief states the rule relied upon, and the Court must surmise that the motion is one under Rule 12(f).

n2 Rule 12(e) appears to be the basis of the motion. The Notice of Motion, Rule 3(d) of the Local Civil Rules of this Court notwithstanding, fails to state the rule upon which this motion is predicated. Defendant's brief states that this motion is "for a More Specific Pleading Under F.R.C.P. 12(b)(1) at [sic] to the Second Cause of Action." Def.'s Mem. Law at 12. Rule 12(b)(1) addresses the defense of lack of subject matter jurisdiction, which does not appear to be the ground of defendant's motion.

[*5]

I. Motion to Dismiss

In deciding a Rule 12(b)(6) motion, the Court must accept as true the material facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. See *Kaluczky v. City of White Plains, 57 F.3d 202, 206 (2d Cir. 1995).* A motion to dismiss cannot be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).* Such a motion is not to be granted even if recovery appears remote and unlikely on the face of the complaint. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996)* (quoting *Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)* (quoting *Scheuer, 416 U.S. at 236),* cert. denied, *136 L. Ed. 2d 14, 117 S. Ct. 50 (1996))* (internal quotation marks omitted).

First Reliance argues that plaintiffs state causes of action arising under state common law, and that such claims are preempted under the [*6] extremely broad preemption doctrine applicable to ERISA. See *29 U.S.C. § 1144(a), (c)(1) (1994)* (providing for preemption of state law claims that "relate to any employee benefit plan" and defining "state law" to include statutes, decisional law, rules, and regulations); *Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 95 L. Ed. 2d 39, 107 S. Ct. 1549 (1987).* Under ERISA's civil enforcement provision, a plan participant beneficiary is limited to seeking: (1) benefits owed under the plan; (2) enforcement of his, her, or its rights under the plan; and (3) declaratory judgments as to rights to future benefits under the plan. See *29 U.S.C. § 1132(a)(1)(B) (1994).* Accordingly, plaintiffs' claims are displaced by ERISA's exclusive remedy under § 1132(a)(1)(B), and should be dismissed.

Plaintiffs' first cause of action seeks payment of benefits that, plaintiffs contend, are due to Green under the Policy: they seek $ 10,000 for each month since the expiration of the 180-day "Elimination Period" for the disability, less the amounts (approximately $ 7,500 per month) already paid during that period. Despite the lack of a citation to § 1132(a)(1)(B), this cause of action can plainly [*7] be recognized as a claim for benefits owed under a plan, pursuant to ERISA's civil enforcement

Page 3
3:04-cv-00353-CDL Document 12 U.S. District 04/21/2004 Page 4 of 5
Case 3:04-cv-00362-MHT-DRB Document 6 Filed 04/15/2004 Page 4 of 5

provision. Therefore the motion to dismiss is denied as to the first claim.

Plaintiffs' second cause of action also appears to state a valid claim under ERISA, on a theory of equitable estoppel. The second claim seeks the same relief as the first, but is brought under a theory that, even if under the Policy the maximum amount of $ 10,000 was in fact only available for employees who submitted a proof of health, defendants should be held to their representations that no proof of health was required because plaintiffs relied upon such representations. As a general matter, ERISA precludes oral modification of a plan's terms, "absent a showing tantamount to proof of fraud." *Moore v. Metropolitan Life Ins. Co.*, 856 F.2d 488, 492 (2d Cir. 1988). However, it is not clear from the face of the complaint whether the alleged representations were oral. Moreover, the Court of Appeals for the Second Circuit has recognized that, under "extraordinary circumstances," principles of estoppel may provide an avenue of recovery under ERISA. See *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993) (citing [*8] *Chambless v. Masters, Mates & Pilots Pension Plan*, 772 F.2d 1032, 1039 (2d Cir. 1985) (suggesting that an equitable estoppel theory would be available under ERISA), cert. denied, *475 U.S. 1012, 89 L. Ed. 2d 304, 106 S. Ct. 1189 (1986))*; see also *Schonholz v. Long Island Jewish Med. Ctr.*, 87 F.3d 72, 78-80 (2d Cir.) (recognizing a promissory estoppel theory), cert. denied, *136 L. Ed. 2d 401, 117 S. Ct. 511 (1996).*

The elements of estoppel include: "(1) material representation, (2) reliance and (3) damage." *Lee*, 991 F.2d at 1009 (citing *Gridley v. Cleveland Pneumatic Co.*, 924 F.2d 1310, 1319 (3d Cir.), cert. denied, *501 U.S. 1232, 115 L. Ed. 2d 1023, 111 S. Ct. 2856 (1991))*. These elements are alleged in the complaint. As to the phrase, "extraordinary circumstances," emphasized in Lee and Chambless, courts in this Circuit have had difficulty in ascertaining the exact nature of this requirement. See, e.g., *James v. New York City Dist. Council of Carpenters' Benefits Funds*, 947 F. Supp. 622, 632 (E.D.N.Y. 1996) (incorporating Ninth, Tenth, and Eleventh Circuit precedents into Lee's "extraordinary circumstances" test to require that an oral representation [*9] must be made "with respect to an ambiguous term in a plan" and thus constitute an interpretation rather than a modification of the plan to state an estoppel claim under ERISA). It is not clear from the face of the complaint as it is now drafted whether any "extraordinary circumstances" existed in this case. However, as previously observed, the question upon a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bernheim*, 79 F.3d at 321. Accordingly, the motion to dismiss is denied as to the second claim as well.

II. Motion to Strike

In the alternative, First Reliance seeks to strike from the pleadings "all causes of action in which plaintiffs seek compensatory, consequential, and punitive damages and/or other damages not permitted by ERISA." Notice of Mot. P 2. Nothing in the complaint appears to state any such claims n3 and accordingly the motion is denied.

> n3 Defendant's brief does not even name a single passage of the complaint that it seeks t strike.

[*10]

III. Motion for a More Definite Statement

Finally, defendant asserts that plaintiffs' second cause of action is vague and ambiguous to the extent that plaintiffs may be seeking relief outside the context of ERISA, and moves in the alternative, pursuant to Rule 12(e), for "a more specific pleading of the actual cause of action" raised. Def.'s Mem. Law at 13. Rule 12(e) allows a party to move for a more definite statement of pleadings that are "so vague or ambiguous that a party cannot reasonably be required to frame a more responsive pleading," and requires that the movant "shall point out the defects complained of and the details desired."

The rule "is designed to remedy unintelligible pleadings, not merely to correct for lack of detail." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992) (emphasis added). It is not intended to provide a mechanism for ascertaining a plaintiff's legal theories, or as a substitute for discovery. See *Bryson v. Bank of New York*, 584 F. Supp. 1306, 1319 (S.D.N.Y. 1984); *Fra, S.p.A. v. Surg-O-Flex of Am., Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976). Finally, in evaluating a Rule 12(e) motion, the court must assess the complaint [*11] in light of the minimal requirements set forth in *Rule 8 of the Federal Rules of Civil Procedure*, which simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See *Tagare v. Nynex Network Systems*, 921 F. Supp. 1146, 1153 (S.D.N.Y. 1996) ("The essence of a complaint is to inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose." (quoting *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) (internal quotation marks omitted)).

First Reliance's motion does not, as required by Rule 12(e), set forth the defect complained of, beyond stating conclusorily that the complaint is "vague and

ambiguous." Furthermore, its allusion to the possibility that "plaintiffs are attempting to assert a cause of action ... outside the context of the interpretation of an ERISA plan," Def.'s Mem. Law at 12, suggests that defendant seeks to ascertain plaintiffs' legal theory under the second cause of action, or is attempting to pin plaintiffs down to a particular legal theory. Such aims are not properly the function of a Rule 12(e) motion. See 5A Wright & Miller, Federal Practice [*12] and Procedure § 1377. The motion in the alternative is therefore denied.

## CONCLUSION

Defendant's motion to dismiss is HEREBY DENIED; and its motions in the alternative are HEREBY DENIED. Plaintiffs' request for leave to replead is deemed moot and is therefore HEREBY DENIED. The parties are directed to appear for a pre-trial conference in Courtroom 18B at 500 Pearl Street on June 13, 1997 at 11:30 a.m.

## SO ORDERED

New York, New York
May 12, 1997

    Peter K. Leisure

    U.S.D.J.