# EXHIBIT 2

Christopher T. Pullen, Plaintiff v. Northstar Presidio Mgmt. Co., LLC, Wexford
Mgmt, LLC, Richard Sabella, I/O. Defendants.

No. 3:98 cv 771 (WWE)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

*1998 U.S. Dist. LEXIS 15938*

September 8, 1998, Decided ˙
September 11, 1998, Filed

**DISPOSITION:** [*1] Defendants' motion to dismiss [doc. # 6] GRANTED as to Count Five, and DENIED as to all other counts. Defendants' motion for a more definite statement [doc. # 6] DENIED.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** For Plaintiff: Alfred J. Smith, Jr., Stamford, CT.

For Defendants: Edward N. Lerner, Stamford, CT.

**JUDGES:** Hon. Warren W. Eginton, Sr. USDJ.

**OPINIONBY:** Warren W. Eginton

**OPINION:**

RULING ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION AND/OR FOR A MORE DEFINITE STATEMENT

Pursuant to *Rules 12 (b)(6) and 12 (e) of the Federal Rules of Civil Procedure*, defendants NorthStar Presidio Management Co., Wexford Management LLC, and Richard Sabella move to dismiss plaintiff's Complaint, or alternatively, for a more definite statement. For the reasons set forth below, the court will grant in part defendants' motion to dismiss, and will deny defendants' motion for a more definite statement.

**I. BACKGROUND**

On April 24, 1998, plaintiff filed a six-count Complaint seeking "back pay and benefits, and

contractual, compensatory and punitive damages arising as a result of Defendants' conduct in breach of contracts with the Plaintiff, and as the result of Defendants' fraud and misrepresentation." [*2] On May 29, 1998, defendants sought, and were granted, an extension of time in which to respond to the Complaint. Defendants thereafter timely filed the motions now before the court. In response, plaintiff submitted a one and one-half page objection which failed to substantively address defendants' motion to dismiss and which directed the court to only one case, which plaintiff cited in name only.

**II. ANALYSIS**

Defendants seek dismissal of all or part of plaintiff's Complaint pursuant to *Fed. R. Civ. P. 12 (b)(6)*, which provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Alternatively, defendants seek a more definite statement pursuant to *Fed. R. Civ. P. 12 (e)*. Because defendants support both motions with essentially the same argument -- that plaintiff's Complaint is "patently deficient" -- the court will address the motions simultaneously, mindful of the different standards for each.

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities,* [*3] *Inc., 748 F.2d 774, 779 (2d Cir. 1984).* When deciding a motion to dismiss, the court must accept all well-plead allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).* Moreover, a complaint should not be dismissed unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

A more definite statement is appropriate if a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Fed. R. Civ. P. 12 (e)*. A motion for a more definite statement should not be granted, however, if the complaint complies with *Rule 8 of the Federal Rules of Civil Procedure*, which requires a mere "short and plain statement of the claim showing that the pleader is entitled to relief," and which does not require technical forms of pleadings. It follows, then, that the aim of Rule 12(e) is to remedy unintelligible pleadings, not to correct for lack of detail. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 [*4] (S.D.N.Y. 1992). Furthermore, because motions for more definite statements tend to create delay and add little that discovery cannot provide, they are generally disfavored. *MTV Networks v. Curry*, 867 F. Supp. 202, 207-08 (S.D.N.Y. 1994); *Textil RV LTDA v. Italuomo,. Inc.*, 1993 U.S. Dist. LEXIS 4663, *6, No. 92 Civ. 526 (PKL)*, 1993 WL 118503 at *2 (S.D.N.Y. April 13, 1993).

In this case, defendants argue that plaintiff's Counts One, Two, Four, and Six fail to adequately plead claims for breach of contract and/or detrimental reliance, and therefore, should be dismissed or re-plead. Specifically, defendants complain that these counts fail to identify the contracts at issue; state whether the contracts are oral, written, or both; summarize the substance of the contracts; specify whether certain promises referred to are part of the contracts; identify what the promises were, when they were made and by whom; identify the parties to the contract; allege plaintiff's performance under the contracts; or allege the performance or occurrence of all conditions precedent to defendants' performance. Defendants further assert that, to the extent that each of these counts is asserted against more than one individual and [*5] asserts separate claims, the claims should be separately plead as to each cause of action and as to each defendant. Finally, defendants are further aware that plaintiff's Complaint is deficient because it fails to specify the capacity in which defendant Sabella is being sued.

Although plaintiff's Complaint lacks the detail defendants seek, it nonetheless complies with the liberal pleading requirements of Rule 8. Accordingly, defendants are not entitled to the relief they seek. For instance, each of these counts adequately alleges a breach of contract claim by pleading the existence of a contract or agreement, the defendants' breach thereof, and damages resulting from the breach. In addition, each count adequately pleads a claim for detrimental reliance,

or promissory estoppel, by alleging a promise, a change in position in reliance on the promise, and resulting injury. See *Chem-Tek, Inc. v. General Motors Corp.*, 816 F. Supp. 123, 131 (D. Conn. 1993). This being the case, the information defendants seek goes beyond what is required by Rule 8, and at any rate, should be readily available to defendants through formal discovery. See *Monaco v. Town of Branford*, 1997 U.S. Dist. LEXIS 21492, No. 3:97cv2113 (AHN), 1997 WL [*6] 821765 at *1 (D. Conn. Dec. 18, 1997); *Caldor, Inc. v. Laser Computers, Inc.*, 1993 U.S. Dist. LEXIS 10706, *4, No. 3:93cv695 (JAC), 1993 WL 298971 at 2 (D. Conn. June 29, 1993) (production of alleged written contract properly reserved for formal discovery); *Textil* at *3 (proponent of breach of contract claim need not provide detailed evidence in support of claim).

In addition, the Federal Rules of Civil Procedure only require a party to parse out his claims into separate counts when each claim is "founded upon a separate transaction or occurrence" and when separation would facilitate "the clear presentation of the matters set forth." *Fed. R. Civ. P. 10 (b)*; *United States v. Iroquois Apartments, Inc.*, 21 F.R.D. 151, 154-55 (E.D.N.Y. 1957). In this case, plaintiff's simultaneously plead claims for breach of contract and detrimental reliance are alleged to have arisen out of the same transactions or occurrences. Moreover, given that the Complaint is already sufficiently clear as to whom is being sued, and on what grounds, it would only serve to cause unnecessary delay to require plaintiff to re-plead each count separately as to each defendant. Finally, the court notes that plaintiff has complied with Fed. [*7] R. Civ. P. 9 (a), which provides that it is "not necessary for a party to aver the capacity of a party . . . to be sued . . . except to the extent required to show the jurisdiction of the court." Accordingly, defendants are not entitled to the dismissal or a more definite statement of Counts One, Two, Four, and Six.

Count Three, which sets out a claim under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), as well as a claim for breach of a Severance Pay Plan, presents a more difficult issue because plaintiff does not specifically allege as to his ERISA claim whether he is suing as a participant, a beneficiary, or a fiduciary of the alleged ERISA plan. It seems fairly clear from the facts alleged throughout the Complaint, however, that plaintiff is suing as a participant. This being defendants' only noteworthy attack on Count Three, the court declines to dismiss or order a more definite statement as to that count. n1

n1 Because defendants do not allege that any of plaintiff's claims are preempted by ERISA, the

court will not entertain such a theory at this time. Defendants do contend that the ERISA claim and the breach of contract claim should be separated into distinct counts. For the reasons already stated, such a separation is not mandated by Rule 10(b), and at any rate, would cause delay without significantly clarifying the Complaint.

[*8]

Finally, the court agrees with defendants that dismissal is required as to Count Five, which attempts to state a claim for fraud. Count Five reads:

> 17. By their actions in entering these contracts and making these assurances to Plaintiff, defendants Sabella, Northstar and Wexford have conspired to misrepresent facts and defraud Plaintiff of severance and other benefits he is entitled to under his contracts, the Wexford Plan and ERISA.

> 18. By refusing to pay Plaintiff the severance and other benefits Plaintiff is entitled to, defendants Sabella, Northstar and Wexford have defrauded Plaintiff.

*Rule 9(b) of the Federal Rules of Civil Procedure* states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." (Emphasis added). The Second Circuit has interpreted Rule 9(b) as requiring allegations of fraud to specify the time, place, speaker, and content of the alleged fraudulent statement. *Luce v. Edelstein, 802 F.2d 49, 54 (2d Cir. 1986).* Moreover, where, as here, the complaint alleges fraud as to more than one defendant, "the complaint should inform each defendant of the nature of his alleged participation [*9] in the fraud." *DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987).*

Plaintiff's Count Five is far too vague to survive defendants' motion to dismiss. Although plaintiff identifies the speakers, he fails to state the time, place, or content of the alleged fraudulent statement or statements. Plaintiff also fails to inform each defendant as to the nature of that defendant's participation in the alleged fraud. Accordingly, plaintiff's Count Five will be dismissed. See *Jeff Isaac Rare Coins, Inc. v. Yaffe, 792 F. Supp. 13, 14-15 (E.D.N.Y. 1992).*

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [doc. # 6] is hereby GRANTED as to Count Five, and DENIED as to all other counts. In addition, Defendants' motion for a more definite statement [doc. # 6] is hereby DENIED.

It is SO ORDERED this 8Th day of September, 1998 at Bridgeport, Connecticut.

Warren W. Eginton,

Senior United States District Judge