UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QUANTUM COMMUNICATIONS CORPORATION, | : | |
| QUANTUM OF AUBURN, LLC, | : | CIVIL ACTION NO. |
| And QUANTUM ACQUISITION, LLC, | : | 3:04 CV 0315 (CFD) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | |
| | : | |
| JOHN F. KENNEDY, | : | |
| | : | APRIL 30, 2004 |
| Defendant. | : | |

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT JOHN F. KENNEDY'S
MOTION FOR MORE DEFINITE STATEMENT

A careful review of plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for More Definite Statement ("Plaintiffs' Memo") reveals that not once in its nine pages of text do plaintiffs ever contradict defendant's argument that Plaintiffs' Memo does not adhere to set precedent, the Federal Rules of Civil Procedure, or the Connecticut Practice Book. In fact, defendant cited over six reported federal court decisions which not only illustrate the merit in defendant's Motion for More Definite Statement, but when viewed together with Federal and State practice procedures, undermine plaintiffs' arguments.

## ARGUMENT

### PLAINTIFFS' COMPLAINT IS UNINTELLIGIBLE AS PROVIDIED BY FEDERAL CASE LAW, THE FEDERAL RULES OF CIVIL PROCEDURE & THE CONNECTICUT PRACTICE BOOK.

The most notable error and disregard for established law in Plaintiffs' Memo is plaintiffs' argument that the format of the Complaint is "appropriate in state court," yet inappropriate in Federal Court, but should nevertheless be accepted in this Court. Plaintiff could not be more incorrect.

First, Rule 12(e) is designed to enable a litigant to answer a complaint and is targeted at "unintelligibility in a pleading, not just a claimed lack of detail." Stanton v. Manufacturers Hanover Trust Co., 388 F.Supp. 1171, 1174 (S.D.N.Y.1975). Federal Rule of Civil Procedure 12(e) reads in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Furthermore, a defendant faced with an unintelligible complaint, which makes it virtually impossible to know which allegations of fact are intended to support which claims of relief, is not expected to frame a responsive pleading; rather, defendant is expected to move the court to require plaintiff to file a more definite statement. Anderson v. District Bd. of Trustees of Cent. Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996) (each count of plaintiff's complaint adopted the allegations of all preceding counts and was therefore deemed unintelligible). (See Defendant's Memorandum In Support of Motion for More Definite Statement P.4.)

2

Connecticut practice is in accord with this reasoning. Connecticut Practice Book §10-35 provides:

> Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading, or (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count, or the separation of two or more grounds of defense improperly combined in one defense, or (4) any other appropriate correction in an adverse party's pleading, the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading.

Thus, as demonstrated below, plaintiffs' Complaint would be subject to revision even under state rules of practice.

In the instant case, plaintiffs' Complaint contains five counts, each count containing its own factual allegations along with *all* the allegations of each preceding count. Therefore, it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. See Complaint; Fed. R. Civ. P. 10(b); Connecticut Practice Book §10-35. Stated otherwise, allegations of fact that may be material to a determination of one count but not any other are nonetheless crammed into one another without *distinction*. As such, the Complaint's format does not comply with Connecticut Practice Book §10-26 as plaintiffs purport. (See Plaintiff's Memo P.6.) Moreover, the cramming of unrelated allegations of fact into each subsequent count results in a complaint in which each count adopts the causes of action of all preceding counts along with counts that inevitably contain superfluous, irrelevant and confusing allegations in direct conflict with Connecticut Practice Book §10-35. (See Defendant's Memorandum In Support of Motion for More Definite Statement P 3-5, 9.)

3

To underscore the confusion, plaintiffs' Complaint fails to properly identify each plaintiff. In this instance, plaintiffs collectively make up three separate entities that are lumped together and referenced as only one despite each entity alleging separate allegations from one another against different parties. (See Defendant's Memorandum In Support of Motion for More Definite Statement P. 6-8.)

Accordingly, given the ambiguity of plaintiffs' Complaint, defendant cannot reasonably be expected to respond.

### *CONCLUSION*

For all of the foregoing reasons, defendant requests that this Court grant his Motion for More Definite Statement and order plaintiffs to amend their Complaint: (1) to comply with the federal pleading requirements set forth in Rule 10(b); (2) to clearly state which plaintiff is asserting allegations against defendant; and (3) to state in separate counts claims founded upon separate transactions.

By_____/S/_____
Scott R. Lucas, Esq. (ct00517)
Michel Bayonne (ct24628)
*Attorneys for defendant*
*John F. Kennedy*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
mbayonne@mlc-law.com

4

### *CERTIFICATE OF SERVICE*

  This is to certify that on this 30th day April 2004, a copy of the foregoing was mailed, first class, postage prepaid, to:

Richard E. Castiglioni, Esq.
Scott M. Harrington, Esq.
Diserio Martin O'Connor & Castiglioni, LLP
One Atlantic Street
Stamford, CT 06901
Phone: (203) 358-0800
Fax: (203) 348-2321
rcastiglioni@dmoc.com

*Counsel for All Plaintiffs:*
*Quantum Communications Corporation*
*Quantum of Auburn, LLC*
*Quantum Acquisition, LLC*

              _____/S/_____
              Scott R. Lucas