

FILED

2004 JUN 16  A 11: 10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QANTUM COMMUNICATIONS CORPORATION; QANTUM OF AUBURN, LLC, QANTUM ACQUISITION COMPANY, LLC, | ) ) ) ) ) | CIVIL ACTION NO. 3:04CV0315 (CFD) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JOHN F. KENNEDY, | ) ) | |
| Defendant. | ) | JUNE 7, 2004 |

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint filed:           2/17/04 (Return Date in CT Superior Court)

                                2/25/04 (Removed to Federal Court)

Date Complaint Served:          1/26/04

Date of Defendant's Appearance: 2/25/04

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and Local Rules of Civil Procedure for the United States District Court for the District of Connecticut, a conference was held on April 28, May 18, and June 4, 2004. The participants were: Scott M. Harrington for the Plaintiffs, QANTUM COMMUNICATIONS CORPORATION, QANTUM OF AUBURN, LLC, and QANTUM ACQUISITION, LLC, and Michel Bayonne for the Defendant, JOHN F. KENNEDY.

I.  **CERTIFICATION**

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.  **JURISDICTION**

A.  **SUBJECT MATTER JURISDICTION**

Plaintiffs originally commenced this action in the Superior Court for the Judicial District of Stamford/Norwalk at Stamford. Defendant removed this action to this Court pursuant to 28 U.S.C. Section 1332(a)(1), claiming jurisdiction pursuant to 28 U.S.C. Section 1441(a) in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. Plaintiffs contend that one of the agreements at issue in the underlying action contained a contractual provision which agreed that any action under the contract "shall be commenced in a Court of competent jurisdiction within Fairfield County, Connecticut, where jurisdiction and venue shall lie unchallenged by either party." Defendant contends that the foregoing provision pertains only to Plaintiff QANTUM OF AUBURN, LLC and only as to the breach of that contract and even then does not admit it is enforceable.

    **B.**    <u>**PERSONAL JURISDICTION**</u>

Plaintiffs submit that there is personal jurisdiction over the Defendant, JOHN F. KENNEDY, pursuant to the aforementioned contractual provision. Defendant does not concede personal jurisdiction is appropriate under any count.

**III.**    <u>**BRIEF DESCRIPTION OF THE CASE**</u>

    **A.**    <u>**CLAIMS OF PLAINTIFFS**</u>

The Defendant, JOHN F. KENNEDY (hereinafter "KENNEDY") is a former employee of the Plaintiffs Assignor, Root Communications Group, L.P. ("Root"), and was subject to an employment agreement with Root dated January 22, 2003. That employment agreement contained, among other things, a non-competition covenant and a non-solicitation covenant. Plaintiffs subsequently acquired Root and received an assignment of Root's rights under the employment agreement between Root and KENNEDY. KENNEDY subsequently terminated his employment with Plaintiffs and the parties executed a document entitled Confidential Settlement Agreement and Release of All Claims on or about August 4, 2003 (the "Agreement."),. Plaintiffs allege that KENNEDY breached the Agreement, and consequently the employment agreement, in various ways, including entering into the employment of a competitor and soliciting two employees of Plaintiffs and/or its assignor to leave the employment of Plaintiffs to work for the competitor.

3

Plaintiffs' Complaint asserts five causes of action against the Defendant: (1) a claim for money damages based on KENNEDY'S intentional interference with the contractual relationships between Plaintiffs and two non-parties; (2) a claim for money damages based on KENNEDY'S fraudulent inducement of Plaintiffs entering into the Agreement; (3) a claim for money damages based on KENNEDY'S breach of the Agreement; and (4) a claim for money damages based on KENNEDY'S breach of the employment agreement; and (5) a claim seeking declaratory judgment and injunctive relief based upon KENNEDY'S breach of the Agreement.

### B. DEFENSES AND COUNTERCLAIMS OF DEFENDANT

Defendant was employed in Alabama and <u>all</u> events associated with this complaint occurred either in that jurisdiction or elsewhere outside of this jurisdiction. This is one of at least four related suits, all but this one has been brought by plaintiffs in Alabama. Defendant has not yet responded to plaintiffs' complaint but instead has sought clarification through the filing of a Motion for a More Definite Statement seeking, inter alia, to clarify the parties alleged to have contracted with each other, the plaintiffs involved in each claim and the actions giving rise to the claims asserted. Accordingly, Defendant is not yet in a position to set fully his defenses and counterclaims or anticipated motion practice.

IV. **STATEMENT OF UNDISPUTED FACTS**

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff, QANTUM COMMUNICATIONS CORPORATION, is a Delaware corporation having its principal place of business in Stamford, Connecticut.

2. Plaintiff, QANTUM OF AUBURN, LLC, is a limited liability company organized under the laws of the State of Delaware.

3. Plaintiff, QANTUM ACQUISITION, LLC, is a limited liability company organized under the laws of the State of Delaware.

4. Defendant, JOHN F. KENNEDY, is an Alabama resident.

V. **CASE MANAGEMENT PLAN**

A. **STANDING ORDER ON SCHEDULING IN CIVIL CASES**

The parties do not request modification of the deadlines in the standing order on scheduling in civil cases as follows:

1. All discovery to be complete by January 31, 2005;

2. Dispositive motions shall be filed by March 2, 2005.

**B.      SCHEDULING CONFERENCE WITH THE COURT**

The parties do not request a Pretrial Conference with the Court before entry of a Scheduling Order pursuant to Federal Rules of Civil Procedure 16(b). If a Conference is held, the parties prefer a conference by telephone.

**C.      EARLY SETTLEMENT CONFERENCE**

The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

      1.   Settlement is unlikely at this time.

      2.   The parties do not request an early settlement conference.

      3.   If a settlement conference is held, the parties prefer a settlement conference with a Magistrate Judge.

      4.   The parties do not request a referral for alternative dispute resolution pursuant Rule 16 of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut.

**D.      JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS.**

      1.   The Plaintiff shall be allowed until fifteen (15) days after the Court's ruling on the Defendant's Motion for More Definite Statement to file Motions to Join Additional Parties and to file Motions to amend the pleadings. The defendant shall respond to the complaint or, if

applicable, the amended complaint, in accordance with the timeframes set forth in the Federal Rules of Civil Procedure.

    E.    **DISCOVERY**.

    1.    The Plaintiffs anticipate that discovery will be needed on the following subjects:

    (a)    Whether Defendant intentionally interfered with Plaintiffs' business and contractual relations.

    (b)    Whether Defendant fraudulently induced Plaintiffs to enter into the Agreement between the parties;

    (c)    Whether Defendant breached the Agreement with Plaintiffs.

    (d)    The Plaintiffs' claims of damages, including, but not limited to, financial information from the competitor with whom the Defendant is now employed, Tiger Communications, Inc. and earnings by Defendant from Tiger Communications, Inc.;

    (e)    Whether Defendant breached an employment agreement with Plaintiffs;

    (f)    Communications between and among the Defendant, Tiger Communications, Inc., Meghan Chenoweth, and Stacey Linn;

    (g)    Any defenses asserted by the Defendant; and

    (h)    Any counterclaims asserted by the Defendant

2. All discovery, including depositions of expert witnesses pursuant to Federal Rules of Civil Procedure 26(b)(4) will be commenced by May 3, 2004 and completed by January 31, 2005.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by January 31, 2005.

5. The parties anticipate that the Plaintiffs will require a total of eight (8) depositions of fact witnesses and that the Defendant shall require a total of eight (8) depositions of fact witnesses.

6. The depositions will commence by May 3, 2004 and be completed by January 31, 2005.

7. The parties will not serve more than twenty-five (25) interrogatories, unless they request and receive leave of the Court to do so.

8. Plaintiffs may call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rules of Civil Procedure by November 1, 2004. Depositions of any such experts will be completed by December 1, 2004.

9. Defendant may call expert witnesses to trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal

Rules of Civil Procedure 26(a)(2) by December 15, 2004. Depositions of such experts will be completed by January 15, 2005.

10. A damage analysis will be provided by any party who has claimed or counterclaimed for damages according to the schedule set for expert witnesses in ¶¶8 and 9 above.

### F.   DISPOSITIVE MOTIONS

Dispositive motions will be filed on or before March 2, 2005.

### G.   JOINT TRIAL MEMORANDUM

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 16, 2005, or within thirty (30) days after a ruling is issued on any dispositive motions, whichever date is later.

### VI.   TRIAL READINESS.

The case will be ready for trial by June 15, 2005, or within sixty (60) days after a ruling on any dispositive motions, whichever is later.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive termination of the action.

THE PLAINTIFFS,

BY: _____
Scott M. Harrington/ct02482
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP
One Atlantic Street
Stamford, CT 06901
(203)358-0800

Dated: 6/7/04
      Stamford, CT

THE DEFENDANT,

BY: _____
Michel Bayonne/ct24628
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
(203) 973-5200

Dated: 6/7/04
      Stamford, CT

10

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed, postage prepaid, to the following counsel and parties of record:

Scott R. Lucas, Esq.
Michel Bayonne, Esq.
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901

Dated: June 15, 2004
    Stamford, CT

_____
Scott M. Harrington/ct02482

H:\LIT\SMH\22241.Report of Parties.final.doc

11