UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **QUANTUM COMMUNICATIONS CORPORATION, QUANTUM OF AUBURN, LLC, AND QUANTUM ACQUISITION, LLC,** | : : : : : | CIVIL ACTION NO. 3:04 CV 0315 (CFD) |
| Plaintiffs, | : : | |
| V. | : : | |
| **JOHN F. KENNEDY,** | : : | SEPTEMBER 7, 2004 |
| Defendant. | : | |

**DEFENDANT JOHN F. KENNEDY'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS**

*INTRODUCTION*

Defendant John F. Kennedy ("Kennedy") respectfully submits this memorandum of law in support of his motion to dismiss the Second Count of plaintiffs Quantum Communications Corporation, Quantum of Auburn, LLC and Quantum Acquisition, LLC's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7 of the Local Rules of the United States District Court for the District of Connecticut.

Plaintiffs commenced this action on January 28, 2004, by filing a five count Complaint against defendant Kennedy in the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford. Kennedy removed the action to this Court on February 25, 2004. Kennedy now seeks to dismiss the Second Count of the Complaint, fraud in the inducement. As set forth more fully below, plaintiffs have failed to plead this count with

particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Accordingly, it should be dismissed.

## *FACTS*

In January 2003, Kennedy entered into an Employment Agreement ("Employment Agreement") with Root Communications Group, L.P. ("Root"). (Compl. ¶36). The Employment Agreement contains a covenant not to solicit which states as follows:

> Employee covenants that, during the Restrictive Period,[1] Employee will not knowingly, directly or indirectly, without the consent of Root (i) employ or retain as an independent contractor any Person who, at any time during the twelve-month period ending on the date of termination of the Employee's employment with Root, was employed or retained by Root, or (ii) solicit such Person to terminate such Person's employment or retention by Root for the purpose of becoming employed or retained by Employee or any other Person to perform the same or similar services related to the activities that such Person performed for Root or their successors or assigns.

(Compl. ¶38.)

On July 2, 2003, plaintiffs purchased 100% of the limited partnership interests of Root. (Compl. ¶39.) As part of the sale, Root assigned its rights and liabilities to plaintiffs, including the Employment Agreement. (Compl. ¶39.)

In August 2003, Kennedy resigned from his position with plaintiffs after an investigation into his conduct while employed with both Root and plaintiffs. (Compl. ¶40.) Incident to his resignation, Kennedy and plaintiffs entered into a Settlement Agreement ("Settlement Agreement"). (Compl. ¶41.) Pursuant to the Settlement Agreement, plaintiffs agreed to waive the covenant not to compete contained in the Employment Agreement. (Compl. ¶ 43.) Plaintiffs allege that the Settlement Agreement did not affect any other provisions of the Employment

---

[1] The Restrictive Period is defined as a period of one year following termination of employment.

2

Agreement, including the non-solicitation clause, all of which remained in full force and effect. (Compl. ¶43.) Following his resignation, Kennedy accepted a position with Tiger Communications ("Tiger"). (Compl. ¶45.)

Meghan Chenoweth ("Chenoweth") and Stacey Linn ("Linn") were employed by plaintiffs as salespersons. (Compl. ¶¶14, 23, 24.) Chenoweth and Linn ultimately resigned from plaintiffs' employ to accept positions with Tiger. (Compl ¶46.) Plaintiffs allege "upon information and belief" that Kennedy and Tiger actively solicited Chenoweth and Linn to resign their employment with plaintiffs and accept employment with Tiger. (Compl. ¶47.) Plaintiffs maintain that Kennedy's alleged actions were in violation of the non-solicitation clause contained in the Employment Agreement and constitute a material breach of both the Employment Agreement and the Settlement Agreement. (Compl. ¶48.) Plaintiffs further allege that Kennedy executed the Settlement Agreement knowing that the non-solicitation clause contained in the Employment Agreement continued to be enforceable. (Compl. ¶54.) Plaintiffs further aver that they relied upon Kennedy's representations that certain provisions of the Employment Agreement would remain in full force and effect when entering into the Settlement Agreement. (Compl. ¶56.) Plaintiffs maintain that by concealing his intent to violate the non-solicitation clause of the Employment Agreement after the execution of the Settlement Agreement, Kennedy fraudulently induced them to enter into the Settlement Agreement and that as a result, they have been damaged. (Compl. ¶¶56, 57.)

3

## ARGUMENT

**A. STANDARD OF REVIEW.**

In assessing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the plaintiff, under any possible theory, has a valid claim upon which relief can be granted. Steiner v. Shawmut Nat'l Corp., 766 F. Supp. 1236, 1241 (D. Conn.1991). The legal standards governing the court's consideration of a Rule 12(b)(6) motion to dismiss are clear. The court must accept as true the well-pleaded facts of the complaint and may not dismiss the action unless the court is convinced that the plaintiff can prove no set of facts which would entitle him to relief. See Romanella v. Hayward, 933 F. Supp. 163, 165 (D. Conn. 1996); see also Dahlberg v. Becker, 748 F.2d 85, 88 (2d Cir.1984), cert. denied, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985).

A motion to dismiss tests the legal feasibility of the complaint. Ryder Energy Distrib. Corp. v. Merrill Lynch Commodity, Inc., 748 F.2d 774, 779 (2d Cir. 1984). In ruling on a motion to dismiss, the court must not only accept all well-pleaded allegations as true, but must also draw all reasonable inferences in favor of the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court need not, however, defer to legal conclusions asserted in the complaint. See United States v. Buonnano Organized Crime Family, 879 F.2d 20, 27 (2d Cir. 1989); McCoy v. Goldberg, 748 F. Supp. 146, 153 (S.D.N.Y. 1990). A motion to dismiss addresses "not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 789 (D. Conn. 1990).

As set forth below, even assuming the allegations contained in the Complaint are true, plaintiffs have still failed to sufficiently state a claim for fraud in the inducement.

### B. PLAINTIFFS FAIL TO PLEAD FRAUD WITH SUFFICIENT PARTICULARITY.

In order to state a claim for fraud, plaintiffs must plead: (1) the representation of a material fact; (2) falsity; (3) intent to deceive; (4) reliance; and (5) injury. Hargrave v. Oki Nursery, Inc., 636 F.2d 897, 899 (2d Cir.1980). While notice pleading in federal court is sufficient in most instances, Rule 9(b) of the Federal Rules of Civil Procedure sets forth a stricter pleading requirement for fraudulent conduct. See Burke v. Dowling, 944 F. Supp. 1036, 1056 (E.D.N.Y. 1995) (stating that Rule 9(b) is an exception to the general policy of the federal rules which require plaintiffs only to set forth "a short and plain statement" of a claim sufficient to give the opposing party notice). Rule 9(b) states that: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Only malice, intent, knowledge and other conditions of mind of a person may be averred generally. Fed. R. Civ. P. 9(b). Courts have held that in order to sufficiently state a claim for fraud in accordance with Rule 9(b), the Complaint must, at a minimum: "(1) specify the statements that they contend were fraudulent; (2) identify the speaker; (3) state where and when the statements were made and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) (citing Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989)); see also Ouaknine v. MacFarlane, 897 F.2d 75 (2d Cir. 1990); Ross v. Bolton, 904 F.2d 819, 823 (2d Cir.1990); Better Benefits, Inc. v. Protective Life Insur. Co., No. 03 Civ. 2820, 2004 WL 633730, at *3 (S.D.N.Y. Mar. 30, 2004) ("Plaintiffs must clearly state the exact

5

nature of the fraudulent representations at issue in this case to satisfy 9(b).") (attached as Exhibit A). Plaintiffs have failed to comply with this requirement.

Plaintiffs allege that: "Quantum reasonably relied upon Kennedy's representations that certain provisions of the Employment Agreement, including the Non-Solicitation Agreement, would remain in full force and effect." (Compl. ¶56.) Plaintiffs do not specify what statements were made by Kennedy, where and when they were made, or why they are fraudulent. This, without more, will not suffice to maintain a cause of action for fraud. See Better Benefits, Inc. v. Protective Life Insur. Co., No. 03 Civ. 2820, 2004 WL 633730, at *3 (S.D.N.Y. Mar. 30, 2004) (dismissing a claim of fraudulent inducement for failing to meet the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure where plaintiff only alleged that defendant made "representations" that induced Plaintiffs to enter into the Settlement Agreement, and failed to provide the requisite who, when or where and did not allege reliance on specific statements) (attached as Ex. A); see also Zucker v. Katz, 836 F. Supp. 137, 152 (S.D.N.Y. 1993) (finding that the Complaint must be dismissed for failure to meet the specificity requirements of Rule 9(b) where the allegations of fraud consisted of references to defendant's unspecified fraudulent representations that he would enter into an agreement and that he never intended to perform the Agreement).

In addition, although Rule 9(b) permits the intent requirement to be pleaded generally, plaintiff must still plead facts which give rise to a "strong inference" of intent to deceive or defraud. The requisite "strong inference" may be established "either (a) by alleging facts to show that the Defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Shields

6

v. Citytrust Bancorp., 25 F. 3d 1124, 1128 (2d Cir. 1994); see also Burke v. Dowling, 944 F. Supp. 1036, 1056 (E.D.N.Y. 1995); Wexner v. First Manhattan Co., 902 F.2d 169, 172 (2d Cir.1990). Once again, plaintiffs have not met their burden as facts which give rise to a strong inference of intent to deceive or defraud are conspicuously absent from the Complaint.

Plaintiffs have alleged no facts that demonstrate motive or opportunity to commit fraud. They have also failed to allege facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness. The sole allegation pertaining to Kennedy's intent to deceive plaintiffs is that Kennedy concealed his intent to violate the terms of the Non-Solicitation Agreement. (Compl. ¶55.) This conclusory allegation does not establish the strong inference of intent to deceive required by Rule 9(b). See Shields v. Citytrust Bancorp., Inc., 25 F.3d 1124, 1129 (2d Cir. 1994) (stating that conclusory allegations such as "knew but concealed" do not satisfy the pleading requirements of Rule 9(b)); see also Dunlop-McCullen v. Local 1-S RWDSU-AFL-CIO, 1994 WL 478495, at *4 (S.D.N.Y 1994) (conclusory allegations of fraud contained in complaint failed to establish either a sufficient factual basis to give defendants fair notice of the nature of plaintiff's fraud claim or a factual basis from which fraudulent intent may be inferred) (attached as Exhibit B).

Plaintiffs will likely argue that they have plead circumstantial evidence of conscious misbehavior in that they have alleged that Kennedy knew that the non-solicitation clause was still enforceable yet proceeded to solicit plaintiffs' employees anyway. But plaintiffs' allegation that Kennedy actively solicited Chenoweth and Linn to resign their employment with plaintiffs and accept employment with Tiger was made "upon information and belief." (Compl. ¶47.) Allegations "upon information and belief" are insufficient to support a claim for fraud because

7

they do not identify with particularity the facts upon which the belief is founded. <u>Stern v. General Elec. Co.</u>, 924, F.2d 472, 477 (2d Cir. 1991); <u>see</u> also <u>DiVittorio v. Equidyne Extractive Indus., Inc.</u>, 822 F. 2d 1242, 1247 (2d Cir. 1987) (providing that, where fraud allegations are made on information and belief, they "must be accompanied by a statement of the facts upon which the belief is based."). Therefore, the Complaint contains no strong inference of intent to deceive or defraud, and plaintiffs' count of fraud in the inducement fails as pled.

It is clear that the Second Count of the Complaint is nothing more than a half-hearted attempt by plaintiffs to convert what is essentially a breach of contract action into an action for fraud. A breach of contract action, without more, cannot be converted into a fraud claim. <u>Rocco v. Painewebber, Inc.</u>, 739 F. Supp. 83, 85 (D. Conn. 1990); <u>see</u> also <u>Zucker v. Katz</u>, 836 F. Supp. 137, 152 (S.D.N.Y. 1993) ("A contract action may not be converted into one for fraud by the mere additional allegations that the contracting party did not intend to meet his contractual obligation."). Accordingly, the second count must be dismissed.

### ***CONCLUSION***

Wherefore, for all of the foregoing reasons, Kennedy respectfully requests that the Court grant his Motion to Dismiss the Second Count of plaintiff's Complaint.

By_____/S/_____
    Claire E. Ryan, Esq. (ct22145)
    Scott R. Lucas, Esq. (ct00517)
    *Attorneys for defendant John F. Kennedy*
    MARTIN, LUCAS & CHIOFFI, LLP
    177 Broad Street
    Stamford, CT 06901
    Phone: (203) 973-5200
    Fax: (203) 973-5250
    cryan@mlc-law.com
    slucas@mlc-law.com

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of September 2004, a copy of the foregoing was mailed, first class, postage prepaid, to:

>Richard E. Castiglioni, Esq.
>Diserio Martin O'Connor & Castiglioni, LLP
>One Atlantic Street
>Stamford, CT 06901-2427

_____/S/_____
Claire E. Ryan

Case 3:04-cv-01023-MRK Document 23 Filed 09/07/2004 Page 9 of 9