# EXHIBIT
# A

**Westlaw.**

Slip Copy
2004 WL 633730 (S.D.N.Y.)
**(Cite as: 2004 WL 633730 (S.D.N.Y.))**

Page 1

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.

BETTER BENEFITS, INC. and Leafre Reinsurance
Company, Plaintiffs,
v.
PROTECTIVE LIFE INSURANCE COMPANY,
Protective Life and Annuity Insurance
Company, and Fortis Benefits Insurance Company,
Defendants.

**No. 03 Civ. 2820(LAP).**

March 30, 2004.

*ORDER*

PRESKA, J.

*1 On March 19, 2003, plaintiffs Better Benefits, Inc. ("BBI") and LeafRe Reinsurance Company (collectively "Plaintiffs") filed a complaint alleging breach of contract, fraudulent inducement, conversion, and breach of fiduciary duty against defendants Protective Life Insurance Company ("PLICO") and Protective Life and Annuity Insurance Company ("PLAIC") (collectively "Protective Life"), and alleging conversion, aiding and abetting breach of fiduciary duty, and tortious interference with contractual relations against defendant Fortis Benefits Insurance Company ("Fortis"). On July 2, 2003, Protective Life moved to dismiss Plaintiffs' fraudulent inducement, conversion and breach of fiduciary duty claims alleging that Plaintiffs' claims sound in contract, not tort. Protective Life also moved to dismiss Plaintiffs' claim for attorney's fees. On June 6, 2003, Fortis moved to dismiss the Complaint as against Fortis and/or stay the action pending arbitration.

*I. Protective Life*

Plaintiffs' claims arise out of a Settlement Agreement entered into between BBI/LeafRe and

Protective Life in December 2001 to resolve a prior dispute (the "Settlement Agreement"). The Settlement Agreement provided that, following the sale of Protective Life's dental insurance business to Fortis, Protective Life would provide a final accounting for all remaining profit share and commissions due BBI and LeafRe under a Joint Marketing Agreement and a Reinsurance Agreement, which were terminated upon the sale. The Settlement Agreement also provided that Protective Life would return LeafRe's Deposit Fund upon termination of the Reinsurance Agreement, as well as pay certain commissions and profit share payments owed to Plaintiffs. Protective Life paid Plaintiffs $3 million as part of the Settlement Agreement, but Plaintiffs allege that Protective Life and Fortis have conspired to deny Plaintiffs additional commissions and profit share payments on accounts now owned by Fortis, and that the Defendants have not, and never intended, to return LeafRe's deposit fund.

Under Illinois's "economic loss" doctrine, recovery for purely economic loss is more appropriately governed by contract than tort principles. [FN1] *Morrow v. L.A. Goldschmidt Assocs., Inc.*, 492 N .E.2d 181, 184 (Ill.1986); *Aaron Transfer and Storage, Inc. v. Bekins Van Lines, Inc.*, 2002 U.S. Dist. LEXIS 21789, at *3-4 (N.D.Ill. Nov. 8, 2002). Tort law is not intended to compensate parties for monetary losses suffered as a result of duties which are owed to them simply as a result of a contract. *Prime Leasing, Inc. v. Kendig*, 773 N.E.2d 84, 94 (N.D.Ill.2002). "[T]here must be noneconomic loss above and beyond disappointed expectations in order to state a cause of action in tort." *Sorkin v. Blackman, Kallick and Co.*, 540 N.E.2d 999, 1002 (Ill.App.Ct.1989) (internal quotations omitted). "A plaintiff seeking to recover purely economic losses due to defeated expectations of a commercial bargain cannot recover in tort, regardless of the plaintiff's inability to recover under an action in contract." *Anderson Elec., Inc. v. Ledbetter Erection Corp.*, 503 N.E.2d 246, 249 (Ill.1986).

FN1. The parties seem to agree that Illinois law applies to this action.

*i. Conversion*

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                          Page 2
2004 WL 633730 (S.D.N.Y.)
**(Cite as: 2004 WL 633730 (S.D.N.Y.))**

*2 Plaintiff cannot bring an action for conversion of the deposit funds and reserve monies because, by its own admission, the funds it seeks to recover are owed to Plaintiffs in satisfaction of Protective Life's obligation under the Settlement Agreement. "A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects." _Anderson,_ 503 N .E.2d at 248. Plaintiff clearly states that "[t]he Settlement Agreement ... provided or confirmed that PLICO would ... release and remit to LeafRe all the so-called LeafRe deposit funds and reserve monies that had been held by PLICO pursuant to the Reinsurance Agreement." Compl. at ¶ 19. Moreover, Plaintiffs' specific allegation is that the Defendants have "converted and stolen LeafRe's deposit funds and reserve monies that were held in trust by PLICO and PLAICO and which were to have been delivered to LeafRe _pursuant to the parties [sic] underlying Reinsurance Agreements and the Settlement Agreement."_ Compl. at ¶ 49 (emphasis added). If plaintiff chooses to seek these funds it may do so under a breach of contract action. Accordingly, Protective Life's motion to dismiss conversion is granted.

### ii. Fraudulent Inducement

Fraudulent inducement is a form of common law fraud, but a plaintiff may recover in tort for economic losses caused by fraudulent representations under Illinois law. _Firstar Bank, N.A. v. Faul,_ 2001 U.S. Dist. LEXIS 21294, at * 6 (N.D.Ill.Dec. 20, 2001); _Cumis Ins. Soc., Inc. v. Peters,_ 983 F.Supp. 787, 792 (N .D. Ill.1997). To state a cause of action for common law fraud, a plaintiff must plead: 1) a false statement of material fact was made; 2) knowledge or belief by the maker that the statement was false; 3) an intention to induce plaintiff to act; 4) reasonable reliance upon the truth of the statement by the plaintiff; and 5) damage to the plaintiff resulting from this reliance. _Lagen v. The Balcor Co.,_ 653 N.E.2d 968, 972 (Ill.App.Ct.1995). "The facts which constitute an alleged fraud must be plead with specificity and particularity, including what representations were made, when they were made, who made the representations and to whom they were made." _Prime Leasing,,_ 773 N.E.2d at 92 (internal quotations omitted); _see Cumis,_ 983 F.Supp. at 792 (stating the Seventh Circuit has repeatedly required plaintiff to plead in detail the "who, what, when, where, and how of the circumstances constituting the fraud"). Further, to establish fraud, the plaintiff must prove that the defendant misrepresented an existing or past fact; a promise to do something in the future is insufficient to establish fraud. _Sorkin,_ 540 N.E.2d

at 1004; _Firstar,_ 2001 U.S. Dist. LEXIS 21294, at *7; _Prime Leasing,_ 773 N.E.2d at 92 ("[t]he general rule denies recovery for fraud based on a false representation of intention or future conduct"). An exception to the general rule exists where the false promise or representation of future conduct is alleged to be a scheme employed by defendant to accomplish the fraud. _Sorkin,_ 540 N.E.2d at 1004; _Prime Leasing,_ 773 N.E.2d at 92.

*3 Plaintiff has not satisfied the pleading requirements of 9(b). Plaintiff simply alleges that Protective Life made "representations" that induced Plaintiffs to enter into the Settlement Agreement. Compl. at ¶ ¶ 42, 45. Plaintiffs do not provide the requisite who, when, or where, nor do they allege reliance on specific statements. Plaintiffs must clearly state the exact nature of the fraudulent representations at issue in this case to satisfy 9(b). Moreover, Plaintiffs premise their claim on defendant's _promise_ to honor the terms of the Settlement Agreement (Compl. at ¶ ¶ 19, 21, 42), despite the fact that Illinois does not recognize a cause of action for fraud based on a false representation of intention of future conduct. Even though Plaintiffs' claim Defendants never intended to honor the Settlement Agreement (Compl. at ¶ 43), "a false promise of future conduct with no current intent to fulfill that promise will not constitute fraud" unless the false statements were part of a scheme. _Prime Leasing,_ 773 N.E.2d at 92. Plaintiff does not allege such a scheme. Accordingly, Protective Life's motion to dismiss the claim of fraudulent inducement is granted.

### iii. Fiduciary Duty

Claims for breach of fiduciary duty are also not barred by the economic loss doctrine because such claims are rooted in the substantive laws of agency, contract and equity, rather than tort. _Aaron Transfer,_ 2002 U.S. Dist. LEXIS 21789, at *5-6. Nonetheless, "a necessary precursor to fiduciary liability is the existence of a fiduciary relationship." _Lagen,_ 653 N.E.2d at 975. The existence of such a fiduciary duty depends on the facts of a particular relationship. _Olshansky v. Sutton,_ 2001 U.S. Dist. LEXIS 945, at *14 (S.D.N.Y. Feb. 6, 2001). "Usually, therefore, a claim alleging the existence of a fiduciary duty is not subject to dismissal in a 12(b)(6) motion, given the generous pleading standard established in Fed.R.Civ.P. 8." _Id._ at 14.

Plaintiff has the burden of proving the existence of a fiduciary relationship. _See Lagen,_ 653 N.E.2d at 975.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2004 WL 633730 (S.D.N.Y.)
(Cite as: 2004 WL 633730 (S.D.N.Y.))

Page 3

"A fiduciary relationship ... may arise as a result of special circumstances of the parties' relationship, where one party places trust in another so that the latter gains superiority and influence over the former." *Prime Leasing, 773 N.E.2d at 96*. Superiority and influence must be substantial. *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.,* 2002 U.S. Dist. LEXIS 16002, at *22 (N.D.Ill. Jul. 8, 2002). "The essence of a fiduciary relationship is that one party was dominated by the other. Indeed, in the absence of dominance and influence there is no fiduciary relationship regardless of the level of trust between the parties." *Lagen, 653 N.E.2d at 975*. "[T]he fact that one party trusts the other is insufficient to create a fiduciary relationship." *Cumis, 983 F.Supp. at 796*. "A slightly dominant business position does not operate to turn a formal contractual relationship into a confidential or fiduciary relationship." *Lagen, 653 N.E.2d at 975*.

*4 Plaintiffs' complaint contains only conclusory allegations concerning Protective Life's alleged fiduciary duty. *See* Compl. at ¶¶ 22, 23, 52. Parties to a contract do not owe a fiduciary duty to one another solely by virtue of a contract. *Cumis, 983 F.Supp. at 796*. Plaintiffs' complaint alleges no specific facts supporting an assertion of trust, confidence, superior knowledge, influence, or dominance. On the contrary, Plaintiffs themselves are businessmen. Plaintiffs' only premise for claiming the existence of a fiduciary relationship is the assertion that Protective Life held deposit funds and reserve monies under Reinsurance Agreements, obligating Protective Life to maintain reserve funds that would be returned to Plaintiffs upon termination. Plaintiffs allege that Protective Life and Plaintiffs were thus in the same position as a bank with respect to a depositor, and "that the deposit funds were not disbursed to them as required by the Settlement Agreement, which is the breach." Pl. Br. at 8. These assertions do not serve to morph Protective Life into a fiduciary. The "holding funds" cases Plaintiffs cite (Pl. Br. at 7) recognize a fiduciary relationship in the context of a formal escrow agreement, a situation far different from the one at bar where the Settlement Agreement controlled disbursement of funds and commissions and where Plaintiffs were represented by counsel. *See Fidelity,* 2002 U.S. Dist. LEXIS 16002, at *21- 22. Accordingly, Protective Life's motion to dismiss the claim of breach of fiduciary duty is granted.

*iv. Atty Fees*

Plaintiffs do not appear to dispute that attorney's fees cannot be awarded in this matter.

*II. Fortis*

Plaintiffs have brought claims against Fortis for 1) conversion; 2) aiding and abetting Protective Life in the breach of its alleged fiduciary duty to Plaintiffs; 3) intentional interference with contractual relationships; and 4) inducing Protective Life to refuse or fail to pay certain profit share monies and/or commissions that Protective Life allegedly owed Plaintiffs. Pl. Br. in Opp. to Fortis at 2-3. As an initial matter, because this Court has found that no fiduciary relationship existed between Protective Life and Plaintiffs, Plaintiffs' claim for aiding and abetting breach of fiduciary duty must fail. Accordingly, Fortis' motion to dismiss the claim of aiding an abetting breach of fiduciary duty is granted.

As to Plaintiffs' three remaining claims, they are governed by the July 2, 2002 Arbitration Agreement between Plaintiffs and Fortis ("Arbitration Agreement"), which provides that any dispute arising out of or relating to the dealings between the parties in connection with the Arbitration Agreement shall be settled by arbitration, including without limitation any claim of violation of law, tort of any kind and breach of any contractual or other obligation. Arbitration Agreement at p. 6-7. Indeed, Plaintiffs themselves delivered a Demand for Arbitration pursuant to the Arbitration Agreement which covered the very claims set forth in the Complaint against Fortis. *See* Demand for Arbitration at ¶¶ 3, 4. Thus, Plaintiffs recognize both the validity and scope of the Arbitration Agreement--in that the claims and factual allegations asserted in the Complaint are identical or similar to those pending in the arbitration. *See General Media, Inc. v. Shooker,* 1998 U.S. Dist. LEXIS 10880, at *29-30 (S.D.N.Y. Jul. 16, 1998). Plaintiff has therefore failed to demonstrate that the claims asserted against Fortis in this action are not covered by the Arbitration Agreement. *See Green Tree Fin. Corp.-Ala v. Randolph, 531 U.S. 79, 91 (2000)* (stating that the "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration").

*5 Given the strong federal policy favoring arbitration agreements and the broad reading mandated by the Supreme Court (see *Green Tree, 531 U.S. at 91- 92; Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co., 460 U.S. 1, 24-25 (1983)*) and Second Circuit (see *U.S. Titan Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 146 (2d.*

Cir.2001); *Hartford Accident and Indem. Co. v. Swiss Reinsurance America, Co.,* 246 F.3d 219, 226 (2d Cir.2001)), Plaintiffs' claims must be said to fall within the purview of a valid arbitration agreement and be dismissed in favor of arbitration. *See Oldroyd v. Elmira Sav. Bank,* 134 F.3d 72, 76-77 (2d Cir.1998) (stating a "prototypical" arbitration agreement, which covered " '[a]ny dispute, controversy or claim arising under or in connection with" ' an employment agreement, was broad and justified a presumption of arbitrability); *ACE Capital Re Overseas Ltd. v. Central United Life Ins. Co.,* 307 F.3d 24, 29 (2d Cir.2002); *see also Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218 (1985). Accordingly, Plaintiffs' claims against Fortis are dismissed in favor of arbitration.

*Conclusion*

For the reasons set forth above:

1) Protective Life's motion to dismiss Plaintiffs' conversion, fraudulent inducement and breach of fiduciary duty claims is granted; 2) Protective Life's motion to dismiss Plaintiffs' claim for attorney's fees is granted; and 3) Fortis' motion to dismiss Plaintiffs' conversion, aiding and abetting breach of fiduciary duty, intentional interference with contractual relationships, and inducing Protective Life to refuse or fail to pay certain profit share monies and/or commissions claims in favor of arbitration is granted.

Counsel shall confer and inform the Court by letter no later than April 15 how they wish to proceed.

SO ORDERED

2004 WL 633730 (S.D.N.Y.)

Motions, Pleadings and Filings (Back to top)

•            1:03CV02820 _____ (Docket) (Apr. 23, 2003)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.