# EXHIBIT B

Westlaw.

Not Reported in F.Supp.
1994 WL 478495 (S.D.N.Y.)
(Cite as: 1994 WL 478495 (S.D.N.Y.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

James DUNLOP-MCCULLEN, Plaintiff,
v.
LOCAL 1-S RWDSU-AFL-CIO, Joseph Pascarella, Margaret Samuels, Gwendolyn
Parkham, RWDSU-AFL-CIO, and Lenore Miller, Defendants.

No. 94 Civ. 1254 (JSM).

Sept. 1, 1994.

James Dunlop-McCullen, pro se.

Malcolm Goldstein, O'Donnell, Schwartz, Glanstein & Rosen, New York City.

Jon Quint, Mound, Cotton & Wollan, New York City.

MEMORANDUM OPINION AND ORDER

MARTIN, District Judge:

*1 Plaintiff James Dunlop-McCullen filed this pro se action against defendants Local 1-S of the Retail Wholesale and Department Store Union ("Local 1-S"), Joseph Pascarella, the President of Local 1-S, Margaret Samuels, the Executive Vice President of Local 1-S, and Gwendolyn Parkham, the business manager of Local 1-S (collectively, "the Local Defendants"), as well as the Retail Wholesale and Department Store Union AFL-CIO ("RWDSU"), and its President, Lenore Miller (collectively, "the International Defendants"). The action is presently before the Court on defendants' motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e). Defendants' motion is granted in part and denied in part.

A motion for a more definite statement may be granted if "a pleading ... is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading ..." Fed.R.Civ.P. 12(e). Motions pursuant to Rule 12(e) are disfavored and should not be granted "unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Bower v. Weisman, 639 F.Supp. 532, 538 (S.D.N.Y.1986) (internal quotations omitted).

Under the modern rules of civil procedure, the purpose of the complaint is to "inform the defendant of the general nature of the action and as to the incident out of which a cause of action arose." Bower v. Weisman, 639 F.Supp. at 538. See also Conley v. Gibson, 355 U.S. 41, 47-48, 78 S.Ct. 99, 102-03 (1957). Accordingly, Rule 12(e) is designed to remedy unintelligible pleadings, not to correct for lack of detail. Kelly v. L.L. Cool J., 145 F.R.D. 32, 35 (S.D.N.Y.1992), aff'd, 23 F.3d 398 (2d Cir.1994). As long as the defendants have notice of the general nature of the claims against them, "[t]he preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings." Boothe v. TRW Credit Data, 523 F.Supp. 631, 635 (S.D.N.Y.1981). Especially in cases in which the plaintiff is proceeding pro se, "[t]he pleadings should be liberally construed so as to do substantial justice and facilitate a proper decision on the merits." Boothe, 523 F.Supp. at 635 (quoting Roberts v. Acres, 495 F.2d 57, 57-58 (7th Cir.1974)). See also Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972) (Pro se pleadings are held to even "less stringent standards than formal pleadings drafted by lawyers.").

Bearing these standards in mind, the Court will address defendants' objections to the complaint. While the Court agrees that plaintiff's complaint is not a model of clarity and is technically in violation of Fed.R.Civ.P. 10(b), [FN1] the Court concludes that most of defendants' objections do not warrant requiring plaintiff to submit a more definite statement.

*Separate Numbered Paragraphs*

As a preliminary matter, the Court rejects the argument made by the International Defendants that it is impossible for them to formulate a coherent response to the complaint because plaintiff has not separated each of his claims into separately numbered paragraphs. Failure to present each claim in a

Not Reported in F.Supp.
1994 WL 478495 (S.D.N.Y.)
**(Cite as: 1994 WL 478495 (S.D.N.Y.))**

Page 2

separately numbered paragraph, especially in a pro se complaint, is not in itself reason to grant defendants' motion. See Boothe, 523 F.Supp. at 635 (rejecting defendant's request in a Rule 12(e) motion that pro se plaintiff be directed to divide the complaint into numbered paragraphs where complaint gave defendants fair notice of nature of claims). As will be discussed below, most claims alleged in the complaint adequately notify defendants of the nature of plaintiff's claims against them and are not so unintelligible as to require filing a more definite statement with numbered paragraphs.

*Count I: "DENIAL OF DUTY OF FAIR REPRESENTATION"*

**\*2** Defendants contend that Count I fails to specify clearly enough which defendant is charged with which actions, as well as which statute or document has been violated by which defendant. The Court disagrees.

*Paragraph A*

Paragraph A of Count I, labelled "FAILURE TO PROCESS OR FOLLOW THROUGH ON GRIEVANCES," adequately alerts defendants Local 1-S, Pascarella and Samuels that plaintiff claims they have all failed to process and follow through on grievances he has filed, and that such conduct violates the duty of fair representation imposed by the federal labor relations statutes enumerated in Paragraph A. Plaintiff has given the approximate time the grievances were filed as well as the substance of those grievances. Because it is clear that the nature of the claim is one of breach of the duty of fair representation, the fact that plaintiff has referred to three statutes, without directing defendants to specific sections of the statutes or without specifying which statute applies to which defendant, is not in itself a basis for granting defendants' motion. See Michigan Gas & Elect. Co. v. American Elect. Power Co., 41 F.R.D. 462, 464 (S.D.N.Y.1966). Further, there is nothing inherently objectionable, at least for purposes of evaluating a Rule 12(e) motion, about naming three defendants, two statutes and five events in one paragraph as long as defendants will be able to adequately respond. The Court is of the view that Paragraph A adequately, although with minimal detail, notifies defendants of the nature of this claim so that they may respond accordingly.

*Paragraph B*

Paragraph B of Count I alleges that all of the named defendants except for Parkham disciplined plaintiff in or around September 1993 and denied him a hearing in violation of the U.S. Bankruptcy Code, the U.S. Constitution, the Members' Bill of Rights, the NLRA and the Constitution and By-laws of Local 1-S. The International Defendants assert that they cannot respond to this portion of the complaint because it does not separate the conduct attributed to the International Defendants from the conduct attributed to the other defendants. Regardless of the merits of this claim, it is clear that plaintiff has alleged that the International Defendants *and* the Local Defendants acted together in denying him a fair hearing prior to taking disciplinary action against him and that these actions violated the enumerated statutes. Thus, the failure to distinguish between the defendants in the pleadings does not justify a more definite statement. *Delta Educ., Inc. v. Langlois,* 719 F.Supp. 42, 51 (D.N.H.1989). By the same token, the reference to "defendants" in the next paragraph, which alleges a violation of Chapter VII of the federal bankruptcy statute, is not unreasonably ambiguous since the claim is clearly based on the same purported denial of a hearing attributed to the defendants named in the previous paragraph.

Further, the Court is confident that the International Defendants will not be prejudiced by allowing this portion of the complaint to stand because the submissions on behalf of the International Defendants demonstrate that they have fully understood the nature of the claims against them, thereby rendering a more definite statement unnecessary. In the Affidavit of Jon Quint submitted in support of this motion, the International Defendants reveal that they are aware of the circumstances on which plaintiff has based his claim:

**\*3** Plaintiff has characterized the actions within the parent RWDSU as involving discipline. As I explained at the conference [held before the Court on April 22, 1994], the issue is in fact solely an election issue, which is exclusively within the province of the United States Department of Labor. Quint Affidavit ¶ 8. Furthermore, the arguments made in their brief indicate that they are capable of pleading a response to the complaint, since these very arguments could be made as a series of denials in a responsive pleading. The International Defendants argue: "Most of the complaint seems to deal with actions at the local level, none of which were or could have been brought to the attention of the parent International or the International's president." Memorandum of Law In Support of Motion Pursuant to Rules 12(e) and 10(b) on behalf of Defendants

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

RWDSU and Miller ("International Defendants' Brief") at 5. It is thus clear that the International Defendants have notice of plaintiff's claim, understand the complaint's references to "disciplinary action" taken by the RWDSU and are capable of filing an Answer denying the actions attributed to them or making the arguments they made in their brief without prejudice to their case. *See Palm Springs Medical Clinic, Inc. v. Desert Hospital,* 628 F.Supp. 454, 464 (C.D.Cal.1986).

Similarly, the Local Defendants contend that plaintiff's allegation that the defendants "disciplined" him in or around September 1993 is insufficient to satisfy Fed.R.Civ.P. 8, [FN2] and therefore the Court should order a more definite statement of this claim. However, Rule 8 permits great generality in the statement of the circumstances which form the basis of plaintiff's claim as long as defendants are given fair notice of the claim. C. Wright & A. Miller, 5 *Federal Practice & Procedure* § 1202 at 73 (2d ed. 1990). Indeed, Rule 8 merely "requires the pleader to disclose adequate information regarding the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it." *Id.* The reference to "discipline" and "disciplinary actions" is not so vague as to preclude a response at this time. *See Towers Tenant Ass'n, Inc. v. Towers Ltd. Partnership,* 563 F.Supp. 566, 569-70 (D.D.C.1983) (denying Rule 12(e) motion because references in complaint to "promises", "employees", and "representations", without more specific dates, times, names and places, satisfied Rule 8). This is especially true because records of any disciplinary actions taken by any of the defendants against plaintiff in or around September 1993 would be within the possession of defendants. *See Delta Educ.,* 719 F.Supp. at 51 (denying Rule 12(e) motion where defendants should know whether they did what was charged). Further details will emerge out of pretrial discovery.

The International Defendants further object to the fact that plaintiff ends Paragraph B with a sentence alleging that the International Defendants also breached their duty of fair representation in ratifying and affirming the disciplinary action, and argue that this "[m]ixing and matching [of] theories of liability with defendants ... makes a responsive pleading unreasonably difficult." International Defendants' Brief at 3. The Court disagrees. While this last claim really belongs in the next paragraph, defendants are still able to respond because the nature of plaintiff's claim is quite clear despite its misplacement.

*Paragraph C*

*4 The Court rejects the International Defendants' objections as to Paragraph C of Count I, which is labelled "FAILURE OF SUPERVISORY DUTIES," for reasons similar to those stated above. Paragraph C alleges that the International Defendants failed to execute their supervisory duties over Local 1-S by failing to order Local 1-S to cease "their illegal disciplinary acts" and provide plaintiff with a hearing. The International Defendants contend they cannot respond to this claim because plaintiff has failed to specify which "disciplinary acts" he means and that plaintiff referred to more than one "disciplinary act" in the preceding paragraph. In fact, the preceding paragraph only refers to one disciplinary action which took place in or around September 1993 and it is clear that this action is the subject of his claim for failure to supervise. Accordingly, no more definite statement is required.

*Paragraph D*

The Local Defendants assert that Paragraph D, entitled "SWEET-HEART CONTRACT," is full of conclusory and unanswerable allegations concerning an alleged "sweet-heart" contract between Local 1-S and Macy's, plaintiff's employer, which plaintiff alleges violates Local 1-S's duty of fair representation. Paragraph D further alleges that Local 1-S has "rubber-stamped" several Macy's proposals regarding working conditions and has allowed Macy's to circumvent its obligations as an employer through the federal bankruptcy laws. The nature of this claim is quite clear, despite the lack of factual detail. Defendants can certainly file a denial of the conduct attributed to them without prejudicing themselves. *See Palm Springs Medical Clinic,* 628 F.Supp. at 464 (denying Rule 12(e) motion where complaint used a "broad brush" and did not specify which acts were committed by whom and in what capacity, noting that a denial was possible).

The same reasoning does not apply, however, to the last sentence of Paragraph D, in which plaintiff alleges that the same conduct constitutes fraud. In order to state a claim for fraud, plaintiff must plead the following elements: the representation of a material fact, falsity, intent to deceive, reliance and injury. *See, e.g., Hargrave v. Oki Nursery, Inc.,* 636 F.2d 897, 899 (2d Cir.1980), *reh'g denied,* 646 F.2d 716 (2d Cir.1980). Pursuant to Fed.R.Civ.P. 9(b), stricter pleading requirements apply to claims of fraudulent conduct. [FN3] In order to give fair notice to defendants accused of fraud, plaintiff's complaint

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1994 WL 478495 (S.D.N.Y.)
(Cite as: 1994 WL 478495 (S.D.N.Y.))

Page 4

must set forth the time, place, and nature of the alleged misrepresentations. *See Ross v. Bolton,* 904 F.2d 819, 823 (2d Cir.1990). In addition, although Rule 9(b) permits the intent requirement to be pleaded generally, plaintiff must still plead facts which give rise to a "strong inference" of intent to deceive or defraud. *Wexner v. First Manhattan Co.,* 902 F.2d 169, 172 (2d Cir.1990).

The conclusory allegations contained in this paragraph of the complaint fail to establish either a sufficient factual basis to give defendants fair notice of the nature of plaintiff's fraud claim or a factual basis from which fraudulent intent may be inferred. Accordingly, a more definite statement of the basis of plaintiff's fraud claim is warranted.

*Count II: "FRAUD"*

**\*5** Defendants have objected to several allegations in Count II.

*Paragraph E*

The Court finds that Paragraph E does not require a more definite statement because it informs Local 1-S of the nature of plaintiff's claim. Unlike the fraud claim in Paragraph D of Count I, plaintiff describes the particular representations that were purportedly made, names a specific employee who was involved and alleges sufficient facts from which intent to defraud could be inferred. Plaintiff is under no obligation at the pleadings stage to specify exactly which Local 1-S employees were involved. *See Khalid Bin Talal Bin Abdul Azaiz Al Seoud v. E.F. Hutton & Co.,* 720 F.Supp. 671, 678 (N.D.Ill.1989). Further detail may be uncovered through pretrial discovery processes. Moreover, Paragraph E makes clear that the claim against RWDSU and Miller is limited to their purported ratification of actions of Local 1-S in invalidating the September 1993 election. Accordingly, the Court will deny defendants' motion as to this portion of the complaint.

*Paragraph F*

Defendants contend that Paragraph F of Count II is vague and unanswerable for several reasons. Paragraph F, entitled "CONSPIRACY AND COLLUSION TO COMMIT CONSPIRACY," alleges that Local 1-S and RWDSU conspired among themselves and third parties to discipline plaintiff and to deny plaintiff the opportunity to participate in the election which is the subject of paragraph E. First, Local 1-S contends that plaintiff fails to specify the nature of the disciplinary action he accuses Local 1-S and RWDSU of conspiring to commit. This objection has already been rejected, and there is no need to dwell upon it here.

Second, RWDSU contends that plaintiff has lumped several claims into one count in violation of Rule 10(b), rendering the pleading so vague and ambiguous that the International Defendants cannot frame a responsive pleading. Specifically, defendants object to the fact that Count II is labelled "FRAUD," yet the allegations include a claim that defendants conspired to improperly discipline plaintiff and a claim which defendants characterize as "improper election activity". The Court agrees that a more definite statement of Paragraph F is required, but for different reasons. Where the claim is one of conspiracy, defendants are entitled to a more definite statement of the facts underlying the purported unlawful agreement among the defendants. *See Khalid Bin Talal,* 720 F.Supp. at 678. Plaintiff is therefore directed to submit a more definite statement of his conspiracy claim.

*Paragraph G*

Defendants contend that in Paragraph G of Count II, entitled "VIOLATION OF LOCAL 1-S CONSTITUTION AND BY-LAWS," plaintiff has failed to adequately describe the nature of the purported disciplinary acts taken against him and that he has also failed to plead fraud with specificity. Paragraph G alleges that Local 1-S violated its own By-laws and Constitution, as well as the NLRA and the Due Process Clause of the U.S. Constitution, by disciplining plaintiff without a fair hearing. Paragraph G further alleges that the International Defendants violated the same provisions of law by ratifying and affirming the actions attributed to Local 1-S. For the reasons stated above, the Court declines to require a more definite statement of the alleged disciplinary acts. As far as the Court can tell, Paragraph G merely asserts additional theories of recovery arising out of the same set of facts previously pleaded in other paragraphs of the complaint. Accordingly, the Court finds defendants have adequate notice of the nature of these claims.

**\*6** However, the same cannot be said with regard to the fraud allegation. Plaintiff alleges that all defendants other than Parkham committed fraud by failing to order a hearing. Since plaintiff has failed to allege any misrepresentation or any facts from which an intent to deceive could be inferred, this claim requires a more definite statement. *See*

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1994 WL 478495 (S.D.N.Y.)
(Cite as: 1994 WL 478495 (S.D.N.Y.))

Page 5

discussion *supra.*

In addition, the Court finds there is some ambiguity regarding which defendants are alleged to have participated in the alleged constitutional violations and the breach of the duty of fair representation. Therefore, plaintiff is further directed to identify each defendant by name which he is charging in this claim. [FN4]

*Count III:    "CONSTITUTIONAL RIGHTS VIOLATIONS"*

*Paragraph A*

Paragraph A of Count III alleges that defendants Pascarella and Samuels violated plaintiff's First Amendment rights at meetings during the spring and fall of 1993 by "harass[ing], intimidat[ing] ... [and] badger[ing]" plaintiff whenever he attempted to speak. The Court disagrees with the Local Defendants' contention that these broad allegations, without more specific details, render them unable to respond. Plaintiff has provided the names of the specific employees he is charging with the unlawful conduct, as well as the approximate time at which the violations allegedly occurred. While these allegations may be insufficient for purposes of a motion to dismiss, defendants are certainly on notice of the nature of these claims and may deny the alleged conduct or otherwise respond.

*Paragraph B*

Paragraph B of Count III alleges that the International Defendants and Local 1-S, Pascarella and Samuels violated plaintiff's due process rights by disciplining him without a fair hearing. Defendants contend plaintiff is obligated to provide more details of the alleged "discipline" pursuant to Rule 8. For the reasons stated above, this argument is without merit.

*Count IV: "BREACH OF CONTRACT"*

Defendants contend that Count IV precludes them from responding because plaintiff has failed to provide more specifics about the facts underlying his claim. The Court disagrees. Although no date is specified, plaintiff has adequately set forth the terms of the contract between workers and their union giving rise to a duty of fair representation. Nothing more is required. *See Towers Tenant Ass'n,* 563 F.Supp. at 569-70. While this claim is ostensibly a restatement in contract terms of plaintiff's previous claim that defendants breached their duty of fair representation, the very fact that the Court is able to determine that this claim is repetitive indicates that plaintiff has clearly notified defendants of the nature of his claim.

*Count V: "LIBEL AND SLANDER"*

The Local Defendants assert that they are entitled to a more definite statement of Count V. The Court disagrees. Plaintiff has indicated which defendant he alleges made which statement, thus enabling the named defendant to deny making the statement or deny knowledge of its falsity. The fact that certain statements are attributed to Local 1-S, and not an individual employee or agent, does not warrant a more detailed statement at the pleadings stage. *See Khalid Bin Talal,* 720 F.Supp. at 678.

*Count VI: "VIOLATION OF FIDUCIARY DUTY"*

*7 The Local Defendants contend that Count VI is too conclusory for them to formulate a response. Count VI alleges that Local 1-S has violated its fiduciary duties by allowing the unauthorized use of a vehicle by defendant Samuels. The Court finds that Count VI adequately informs defendant Local 1-S of the nature of plaintiff's claim and there is no need for a more definite statement.

*Count VII: "UNFAIR LABOR PRACTICES"*

Finally, defendants contend that Count VII does not set forth any new factual allegations but rather alleges that all of the conduct alleged in the prior counts also violates the federal labor statutes, the By-laws and Constitution of Local 1-S and the First Amendment and the Due Process Clause of the U.S. Constitution. The fact that this claim is redundant does not render defendants incapable of formulating a response. However, the Court seriously urges plaintiff to consider whether this claim is necessary given the fact that identical claims have been made in prior counts.

CONCLUSION

The above analysis demonstrates that plaintiff has alleged several causes of action which can provide him with all the relief he could reasonably expect as a result of this litigation. While the Court has indicated that some of the specific claims require repleading, those claims add little of legal significance to the claims that have been sustained. The claims requiring a more definite statement are

Not Reported in F.Supp.  
1994 WL 478495 (S.D.N.Y.)  
**(Cite as: 1994 WL 478495 (S.D.N.Y.))**

Page 6

either duplicative or inappropriate in the context of this case, and any attempt to replead them in compliance with this Court's order would result in another round of motions by defendants. Such a result will only further delay resolution of those claims for which no further pleading is required. It appears to the Court, therefore, that plaintiff would be well advised to elect to proceed on the present complaint without the claims that require repleading. The parties are directed to appear for a conference on *Friday September 23, 1994 at 11:30 a.m.* to discuss this alternative, as well as a discovery schedule.

If plaintiff at that conference concludes that he wishes to proceed with the causes of action which require repleading, a date will set for plaintiff to file a new amended complaint containing the following clarifications:

1) *Count I, Paragraph D:*
Plaintiff must state the factual basis underlying his allegation that the purported "sweet-heart" contract constitutes fraud. Specifically, plaintiff is directed to name which defendants made a false representation, provide the substance of that representation, and allege facts from which intent to deceive could be inferred.

2) *Count II, Paragraph F:*
Plaintiff must state the facts underlying his claim that the defendants engaged in a conspiracy to deprive him of his rights. Specifically, plaintiff is directed to allege the nature of the agreement between the defendants and specify the role played by each of the defendants in furthering the conspiracy.

*8 3) *Count II, Paragraph G:*
Plaintiff must state the factual basis underlying his claim that all of the defendants other than Parkham committed fraud by failing to give him a hearing prior to disciplining him. Specifically, plaintiff is directed to name which defendants made a false representation, provide the substance of that representation, and allege facts from which intent to deceive could be inferred.

SO ORDERED.

FN1. Fed.R.Civ.P. 10(b) provides in pertinent part:
All averments of claims or defenses shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances ... Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

FN2. Fed.R.Civ.P. 8(a) provides in relevant part: "A pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."

FN3. In claims for fraud, Fed.R.Civ.P. 9(b) provides that "the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

FN4. The Court notes that all of the claims contained in Paragraph G have already been made, and plaintiff ought to consider whether this paragraph is necessary to his claim for relief.

1994 WL 478495 (S.D.N.Y.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.