UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QANTUM COMMUNICATIONS CORPORATION; QANTUM OF AUBURN, LLC, QANTUM ACQUISITION COMPANY, LLC, | ) ) ) ) ) | CIVIL ACTION NO. 3:04CV0315 (CFD) |
| Plaintiffs, | ) | |
| v. | ) ) | |
| JOHN F. KENNEDY, | ) ) | |
| Defendant. | ) | SEPTEMBER 27, 2004 |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs in the above referenced matter, Qantum Communications Corporation, Qantum of Auburn, LLC, and Qantum Acquisition Company, LLC, respectfully submit this memorandum of law in opposition to the Motion to Dismiss dated September 7, 2004 filed by the Defendant, John F. Kennedy ("Kennedy").

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs commenced this action against Kennedy by summons and complaint returnable to the Connecticut Superior Court for the Judicial District of Stamford/Norwalk at Stamford on February 17, 2004. On February 24, 2004, Defendant filed a Notice of Removal pursuant to 28 U.S.C. Section 1441 and removed this action to this Court claiming diversity jurisdiction.

Defendant filed a Motion for More Definite Statement dated March 29, 2004, which motion was denied by the Court on August 6, 2004.

The Complaint sets forth detailed factual allegations of contractual arrangements involving the Plaintiffs and the Defendant, Kennedy, a former employee. On or about January 22, 2003, Kennedy entered into an Employment Agreement ("Employment Agreement") with Root Communications Group, L.P. ("Root") which contained, *inter alia*, a Non-Compete Covenant and a Non-Solicitation Covenant. (Complaint, para. 36-38). Effective July 2, 2003, plaintiffs purchased 100% of the limited partnership interests of Root and received an assignment of Roots rights under the Employment Agreement. (Complaint, para. 39). Following an investigation by plaintiffs of unauthorized conduct by Kennedy, Kenney resigned his employment with plaintiffs. (Complaint, para. 40).

As part of his resignation, Kennedy and plaintiffs entered into a Settlement Agreement in which Kennedy acknowledged his wrongdoing. (Complaint, para. 41-42). As part of the Settlement Agreement, plaintiffs waived the Non-Compete Covenant but maintained all other provisions of the Employment Agreement, including the Non-Solicitation Covenant. (Complaint, para. 43). Kennedy was aware of the continued enforceability of the Non-Solicitation Covenant. (Complaint, para. 54). Kennedy thereafter accepted a similar position with Tiger Communications ("Tiger"). (Complaint, para. 45).

During the relevant time period, plaintiffs also employed Meghan Chenoweth ("Chenoweth") and Stacey Linn ("Linn"), both of whom subsequently left their employment with plaintiffs to accept similar positions with Tiger. (Complaint, para. 14, 16, 24, 28, 46). Plaintiffs have alleged "upon information and belief" that Kennedy *and Tiger* actively solicited Chenoweth and Linn to leave their positions with plaintiffs and accept employment with Tiger. (Complaint, para. 47). Plaintiffs have alleged specifically that Kennedy was aware of the contractual relationships between Chenoweth and Linn and plaintiffs, and that "Kennedy, with full knowledge and intent, solicited Chenoweth and Linn to breach the contracts each of them had with [plaintiffs] by resigning their positions with [plaintiffs] and accepting positions with Tiger…." (Complaint, para. 51-52). Kennedy fraudulently induced plaintiffs to enter into the Settlement Agreement by concealing his intent to violate the Non-Solicitation Covenant in the Employment Agreement. (Complaint, Count Two, para. 55). Plaintiffs reasonably relied on Kennedy's representations in the Settlement Agreement that the Non-Solicitation Covenant would remain in effect to their detriment and suffered money damages. (Complaint, Count Two, para. 56-57).

The Complaint asserts five distinct causes of action against Kennedy: 1) that Kennedy tortiously interfered with plaintiffs' contractual relationships with Chenoweth and Linn; 2) that Kennedy fraudulently induced plaintiffs to enter into the Settlement Agreement; 3) breach of

3

the Settlement Agreement; 4) breach of the Employment Agreement between; and 5) declaratory judgment and injunctive relief related to Kennedy's breach of the Settlement Agreement. Kennedy now moves to dismiss the Second Count, alleging fraudulent inducement, claiming that plaintiffs have failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs submit that Cont Two of the Complaint sets forth a legally sufficient cause of action for fraudulent inducement. For the reasons set forth below, Kennedy's Motion to Dismiss should be denied.

## II. LAW AND ARGUMENT

### A. STANDARD OF REVIEW ON MOTION TO DISMISS.

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is only appropriate "when it appears beyond doubt that there are no set of facts in support of plaintiff's claim which would entitle plaintiff to relief." Harsco Corp. v. Segui, 91 F.3d 337, 341 (2d. Cir. 1996); Conley v. Gibson, 355 U.S. 41, 46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In reviewing a motion to dismiss under Rule 12(b)(6), the complaint is to be construed in the light most favorable to the plaintiff. Harsco Corp. v. Segui, 91 F.3d 337, 341. Furthermore, the Court "must accept as true all the factual allegations in the complaint." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993). The Court

also must draw all reasonable inferences from the pleadings in favor of the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Kennedy seeks to dismiss only Count Two of the Complaint which alleges that Kennedy induced plaintiffs to enter into the Settlement Agreement by fraudulently representing therein that the Non-Solicitation Covenant in the Employment Agreement remained in full force and effect. Despite making that representation, Kennedy fully intended to solicit Chenoweth and Linn to leave their positions with plaintiffs to take a position with Tiger. Kennedy did so solicit Chenoweth and Linn, causing plaintiffs to suffer money damages. (Complaint, Count Two, para. 51-52, 54-56). As discussed in detail below, Count Two of the Complaint sets forth a legally sufficient and specific fraud claim against Kennedy, and the Motion to Dismiss should be denied.

**B. COUNT TWO OF PLAINTIFFS' COMPLAINT SETS FORTH A FRAUD CLAIM AGAINST KENNEDY WITH SUFFICIENT PARTICULARITY.**

Kennedy seeks to have the Court dismiss Count Two of the Complaint because he claims that plaintiffs have failed to plead fraud with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind may be averred generally.

5

Under Rule 9(b) of the Federal Rules of Civil Procedure, when a complaint contains allegations of fraud, "the circumstances constituting fraud ... shall be stated with particularity." Chill v. GE, 101 F.3d 263, 267 (2d Cir. 1996). Generally, a complaint alleging a cause of action for fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (internal citations omitted). A review of the allegations in Count Two of the Complaint reveals that plaintiffs have properly asserted a cause of action for fraudulent inducement that satisfies the specificity requirement of Rule 9(b).

In order to state a legally sufficient claim for fraud, a plaintiff must allege "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." Billington v. Billington, 220 Conn. 212, 217 (1991). "Although the general rule is that a misrepresentation must relate to an existing or past fact, there are exceptions to this rule, one of which is that a promise to do an act in the future, when coupled with a present intent not to fulfill the promise, is a false representation. Flaherty v. Schettino, 136 Conn. 222, 226, 70 A.2d 151; 37 Am. Jur. 2d, Fraud and Deceit, § 45." Paiva v. Vanech Heights Construction Co., Inc., 159 Conn. 512, 515 (1970). This is precisely what

plaintiffs alleged in this action – that Kennedy represented in the Settlement Agreement that the Non-Solicitation Covenant in the Employment Agreement would remain in force, while having a present intent to act contrary to that representation. (Complaint, Count Two, para. 54-56).

Plaintiff has specifically alleged that the Settlement Agreement left intact the Non-Solicitation Covenant in the Employment Agreement. (Complaint, para. 43). Plaintiff has specifically alleged that Kennedy knew of the continued enforceability of the Non-Solicitation Covenant upon execution of the Settlement Agreement. (Complaint, Count Two, para. 54). Plaintiff has further alleged that Kennedy "concealed his intent to violate the terms of the Non-Solicitation Agreement after the execution of the Settlement Agreement." (Complaint, Count Two, para.55). Representing in the Settlement Agreement that he would not violate the Non-Solicitation Covenant, coupled with his present intent to violate the Non-Solicitation Covenant, constitutes a false representation by Kennedy sufficient to support a fraud claim. Paiva v. Vanech Heights Construction Co., Inc ,159 Conn. 512, 515 (1970). Moreover, plaintiffs have sufficiently alleged detrimental reliance by the plaintiffs on Kennedy's false representation in the Settlement Agreement. (Complaint, Count Two, para. 56-57).

Kennedy suggests that plaintiffs have failed to plead that he intended to deceive plaintiffs. Kennedy incorrectly argues that plaintiffs have only alleged "upon information and belief" that Kennedy and Tiger actively solicited Chenoweth and Linn to leave plaintiffs'

7

employment and accept employment with Tiger. While plaintiffs have made such an allegation upon information and belief insofar as it includes the knowledge of *Tiger*; (Complaint, para. 47); Count Two contains other direct allegations of knowledge and intent on the part of the defendant, Kennedy. (Complaint, Count Two, para. 51-52). Indeed, plaintiffs specifically allege that Kennedy "with full knowledge and intent, solicited Chenoweth and Linn" to leave plaintiffs' employ and to accept positions with Tiger. (Complaint, Count Two, para. 52). Kennedy completely ignores these allegations in his Motion to Dismiss. Clearly, such specific allegations of conduct directly contrary to the false representations Kennedy made in the Settlement Agreement meet the specificity required by Rule 9(b).

**C. IF THE COURT DETERMINES THAT THE FRAUD CLAIM IN COUNT TWO HAS NOT BEEN PLEADED WITH THE SPECIFICITY REQUIRED BY RULE 9(b), THE APPROPRIATE REMEDY IS GRANTING PLAINITFFS LEAVE TO AMEND.**

In the event that the Court believes that plaintiffs have not pleaded a fraud claim in Count Two with the specificity required by Rule 9(b), the Court should grant leave to the plaintiffs to amend Count Two of their Complaint to remedy any pleading deficiency, provided plaintiffs can do so in good faith. Luce v. Edelstein, 802 F.2d 49, 56-57(2d Cir. 1986).

### III. CONCLUSION

For all the foregoing reasons, Defendant's Motion to Dismiss should be denied.

PLAINTIFFS,

BY:     /s/                   
   Scott M. Harrington/ct02482
   DISERIO MARTIN O'CONNOR &
     CASTIGLIONI LLP
   One Atlantic Street
   Stamford, CT 06901
   (203)358-0800

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed, postage prepaid, to the following counsel and parties of record:

Claire E. Ryan, Esq.
Scott R. Lucas, Esq.
Michael Bayonne
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901

Dated: September 27, 2004
        Stamford, CT


　　　　　　　　　　　　　　　　　　　　　/s/
                                Scott M. Harrington/ct02482