## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| QANTUM COMMUNICATIONS CORPORATION, QANTUM OF AUBURN, LLC, AND QANTUM ACQUISITION, LLC, : : : : : **Plaintiffs,** : : V. : : JOHN F. KENNEDY, : : **Defendant.** : : | CIVIL ACTION NO. 3:04 CV 0315 (CFD) October 18, 2004 |

### DEFENDANT JOHN F. KENNEDY'S REPLY
### IN SUPPORT OF HIS MOTION TO DISMISS

Despite acknowledging that a Complaint alleging a cause of action for fraud must specify a fraudulent statement, plaintiffs still cannot point to anything in the Complaint demonstrating that they have complied with this or any of the other pleading requirements set forth in Rule 9 (b) of the Federal Rules of Civil Procedure. Plaintiffs state that "a promise to do an act in the future when coupled with a present intent not to fulfill the promise is a false representation" and in doing so contend that the false representation at issue here is that "Kennedy represented in the Settlement Agreement that the Non-Solicitation Covenant in the Employment Agreement would remain in force, while having a present intent to act contrary to that representation." (Pl's Mem. in Opp. Mot. Dismiss at 7).

Plaintiffs, however, never alleged that Kennedy represented in the Settlement Agreement ("Agreement") that the non-solicitation covenant in the Employment Agreement would remain

in force.  What they alleged is that Kennedy **knew** of the continued enforceability of the non-solicitation covenant upon execution of the Agreement. (Compl. ¶ 54) (emphasis added). They have not stated with any specificity a particular statement made by Kennedy promising to continue to abide by the non-solicitation covenant contained in the Employment Agreement.  In fact, they have not done so because nowhere in the Agreement does it state that the non-solicitation covenant in the Employment Agreement shall remain in full force and effect.  **Instead, the Settlement Agreement expressly dissolves the aforementioned covenant.**

The Settlement Agreement  forms the basis of Plaintiffs' fraudulent inducement claim and it is therefore, incorporated by reference in the Complaint.  As a result, it may be considered in adjudicating Kennedy's Motion to Dismiss and as such, is sought to be filed herewith as Exhibit A.  See Motion to Seal of even date herewith.  See also The Dweck Law Firm, LLP v. Mann, 2004 WL 944542, at *1, n.3 (S.D.N.Y. May 3, 2004) (holding that retainer agreement not attached to the complaint was incorporated by reference) (Exhibit B); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) (complaint is deemed to "include…documents that the plaintiff either possessed or knew about and upon which they relied in bringing suit.") (Exhibit C).

Pursuant to ¶ 5 of the Settlement Agreement, Qantum released Kennedy from any and all agreements which the Qantum Releasors had with him as of the date of the Agreement including the Employment Agreement.  The Settlement Agreement also specifically states that the non compete **agreement** with Root Communication LLC or Qantum of Auburn LLC is waived and dissolved.  The only non-compete agreement Kennedy had with plaintiffs was the Employment Agreement.  Therefore, the entire Employment Agreement, including the non-solicitation

2

provision was dissolved.[1]  Accordingly, Kennedy did not represent in the Settlement Agreement that the non-solicitation covenant would remain in force, while having a present intent to act contrary to that representation.  Thus, plaintiffs have failed to allege the existence of a fraudulent statement and as such, Count Two of the Complaint should be dismissed.

## *CONCLUSION*

Wherefore, for all of the foregoing reasons, as well as those set forth in his prior Memorandum of Law in Support of his Motion to Dismiss, Kennedy respectfully requests that the Court grant his Motion to Dismiss the Second Count of plaintiffs' Complaint.

By_____/S/_____
Claire E. Ryan, Esq. (ct22145)
Scott R. Lucas, Esq. (ct00517)
*Attorneys for defendant John F. Kennedy*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
cryan@mlc-law.com
slucas@mlc-law.com

---

[1] It should be noted that the Agreement also contains an entireties clause indicating that the Agreement supersedes all prior agreements and or communications between the parties.

## *CERTIFICATE OF SERVICE*

This is to certify that on this 18th day of October 2004, a copy of the foregoing was mailed, first class, postage prepaid, to:

>Richard E. Castiglioni, Esq.
>Diserio Martin O'Connor & Castiglioni, LLP
>One Atlantic Street
>Stamford, CT 06901-2427

_____/S/_____
Claire E. Ryan

Case 3:04-cv-00215-CFD Document 26 Filed 10/19/2004 Page 4 of 4