UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QANTUM COMMUNICATIONS | ) | |
| CORPORATION; QANTUM OF AUBURN, | ) | CIVIL ACTION NO. |
| LLC, QANTUM ACQUISITION | ) | |
| COMPANY, LLC, | ) | 3:04CV0315 (CFD) |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| JOHN F. KENNEDY, | ) | |
| | ) | |
| Defendant. | ) | OCTOBER 27, 2004 |

**MOTION FOR MODIFICATION OF SCHEDULING ORDER AND
MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERT WITNESSES,
FILE DAMAGE ANALYSIS, AND COMPLETE DISCOVERY**

The Plaintiffs in the above matter, QANTUM COMMUNICATIONS CORPORATION, QANTUM OF AUBURN, LLC, and QANTUM ACQUISITION, LLC, pursuant to Rule 7(b) of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut, respectfully moves to the Court to modify the Scheduling Order entered in this matter on July 2, 2004, for the purposes of extending the deadlines to Disclose Expert Witnesses, File a Damage Analysis, and to Complete Discovery, as follows:

1.  To extend the time within which Plaintiffs shall designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rules of Civil Procedure from November 1, 2004 to the later of January 1, 2005, or thirty (30) days after all

answers and affirmative defenses to the Complaint and any counterclaims have been filed and the pleadings are closed.

      2.      To extend the time within which Defendant shall designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rules of Civil Procedure from December 15, 2004 to the later of February 15, 2005 or forty-five (45) days after the deadline for Plaintiffs to disclose their expert witnesses as requested in Paragraph 1 above.

      3.      To extend the time within which any party who has claimed or counterclaimed for damages to provide opposing counsel with a damage analysis in accordance with the extended schedule set for the disclosure of expert witnesses as requested in ¶¶1 and 2 above.

      4.      To extend the time to complete all discovery, including the discovery of any disclosed expert witnesses, from January 31, 2005 to the later of March 31, 2005 or forty-five (45) days after the deadline for Defendant to disclose its expert witnesses as requested in Paragraph 2 above.

      5.      To extend the time to file dispositive motions from March 2, 2005 to the later of May 2, 2005 or thirty (30) days after the completion of discovery as requested in Paragraph 4 above.

In support of this Motion, the undersigned represents as follows:

1.  Defendant removed this matter to this Court from the Connecticut Superior Court on or about February 25, 2004.

2.  Thereafter, on March 1, 2004, Defendant moved for an extension of time to respond to the Complaint until April 1, 2004, which motion was granted by the Court.

3.  On March 30, 2004, Defendant filed a Motion for More Definite Statement, which Motion Plaintiffs opposed by Memorandum of Law dated April 21, 2004. Defendant filed a Reply to that Memorandum on May 3, 2004.

4.  On June 16, 2004, the Parties filed their Report of Rule 26(f) Planning Meeting, which Report was approved by the Court by order dated July 2, 2004.

5.  The undersigned counsel proposed aggressive deadlines in the Report upon the belief that the Court would rule on the Motion for More Definite Statement and all pleading amendments, answers, and counterclaims likely would be filed by the end of August, 2004.

6.  On August 6, 2004, the Court denied the Defendants Motion for More Definite Statement.

7.  On August 20, 2004, the Defendant filed a motion for an extension of time until September 4, 2004, to respond to the Complaint, which motion was granted by the Court.

8.  On September 7, 2004, the Defendant filed a Motion to Dismiss Count Two of the Complaint.

3

9. On September 28, 2004, the Plaintiffs filed a Memorandum of Law in Opposition to the Defendant's Motion to Dismiss.

10. On October 12, 2004, the Defendant filed a Motion for Extension of Time to File a Reply to Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss.

11. On October 19, 2004, the Defendant filed a Reply to Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss.

12. The Defendant's Motion to Dismiss Count 2 of the Complaint is still pending before the Court.

13. In light of the Motion for More Definite Statement, various motions for extension of time, and the pending Motion to Dismiss filed by the Defendant, the Defendant has not yet filed an answer, affirmative defenses, or counterclaims to the Plaintiffs' complaint in this matter.

14. Since Defendant has not filed an answer, defenses, or counterclaims, and the pending Motion to Dismiss leaves the status of the allegations in the Complaint subject to change, Plaintiffs are unable to complete their damage analysis, to obtain and finalize expert opinions and reports, or to fully engage in and complete discovery. Furthermore, the answers, defenses, and counterclaims that may be filed by the Defendant may necessitate the hiring and disclosure of additional experts and the taking of additional discovery.

15. Plaintiffs need a reasonable period of time after the answers and defenses have been filed, and issue has been joined in this action, within which to disclose their experts, provide their damage analysis to the Defendant, and to complete discovery in this case.

16. Pursuant to Local Rule 7(b)(2), Plaintiffs' undersigned counsel telephoned Attorney Claire Ryan, counsel for the Defendant, on October 27, 2004, to inquire about the Defendant's position on this motion, but Attorney Ryan was unavailable at the time of the telephone call. The undersigned left a voice mail for Attorney Ryan advising that he was filing this motion, but and as of the time of the filing of the motion Attorney Ryan has not returned the telephone call. Consequently, despite diligent effort, the undersigned is unable to determine opposing counsel's position on this motion.

17. Pursuant to Local Rule 7(b)(2), Plaintiffs' undersigned counsel represents that this is the first Motion for Extension of Time filed by the Plaintiffs, or any party, seeking to modify or extend the dates to disclose experts, provide a damage analysis, and complete discovery set forth in the Parties' Planning Report.

18. Plaintiffs respectfully submit that because of the fact that an answer, defenses, and counterclaims have not been filed to date, and the pending Motion to Dismiss leaves the status of some counts of the Complaint uncertain, good cause exists to extend the expert disclosure, damage analysis deadlines, discovery completion dates, and dispositive motion dates for the later

5

of sixty (60) days or to have the earliest such deadline commence 30 days after the closing of the pleadings.

        RESPECTFULLY SUBMITTED,

        THE PLAINTIFFS,


      BY: /s/_____
        Scott M. Harrington/ct02482
        DISERIO MARTIN O'CONNOR &
         CASTIGLIONI LLP
        One Atlantic Street
        Stamford, CT 06901
        (203)358-0800

Dated: 10/27/04
    Stamford, CT

# CERTIFICATION

This is to certify that a true copy of the foregoing was mailed, postage prepaid, to the following counsel and parties of record:

Claire E. Ryan, Esq.
Scott R. Lucas, Esq.
Michel Bayonne, Esq.
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901

Dated: October 27, 2004
       Stamford, CT

                        /s/_____
                        Scott M. Harrington/ct02482

H:\LIT\SMH\22241.Motion for Extension of Discovery Schedule.doc