UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QANTUM COMMUNICATIONS | ) | |
| CORPORATION; QANTUM OF AUBURN, | ) | CIVIL ACTION NO. |
| LLC, QANTUM ACQUISITION | ) | |
| COMPANY, LLC, | ) | 3:04CV0315 (CFD) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN F. KENNEDY, | ) | |
| | ) | |
| Defendant. | ) | AUGUST 12, 2005 |

## AFFIDAVIT OF MICHAEL MANGAN

STATE OF CONNECTICUT)
)     SS.: Stamford
COUNTY OF FAIRFIELD )

Personally appeared, the undersigned, MICHAEL MANGAN, who deposes and says as follows:

1.    I am over the age of 18 years and believe in the obligations of an oath.

2.    I have personal knowledge of the matters set forth in this Affidavit, I am familiar with the allegations in the Complaint in the above matter, and I am authorized and competent to execute this Affidavit.

3.    I am the Chief Financial Officer of Qantum Communications Corporation, one of the Plaintiffs in the above referenced matter.

4.      Qantum Communications Corporation owns Qantum Holdings, LLC, which in turn owns Qantum of Auburn, LLC, another Plaintiff in this action.

5.      Most of the primary officers and senior management of Qantum Communications Corporation and Qantum of Auburn, LLC, including myself, are based at the Qantum Communications Corporation offices at 46 Southfield Road, Stamford, Connecticut.

6.      A Settlement Agreement dated August 4, 2003 between Qantum of Auburn, LLC and the Defendant, John F. Kennedy, has a forum selection clause which states, in pertinent part, as follows: "Any action for breach of the terms of this Agreement shall be commenced in a court of competent jurisdiction within Fairfield County, Connecticut where jurisdiction and venue shall lie unchallenged by either party. Kennedy agrees to submit to the jurisdiction of the aforementioned court to decide such issues and will make himself available for service of process in the event such action is taken by Qantum."

7.      Plaintiffs vehemently deny Defendant's suggestion that he executed this Settlement Agreement under duress, as claimed in paragraph 9 of his affidavit.

8.      Counts Two and Three of the Complaint filed by Plaintiffs in this action relate to the breach of the Settlement Agreement by the Defendant and, consequently, Plaintiffs commenced this action against Defendant in the Connecticut Superior Court for the Judicial District of Stamford/Norwalk at Stamford in accordance with the forum selection clause in the

2

Settlement Agreement.

9.      It is expected that I will be a witness in the trial of this action. I work and reside in Connecticut. It is possible that other senior management of the plaintiffs, who also work and reside in Connecticut, may testify at trial. Plaintiffs also anticipate calling expert witnesses in this case, at least one of whom resides in Connecticut. Another representative of the Plaintiffs who is expected to testify, Jonathan Brewster, works and resides in South Carolina and not in Alabama.

10.     It will be an inconvenience and a burden for Plaintiffs' Connecticut-based witnesses to pursue this action in Alabama. Moreover, it will increase Plaintiffs' costs of litigation substantially, in that it will have to pay to transport its witnesses to Alabama for trial, and possibly depositions. Plaintiff will also lose the benefit of the work product of its current Connecticut counsel and will have to hire new counsel in Alabama and bring new counsel up to date on this action 18 months after its commencement.

3

11. I am making this affidavit in support of Plaintiffs' opposition to Defendant's Motion to Transfer.

Michael Mangan

Subscribed and sworn to before me
this 17th day of August, 2005

Notary Public
My Commission Expires:
Commissioner of the Superior Court

4

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed, postage prepaid, to the

following counsel and parties of record:

Claire E. Ryan, Esq.
Scott R. Lucas, Esq.
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901

Dated: August 17, 2005
        Stamford, CT

Scott M. Harrington/ct02482

H:\LIT\SMH\22241.affidavit.mangan.doc