# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QANTUM COMMUNICATIONS CORPORATION, QANTUM OF AUBURN, LLC, AND QANTUM ACQUISITION, LLC, | : : : : | CIVIL ACTION NO. 3:04 CV 0315 (CFD) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | |
| | : | |
| JOHN F. KENNEDY, | : | |
| | : | AUGUST 31, 2005 |
| Defendant. | : | |

### DEFENDANT JOHN F. KENNEDY'S REPLY
### IN SUPPORT OF HIS MOTION TO TRANSFER

Defendant John F. Kennedy submits this brief in reply to plaintiffs' August 17, 2005 Memorandum of Law in Opposition to defendant's Motion to Transfer (hereinafter Plaintiff's Opposition") and in further support of his July 20, 2005 Motion to Transfer pursuant to 28 U.S.C. §1404. As set forth below, plaintiffs' arguments rest primarily upon the argument that one of the contracts at issue between one of the plaintiffs and the defendant contains a forum selection clause. Plaintiffs' alternative arguments are based upon disregard of the convenience of the witnesses and the locus of the dispute, and instead focus upon a technical "waiver" argument unsupportable by law.

### *ARGUMENT*

I.    *THE FORUM SELECTION CLAUSE SHOULD BE GIVEN LITTLE WEIGHT BECAUSE ONLY ONE PLAINTIFF DOES BUSINESS IN CONNECTICUT, AND THE OTHER FACTORS CODIFIED IN 28 U.S.C. §1404 GREATLY OUTWEIGHT THE CLAUSE.*

The Supreme Court has made it clear that forum selection clauses are not dispositive of a motion to transfer brought under 28 U.S.C. §1404. See Stewart Org., Inc. v. Ricoh Corp., 487 US 22, 29 (1988) ("The forum selection clause ... should receive neither dispositive consideration ... nor no consideration ... but rather the consideration for which Congress provided in §1404(a).") Under §1404, the District Court has broad discretion to grant a motion to transfer, and the choice-of-forum clause is only one factor for its consideration. See Red Bull Associates v. Best Western International, Inc., 862 F.2d 963, 967 (2d Cir. 1988). A major consideration under §1404 is the convenience of the parties in determining a motion to transfer. Plaintiffs state in their Opposition that Connecticut is a convenient forum (see Plaintiffs' Opposition at 14), however only one of the three plaintiffs is located in Connecticut, and the plaintiffs have failed to identify any material testimony needed from a witness located in Connecticut. (Affidavit of Michael Mangan (Docket No. 45) at ¶9 (hereinafter "Mangan Aff.").)

As plaintiffs concede, defendant Kennedy contracted with and worked for Root Communications in Alabama. (Affidavit of John F. Kennedy attached as Exhibit E to his July 20, 2005 Memorandum of Law in Support of Motion to Transfer at ¶4 (hereinafter "Kennedy Aff.").) Root was purchased by Qantum Auburn, a company based in Alabama. (Kennedy Aff. ¶7.) Qantum Auburn was owned by Qantum Acquisition Company, which was later merged into Qantum Holdings. (Plaintiff's Opposition at 2; Mangan Aff. ¶4.) It is unclear whether Qantum Holdings does any active business at all. Qantum Communications, the parent company

2

overseeing these subsidiaries, is located in Stamford, Connecticut. (Mangan Aff. ¶5.[1]) This is the only plaintiff with any direct connection to the forum state. On the whole, two of the three plaintiffs have little connection with Connecticut. The most critical parties, defendant Kennedy and plaintiff Qantum Auburn, the entity directly involved with defendant's employment contract, are located in Alabama. It is absurd to suggest that venue should be determined by the location of a parent company with which the defendant has had absolutely no direct contact.

It is clear that where the majority of material and necessary witnesses are connected to a particular forum, the scales tip in favor of transfer to that forum. See Standard Office Systems of Fort Smith v. Ricoh Corp., 742 F. Supp. 534, 538 (W.D. Ark. 1990) (quoting Wright, Miller & Cooper, Federal Practice and Procedure, Vol. 15, §3851 at 270-71) ("One key witness may outweigh a great number of less important witnesses."). A party should not rely on allegations that witnesses will be necessary without indicating what their testimony will be. See Id. In the affidavit attached to his Memorandum in Support of Motion to Transfer, Kennedy names Meaghan Chenowith, Stacey Linn and Thomas Hayley as material witnesses who reside and work in Alabama. (Kennedy Aff. ¶15.) These witnesses' anticipated testimony, as identified in the affidavit, goes directly to the crux this case, since these witnesses are alleged to have participated in the actions which prompted plaintiffs to bring suit against Mr. Kennedy. (Kennedy Aff. ¶¶16-18.) In the affidavit of Michael Mangan, plaintiff Qantum Communications' CFO, he states that he expects to be a witness, along with "other senior management" who "may testify" at trial. (Mangan Aff. ¶9.) Mr. Mangan also alludes to the possibility of testimony from an unidentified expert witness based in Connecticut. (Mangan Aff. ¶9.) The affidavit gives no

---

[1] Plaintiffs appear to argue that Qantum Holdings and Qantum Auburn are "doing business" in Connecticut. If so, then Connecticut General Statutes § 33-921 bars this action.

3

information about the possible content or subject matter of testimony of any witness mentioned in his affidavit. Defendant's witnesses, clearly crucial to this matter, should be given greater weight. See Standard Office Systems, 742 F.Supp. at 538. Furthermore, where a party merely names witnesses, alleges that they are material, and fails to state the substance of their testimony, the court should give little weight to their argument that they will be inconvenienced by a transfer of venue. See Falconwood Financial Group v. Griffin, 838 F.Supp. 836, 841 (S.D.N.Y. 1993).

Finally, the existence of the forum selection clause in one of the two contracts at issue, purely permissive despite defendant's argument to the contrary (see Plaintiffs' Opposition at 9), is greatly outweighed by fairness and convenience to parties and material witnesses. Plaintiffs' Opposition identifies tangential witnesses without indicating their areas of knowledge related to this case (Mangan Aff. ¶9) and relies almost solely on the forum selection clause to justify venue in Connecticut. In the interests of preserving "time, energy and money" and protecting "litigants, witnesses and the public against unnecessary inconvenience and expense," the case should be transferred. Continental Gram Co. v. Barge FBI-585, 356 U S, 19-26-27 (1960).

**II.    DEFENDANT CAN MOVE FOR TRANSFER UNDER 28 U.S.C. §1404 AT ANY TIME, AND HIS MOTION FOR TRANSFER IS NOT SUBJECT TO THE SAME PROCEDURAL LIMITATIONS AS A RULE 12 MOTION.**

Plaintiffs' argument that defendant's motion to transfer under 28 U.S.C. §1404 is essentially the same as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) and thus untimely, ignores the plain and obvious differences between the two. See Lencco Racing Co. v. Arctco, Inc., 953 F.Supp. 69, 70 FN1 (W.D.N.Y. 1997) ("A 12(b)(3) motion to dismiss for improper venue, which must be filed before the answer, is not the same as a motion

4

to transfer venue pursuant to 28 U.S.C. §1404(a).") Procedurally, these motions are distinct from each other, and a motion to transfer under §1404 need not be asserted within the rules applicable to Rule 12 motions. Edwards v. Texaco, 1987 WL 9293 *1 (Civ. A. No. 86-5240) (E.D.Penn. April 10, 1987) ("Unlike the defense of improper venue, however, a claim for forum non conveniens [under 28 U.S.C. §1404] is not waived if not asserted in the responsive pleading or in a 12(b)(3) motion filed prior to the pleading") (attached hereto as Exhibit A); Leif Hoegh & Co. v. Alpha Motor Ways, Inc., 534 F.Supp. 624 (D.C.N.Y., 1982) ("However, while defendants have waived their right to assert improper venue as a defense, they are not thereby precluded from moving for a transfer of venue on grounds of forum non conveniens.").

Defendant has not asked the Court to dismiss this case because of improper venue and is not raising improper venue as a defense to the plaintiffs' claims. Defendant is stating that Alabama is a more convenient forum for this case to be heard given the facts of this case and their application to 28 U.S.C. §1404(a). Accordingly, plaintiffs' reliance on Berol Corp. v. Bic Corp., 2002 WL 1466829 (No. 02-C-0559) (N.D. Ill. July 8, 2002) (attached hereto as Exhibit B), is misplaced. In Berol, the defendant moved for a transfer under §1404, and then two weeks later moved to dismiss the action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Berol, 2002 WL 1466829 at *1. The court stated, "[b]ecause both the transferor and transferee courts must have jurisdiction over a defendant in order to effect a change of venue under §1404(a), moving to transfer venue presupposes and concedes personal jurisdiction in the transferor court." Id. The court ruled that the defendant had "waived its right to assert that this court lacks personal jurisdiction over it," Id., and granted defendant's motion to transfer under §1404. Id. at *5.

The <u>Berol</u> decision is not applicable to this case because of the clear procedural differences. In his Motion to Transfer, defendant is not seeking dismissal of this action for any reason enumerated in Rule 12. While Rule 12 sets strict time limitations for motions under that rule to be made, "section 1404(a) sets no time limit at which a motion to transfer may be made." <u>Kolko v. Holiday Inns, Inc.</u>, 672 F.Supp. 713, 716 (S.D.N.Y. 1987); <u>Nowotny v. Turner,</u> 203 F.Supp. 802, 805 (M.D.N.C. 1962) (A motion under 28 U.S.C. §1404(a) "is not an objection to improper venue which under rule 12(b) . . . would be required to be made before answer")

In actuality, the holding in <u>Berol</u> supports the notion that a motion to transfer under 28 U.S.C. §1404 can be filed at any time and is not subject to the restrictions of a Rule 12 motion. In <u>Berol,</u> the court stated, "by moving this court for a transfer of venue before moving to dismiss for lack of personal jurisdiction or asserting lack of personal jurisdiction as an affirmative defense in its answer to plaintiff's complaint, [defendant] waived its objection to personal jurisdiction." <u>Berol,</u> 2002 WL 1466829 at *1 This strongly suggests that a §1404 motion should be made *after* a Rule 12(b) motion or the answer. Plaintiffs have taken one sentence from this case and interpreted it in such a way that conflicts with the majority of case law and with the court's own ruling in that case.

Defendant's motion to transfer is timely. "A motion to transfer venue may be made at any time." <u>Lencco Racing Co.</u>, 953 F.Supp. at 70, FN1 (citing <u>Kolko,</u> 672 F.Supp. at 716). This Court can grant the defendant's motion to transfer regardless of any alleged waiver of Rule 12 defenses, since Rule 12 does not apply to motions to transfer venue under §1404.

## *CONCLUSION*

Wherefore, for all of the foregoing reasons, as well as those set forth in his July 20, 2005 prior Memorandum of Law in Support of his Motion to Transfer, defendant Kennedy respectfully requests that the Court grant his Motion to Transfer.

By_____

Scott R. Lucas, Esq. (ct00517)
Claire E. Ryan, Esq. (ct22145)
*Attorneys for defendant John F. Kennedy*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
cryan@mlc-law.com

# EXHIBIT A

Westlaw.

Not Reported in F.Supp                                                     Page 1
Not Reported in F.Supp., 1987 WL 9293
**(Cite as: Not Reported in F.Supp.)**

**H**
Not Reported in F.Supp., 1987 WL 9293
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania
Herbert EDWARDS
v.
TEXACO, INC
**Civ. A. No. 86-5240.**

April 10, 1987

Simon W. Tache, Philadelphia, for plaintiff.
T.J. Mahoney, Krusen Evans and Byrne,
Philadelphia, P.A., Scott E. Snedden, for Texaco, Inc.

MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge
*1 In this action, plaintiff seeks to recover under the Jones Act, 46 U.S.C. § 688 et seq., and the general maritime law for injuries sustained while working on board the Texaco Minnesota as a member of her crew. Defendant has filed a Motion to Transfer under 28 U.S.C. 1404(a), which is currently pending before the court.

I. Distinguishing between Improper Venue and Forum Non Conveniens

Both parties seem to confuse their analysis of defendant's improper venue defense and defendant's forum non conveniens claim, and the procedural rules that apply to each

In its Answer to the Complaint, defendant asserts the affirmative defense of improper venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. 28 U.S.C. § 1391 provides:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes

In Pure Oil Co. v. Suarez, the Supreme Court held that this broad definition of corporate residence, for purposes of fixing venue, applied to actions brought under the Jones Act. 384 U.S. 202 (1966) Because defendant admits to doing business in Pennsylvania in paragraph 2 of its Answer, plaintiff's choice of venue is clearly proper.

Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is properly asserted, not as part of defendant's faulty improper venue defense, but as an analytically and procedurally distinct request for a transfer for the convenience of the parties and witnesses Plaintiff recognizes that the two claims are distinct, but assumes that the same procedural rules apply to both. Because defendant failed to assert a forum non conveniens "defense" in its Answer, plaintiff argues, defendant has waived the issue, pursuant to Rule 12(h).

Unlike the defense of improper venue, however, a claim for forum non conveniens is not waived if not asserted in the responsive pleading or in a 12(b)(3) motion filed prior to the pleading. See Hoegh & Co. v. Alpha Motor Ways, Inc., 534 F. Supp. 624, 626 (S.D.N.Y. 1982) ; Snam Progetti S.P.A. v. Lauro Lines, 387 F. Supp. 322, 322-23 (S.D.N.Y. 1974) (waiver of Rule 12 is not applicable to forum non conveniens motions); see also Wright & Miller § 1352 at 573, 575 (motion to transfer for convenience made pursuant to statute and not Rule 12(b)(3)). Neither Rule 8(c), which includes an inexhaustive list of affirmative defenses, nor Rule 12(b), which lists a number of defenses that must either be pled affirmatively or raised in a prior motion, includes a forum non conveniens claim. And unlike 28 U.S.C. § 1406, which gives courts authority to transfer cases where an improper venue defense has successfully been asserted, § 1404 does not link court authority to transfer to a party's timely assertion of a forum non conveniens claim. Indeed, Section 1404 grants a court authority to transfer cases to a more convenient forum on its own motion. Plaintiff is therefore incorrect in asserting that defendant waived its right to move for a transfer pursuant to 28 U.S.C. 1404(a) by failing to assert a forum non conveniens claim in its Answer

*2 II. The Convenient Forum

© 2005 Thomson/West. No Claim to Orig. U.S Govt. Works.

Not Reported in F.Supp
Not Reported in F.Supp., 1987 WL 9293
**(Cite as: Not Reported in F.Supp.)**

A court can transfer an action pursuant to 28 U.S.C. § 1404(a) if, first, the action could have been brought in the transferee court, and, second, the transfer will serve the convenience of the parties and witnesses and the interest of justice. American Medicorp, Inc., v. Humana, Inc., 445 F. Supp. 573, 582 (E.D. Pa. 1977). A court must base both of these determinations on a consideration of the evidentiary record. In this case, however, with the exception of one inadequate affidavit, there is no evidentiary record before the court from which it can determine whether a transfer would be proper. The parties will therefore be directed to file further submissions which provide the court with an adequate evidentiary record to rule on the pending motion.

For the foregoing reasons, it is hereby ORDERED and DIRECTED that disposition of this motion is stayed pending the filing of additional submissions by the parties in accordance with the following schedule:

1) Defendant shall file a supplementary submission in support of its Motion to Transfer on or before April 20, 1987.

2) Plaintiff may file a responsive submission on or before April 30, 1987.

E.D.Pa.,1987.
Edwards v. Texaco, Inc.
Not Reported in F.Supp., 1987 WL 9293

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# **EXHIBIT B**

Not Reported in F. Supp. 2d                                                                                          Page 1
Not Reported in F. Supp. 2d, 2002 WL 1466829
**(Cite as: Not Reported in F.Supp.2d)**

**C**

Not Reported in F.Supp.2d, 2002 WL 1466829
Briefs and Other Related Documents
Only the Westlaw citation is currently available
   United States District Court, N.D. Illinois, Eastern
                        Division.
   BEROL CORP. and Sanford, L.P., Plaintiffs,
                          v.
   BIC CORPORATION and BIC U.S.A., Inc.,
                     Defendants.
                   **No. 02 C 0559.**

                     July 8, 2002

Patent holder and its licensee sued sellers of
correction fluid product for patent infringement. One
of sellers moved to transfer venue and to dismiss for
lack of personal jurisdiction. The District Court,
Gettleman, J., held that: (1) seller waived its
objection to personal jurisdiction by first moving for
transfer of venue; (2) due process permitted exercise
of specific personal jurisdiction over alleged
infringer; and (3) transfer of venue was warranted.

Motion to dismiss denied; motion to transfer granted.

                   West Headnotes

**[1] Federal Courts 170B ⬦⟿95**
170Bk95 Most Cited Cases
By moving district court for transfer of venue before
moving to dismiss for lack of personal jurisdiction or
asserting lack of personal jurisdiction as affirmative
defense in its answer to complaint, defendant waived
its objection to personal jurisdiction, in that moving
to transfer venue presupposed and conceded
jurisdiction in transferor court, even though motion to
transfer was filed pursuant to statute rather than rule.
28 U.S.C.A. § 1404(a) ; Fed.Rules Civ.Proc.Rule
12(b)(2, 3), (g), 28 U.S.C.A

**[2] Constitutional Law 92 ⬦⟿305(5)**
92k305(5) Most Cited Cases

**Patents 291 ⬦⟿288(3)**
291k288(3) Most Cited Cases
Due process permitted exercise of specific personal
jurisdiction over alleged infringer, pursuant to
Illinois' long-arm statute, in patent infringement
action, inasmuch as alleged infringer purposefully
directed its activities to Illinois when it transferred
accused product to its affiliate and allowed affiliate to
put product, bearing labels with alleged infringer's
name, into stores to be sold in Illinois, patent

infringement claim arose out of or related to alleged
infringer's activities in Illinois, and alleged infringer
did not show that personal jurisdiction in forum was
not reasonable and fair. U.S.C.A. Const.Amend. 14;
S.H.A. 735 ILCS 5/2-209.

**[3] Federal Courts 170B ⬦⟿110**
170Bk110 Most Cited Cases
Venue over patent infringement action was proper in
both transferee court in Northern District of Illinois
and transferor court in Southern District of New
York, as required to satisfy first prong of test
governing transfer of venue for convenience of
parties, given that personal jurisdiction existed over
alleged infringers both in Illinois and New York, and
therefore alleged infringers "resided" in each forum,
making venue proper under statute governing venue
in patent infringement actions. 28 U.S.C.A. § §
1391(c), 1400(b), 1404(a).

**[4] Federal Courts 170B ⬦⟿110**
170Bk110 Most Cited Cases
Transfer of venue from Northern District of Illinois
to Southern District of New York for the convenience
of parties was proper in patent infringement action,
given that allegedly infringing product was sold
nationwide, defendants were headquartered in
Connecticut, where most of documents, employees,
and activities related to accused product were
located, most likely witnesses were within New York
court's subpoena power, and Illinois did not have
particularly strong interest in redressing alleged
infringement, which allegedly occurred nationwide.
28 U.S.C.A. § 1404(a)

               *MEMORANDUM OPINION AND ORDER*

GETTLEMAN, J.
*1 Plaintiffs Berol Corp. and Sanford, L.P. have filed
a complaint against defendants BIC Corp. and BIC
U.S.A., Inc., alleging that defendants sell a correction
fluid product, Wite-Out Plus™, that infringes
plaintiffs' patent for an "Applicator for Correction
Fluid," U.S. patent number 6,312,180 ("the '180
patent"). Berol is the assignee and owner of the '180
patent, and Sanford is its exclusive licensee.
Defendant BIC Corp. first filed a motion to transfer
venue to the Southern District of New York pursuant
to 28 U.S.C. § 1404(a) , and then two weeks later
filed a motion to dismiss pursuant to Fed.R.Civ.P.
12(b)(2) for lack of personal jurisdiction. For the
following reasons, the motion to dismiss is denied,
and the motion to transfer is granted.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works

*BACKGROUND*

BIC Corp is a New York corporation with its principal place of business in Milford, Connecticut. BIC USA is a Delaware corporation with its principal place of business also in Milford, Connecticut. Berol Corp. is a Delaware corporation with its principal place of business in Freeport, Illinois and Sanford, L P is an Illinois limited partnership with its principal place of business in Bellwood, Illinois.

Shortly after plaintiffs filed their complaint, but before they served it on defendants, defendants filed a declaratory judgment action in the United States District Court for the Southern District of New York seeking a declaration that the '180 patent is invalid and that the Wite-Out Plus$^{TM}$ product does not infringe the '180 patent. Upon learning of the declaratory action, plaintiffs served the defendants with the complaint in this action. Before answering the complaint, BIC Corp. filed a motion to transfer the instant action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Two weeks later, BIC Corp. filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Approximately two months later, defendants filed and served a third action, also in the Southern District of New York, against plaintiffs for infringement of a patent for "Foam Applicator and Wiper Insert," U S. patent number 6,238,116 ("the '116 patent").

*DISCUSSION*

1. *Jurisdiction*

[1] BIC Corp has moved to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) By moving this court for a transfer of venue before moving to dismiss for lack of personal jurisdiction or asserting lack of personal jurisdiction as an affirmative defense in its answer to plaintiffs' complaint, BIC Corp. waived its objection to personal jurisdiction. *U.S. v. B.R. MacKay & Sons, Inc.,* 1986 WL 13717, at *6 (N.D.Ill. Nov.28. 1986) Because both the transferor and transferee courts must have jurisdiction over a defendant in order to effect a change of venue under § 1404(a), moving to transfer venue presupposes and concedes proper jurisdiction in the transferor court. *Id.* BIC Corp.'s contention that it preserved its Fed.R.Civ.P. 12(b)(2)

defense by moving to transfer venue pursuant to 28 U.S.C. § 1404(a) rather than pursuant to Fed.R.Civ.P. 12(b)(3) is unpersuasive "A motion to transfer pursuant to Section 1404(a) is analogous to a Rule 12(b)(3) motion to change venue, and for this reason the § 1404(a) motion has been viewed as a Rule 12 motion for purposes of waiver under Rule 12(g)." *Id* Under Rule 12(g) all Rule 12 defenses must be consolidated in one motion, and the failure to raise a defense available at the time the initial motion is raised acts as a waiver of the defense under Rule 12(h)(1) Accordingly, the court concludes that BIC Corp. has waived its right to assert that this court lacks personal jurisdiction over it.

2. *Venue*

\*2 When ruling on a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), the court considers whether: i) venue is proper in both transferor and transferee courts; ii) transfer is for parties' and witnesses' convenience; and iii) transfer is in the interest of justice. *Energaire Corporation v. E.S. Originals, Inc.,* 1999 WL 1018039, at *1 (N.D.Ill. Nov.2, 1999) (citing *Coffey v. Van Dorn Iron Work,* 796 F.2d 217, 219 (7th Cir 1986)). The defendant, as the moving party, must demonstrate that transfer will promote the efficient administration of justice. *Id*

Venue in patent infringement actions is controlled by 28 U.S.C. § 1400(b), which provides: "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *See Energaire,* 1999 WL 1018039 at *1 Under 28 U.S.C. § 1391(c) a corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1578 (Fed.Cir.1990)

It is uncontested that this court has jurisdiction over BIC USA. BIC Corp. has, however, disputed jurisdiction in this court. When determining whether the court has personal jurisdiction over a defendant in a federal question case, the court must ask whether hailing the defendant into this court accords with the due process clause of the Fifth Amendment, which requires that each party have sufficient minimum contacts with the United States as a whole, and whether this court has the power to serve the defendant. *United States v. Martinez De Ortiz,* 910 F.2d 376, 381-82 (7th Cir 1990) All parties to the

© 2005 Thomson/West. No Claim to Orig. U.S Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 3
Not Reported in F.Supp.2d, 2002 WL 1466829
(Cite as: Not Reported in F.Supp.2d)

instant action clearly have sufficient contacts with the United States The question becomes, then, whether, at the time of filing, BIC Corp. was amenable to service of process by an Illinois court. Under Fed.R.Civ.P. 4(k), service of the instant complaint may be accomplished by complying with the Illinois long arm statute, *735 ILCS § 5/2-209 Boston Chicken, Inc. v. Market Bar-B-Que, Inc., 922 F.Supp. 96, 98 (N.D.Ill.1996)*. Because the Illinois long-arm statute extends to the "limit allowed by the Constitution of the United States" and the Illinois Constitution, the inquiry becomes whether BIC Corp.'s minimum contacts with this forum comport with Fourteenth Amendment due process. *Janmark, Inc. v. Reidy,* 132 F.3d 1200, 1202 (7th Cir.1997), *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir 1997) (finding that, although the way in which the due process guarantee of the Illinois Constitution is to be construed is for the Illinois Supreme Court to decide, the court has provided very little guidance in this matter, and therefore it is best to examine due process under federal law).

[2] In order to comport with due process, defendants "must have 'minimum contacts' with Illinois such that maintaining a lawsuit here does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In other words, defendants must have "purposefully availed" themselves of the benefits of conducting activities in Illinois such that they should "reasonably anticipate being hailed into court" here. *Worldwide Volkswagon Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

*3 The Federal Circuit has summarized these Supreme Court rulings in a three-factor test "to determine whether asserting jurisdiction over an out-of-state defendant comports with due process .. :(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.' " *Akro Corp. v. Luker,* 45 F.3d 1541, 1545 (Fed.Cir.1995). FN1

> FN1. Federal Circuit law applies here because questions regarding personal jurisdiction in patent infringement cases are "intimately related" to the substance of patent law *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1564-65

(Fed.Cir.1994).

BIC Corp. argues that it does not meet the first factor of the Akro test, claiming that it did not purposefully direct its behavior at this forum even though several bottles of the accused product, with BIC Corp 's name on the label, were found at various locations within this district. Defendants attest that, due to corporate restructuring, BIC Corp. transferred the Wite-Out Plus[TM] product and remaining packaging materials to BIC USA before the '180 patent was issued, and that the bottles of accused product found in the Northern District of Illinois with a "BIC Corp." moniker were actually BIC USA products packaged with old (pre-patent) BIC Corp. labels. BIC Corp. contends that turning over the product and packaging to BIC USA and ceasing to do any business in Illinois before the issuance of the '180 patent defeats specific personal jurisdiction over it in this district FN2

> FN2. The fact that both BIC USA and BIC Corp. filed the declaratory judgment action in the Southern District of New York, however, indicates that BIC Corp is still involved with the production and/or sale of the Wite-Out Plus[TM] product, despite BIC Corp 's assertions that BIC USA is the only entity that sells the accused product to customers in Illinois and that BIC Corp. has "transferred" the accused product and packaging to BIC USA.

This court disagrees, and concludes that by transferring the accused product and company labels to its affiliate, and then allowing BIC USA to put the product and BIC Corp labels into stores to be sold in Illinois, is enough to constitute BIC Corp.'s purposeful direction of activity in this forum sufficient to establish a prima facie case of jurisdiction See *North American Philips Corp. v. American Vending Sales, Inc.,* 35 F.3d 1576, 1580 (Fed.Cir.1994) (finding that, because they put products into the stream of commerce through a distributor who sells to Illinois, the defendants "knew or reasonably could foresee" that the articles would be resold in Illinois). Therefore, BIC Corp. satisfies the first factor of the *Akro* test.

BIC Corp. also satisfies the second *Akro* factor because the instant patent infringement claim obviously "arises out of or relates to" BIC Corp 's allegedly infringing activities in this forum.

© 2005 Thomson/West No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                      Page 4
Not Reported in F.Supp.2d, 2002 WL 1466829
**(Cite as: Not Reported in F.Supp.2d)**

The third factor this court must consider is whether personal jurisdiction over BIC Corp. is "reasonable and fair." Once the first two *Akro* factors are met, as they have been in this case, the burden shifts to defendants to prove that personal jurisdiction in this forum is not "reasonable and fair." *Akro*, 45 F.3d at 1545-46. This is an exceedingly high standard and, though BIC Corp. has made several convenience arguments for transferring the instant matter, it has not argued that the exercise of jurisdiction is unreasonable or unfair on any ground (other than that it lacks the minimum contacts with Illinois necessary to satisfy due process, an argument with which this court disagrees for the reasons noted above). In fact, the Federal Circuit has held that "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. Most such considerations usually may be accommodated through means short of finding jurisdiction unconstitutional. For example ... a defendant claiming substantial inconvenience may seek a change of venue." *Akro*, 45 F.3d at 1546 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Consequently, this court finds personal jurisdiction over defendants to be reasonable and fair.

**\*4** [3] Because all three prongs of the Federal Circuit's test for personal jurisdiction have been met, the court finds personal jurisdiction over both defendants to be proper in the Northern District of Illinois. Because personal jurisdiction is proper in this district, both defendants "reside" here pursuant to 28 U.S.C. § 1391(c) such that venue is proper under 28 U.S.C. § 1400(b). FN3

> FN3. Even if venue were not proper in this district, the court would still transfer the instant action to the Southern District of New York under 28 U.S.C. § 1406(a) because doing so is in the interest of justice.

Venue is proper in the Southern District of New York as well. BIC Corp. is incorporated in New York, thereby making personal jurisdiction proper there. *See* 28 U.S.C. § 1332. BIC USA has an office in New York and has represented to this court that it does regular business in New York (including selling the accused product there), which makes jurisdiction over it in New York proper as well. *See Capitol Records, Inc. v. Optical Recording Corp.*, 810 F.Supp. 1350, 1352 (S.D.N.Y.1992). Because

personal jurisdiction is proper over both defendants in Illinois and New York, both defendants reside in each forum so that venue is proper in each forum pursuant to 28 U.S.C. § 1400(b). The first prong of 28 U.S.C. § 1404(a), then, is satisfied: venue is proper in both the transferor and transferee courts.

[4] Moving to the second and third prongs of the 28 U.S.C. § 1404(a) analysis, the court must consider whether transfer is for the parties' and witnesses' convenience and in the interest of justice. *Coffey*, 796 F.2d at 219. To do this, the court must take into account the relevant private and public interests. *Energaire*, 1999 WL 1018039, at \*2. The private interests include: "(1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) the ease of access to sources of proof; (4) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and (5) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigating in a particular forum." *Id.*

The plaintiff's choice of forum usually deserves considerable weight, especially when it is plaintiff's home forum. *Id.* Plaintiff's choice of forum becomes less important, however, when it has "relatively weak connections with the operative facts giving rise to the claim." *Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F.Supp. 185, 188 (N.D.Ill.1995). Although the sale of infringing products in this district is certainly significant, the accused product is sold nationwide, so the alleged infringement is presumably occurring in several fora across the country. Therefore, the connection to this forum is not very strong, and the plaintiff's choice of forum in this case should not be accorded significant weight.

The same logic applies to the "situs of material events" prong. The Federal Circuit dictates that "the situs of the injury is the location, or locations, at which the infringing activity directly impacts on the interests of the patentee." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed.Cir.1994). In order to apply this test, courts have often focused on the location of the allegedly infringing sales, or the alleged infringer's place of business. *Energaire*, 1999 WL 1018039, at \*2 (and cases cited therein). Again, the allegedly infringing sales have occurred across the country, rather than exclusively in the Northern District of Illinois, and neither of the alleged infringers' places of business are located in Illinois; both defendants' principal places of business are in Milford, Connecticut, which

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1466829
(Cite as: Not Reported in F.Supp.2d)

Page 5

defendants describe as being within the New York Metropolitan area. Accordingly, the situs of material events favors transfer.

*5 The "ease of access to sources of proof" prong further supports transfer. This court has observed that patent infringement suits usually focus on the activities of the alleged infringer, its employees, and its documents rather than upon those of the plaintiffs. *Id.* at *3 and *Wen Prods., Inc. v. Master Leather, Inc.,* 899 F.Supp. 384, 385 (N.D.Ill.1995). Defendants' Connecticut headquarters, which house most of the documents, employees, and activities relating to the accused product, are obviously closer to New York than to Illinois, such that ease of access to sources of proof would be better achieved by moving this case to New York rather than keeping it in Illinois. FN4

> FN4. If not for the related litigation pending in the Southern District of New York, Connecticut would be a logical venue for transfer because the defendants' headquarters are there. However, because all parties will have to litigate a related matter in the Southern District of New York, the interests of efficiency suggest transfer there.

The court must also consider the "availability of compulsory process for the attendance of unwilling witnesses." Plaintiffs claim they intend to call many witnesses from this district and therefore want to litigate in a court that can compel these witnesses to appear. This is unpersuasive, however, because the witnesses identified are plaintiffs' employees and within plaintiffs' control. Also, plaintiffs will most likely call many witnesses from defendants' Milford, Connecticut headquarters because, again, patent suits usually focus on the activities of the alleged infringer. *Id.* To the extent some of those witnesses cannot be considered defendants' employees and, therefore, the party, Milford is within 100 miles of the District Court for the Southern District of New York, leaving them within the court's subpoena power. Thus, this factor leans toward transferring the instant action.

The last private factor to be taken into account is convenience of the parties. In terms of transporting witnesses, documents, and employees, this forum is obviously more convenient for plaintiffs, while New York is obviously more convenient for defendants. In addition to the fact that most of the focus will be on defendants' activities, documents, and staff, the presence of related litigation (regarding the '116

patent) in the Southern District of New York weighs heavily in favor of transfer. Because the plaintiffs will have to travel to New York to litigate a similar matter involving the same parties anyway, convenience supports transfer. FN5

> FN5. Transferring the instant action to a venue in which related litigation is pending also serves the "efficient administration of justice." *Carus Corp. v. Greater Texas Finishing Corp.,* 1992 WL 22691, at *2 (N.D.Ill. Jan.31, 1992). When pending litigation involves the same parties and similar legal, technical and infringement issues, transfer to that venue is logical and strongly favored. *Magnavox Co. v. APF Electronics, Inc.,* 496 F.Supp. 29 (N.D.Ill.1980).

There are also public interest factors to take into account when evaluating whether transfer is convenient and fair under 28 U.S.C. § 1404(a). These include: "(1) the relation of the communities to the issue of the litigation and the desirability of resolving controversies in their locale; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets and the prospects for earlier trial." *Energaire,* 1999 WL 1018039, at *4.

With respect to the "community interest" factor, plaintiffs argue that Illinois has an interest in redressing patent infringement that allegedly occurred within its borders. This is certainly true. Because the accused product is sold nationwide, however, the alleged infringement presumably occurs in many states, that several have equal interests in redressing the alleged infringement. Further, "the administration of justice is served more efficiently when the action is brought before a court that is 'closer to the action." ' *Paul v. Land's End, Inc.,* 742 F.Supp. 512, 514 (N.D.Ill.1990). Once again, the "action" is usually associated with defendants' activities, which in this case are concentrated in Connecticut. These factors combine to favor transfer to New York.

*6 Neither party argues that the second factor, the court's familiarity with applicable law, is relevant here since both the Northern District of Illinois and the Southern District of New York are equally well-equipped to accommodate patent infringement cases. *See* 28 U.S.C. § 1400(b).

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1466829
(Cite as: Not Reported in F.Supp.2d)

Page 6

This court finds the third factor to be of little import. The median time from the filing of a complaint to trial in a civil action has been about two months less in the Southern District of New York than in this district in recent years. *See* *http://www.uscourts.gov/cgibin/cmsd2001.pl* This difference is so negligible as to be neutral; if anything, it slightly favors transfer to New York.

Because private and public interests weigh in favor of transfer, the third and last of the § 1404(a) considerations has been fulfilled. Transfer to the Southern District of New York is proper.

*CONCLUSION*

For the foregoing reasons, BIC Corp.'s motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) is denied, and defendants' motion to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) is granted.

N.D.Ill.,2002.
Berol Corp. v. BIC Corp.
Not Reported in F.Supp.2d, 2002 WL 1466829

Briefs and Other Related Documents (Back to top)

• 2002 WL 32682101 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Bic Corporation's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (May 28, 2002)
• 2002 WL 32682093 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Defendants' Motion to Transfer this Action to the United States District Court for the Southern District of New York (May 17, 2002)
• 2002 WL 32682088 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Bic Corporation's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (May 03, 2002)
• 2002 WL 32682081 (Trial Pleading) Defendant Bic Corporation's Answer (Apr. 25, 2002)
• 2002 WL 32682074 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Defendants' Motion to Transfer this Action the United States District Court for the Southern District of New York (Apr. 23, 2002)
• 2002 WL 32682066 (Trial Pleading) Answer (Apr. 16, 2002)
• 2002 WL 32682057 (Trial Pleading) Complaint for Patent Infringement (Jan. 23, 2002)
• 1:02CV00559 (Docket) (Jan. 23, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## *CERTIFICATE OF SERVICE*

This is to certify that on this 31st day of August 2005, a copy of the foregoing was

mailed, first class, postage prepaid, to:

Richard E. Castiglioni, Esq.
Diserio Martin O'Connor & Castiglioni, LLP
One Atlantic Street
Stamford, CT 06901-2427

Scott R. Lucas