UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QANTUM COMMUNICATIONS CORPORATION; QANTUM OF AUBURN, LLC, QANTUM ACQUISITION COMPANY, LLC, | ) ) ) ) ) | CIVIL ACTION NO.<br><br>3:04CV0315 (CFD) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JOHN F. KENNEDY, | ) ) | |
| Defendant. | ) | SEPTEMBER 15, 2005 |

### PLAINTIFFS' SURREPLY TO DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO TRANSFER

The Plaintiffs in the above referenced matter, Qantum Communications Corporation ("QCC"), Qantum of Auburn, LLC ("Qantum Auburn"), and Qantum Acquisition Company, LLC ("QAC"), respectfully submit this Surreply in response to Defendant's Reply in Support of his Motion to Transfer dated August 31, 2005. Defendant's Reply improperly attempts to shift the burden of demonstrating that a transfer is appropriate from Defendant, where the burden lies, to the Plaintiffs. As discussed below, and in Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Transfer dated August 17, 2005, the party's forum selection clause is a substantial factor that the court must consider in deciding a motion to transfer under 28 U.S.C.

§1404. For these reasons and the reasons set forth in Plaintiff's original Memorandum of Law, Defendant's Motion to Transfer should be denied.

I. **LAW AND ARGUMENT**

   A. **THE FORUM SELECTION CLAUSE SHOULD BE GIVEN SIGNIFICANT WEIGHT IN DETERMINING A MOTION TO TRANSFER UNDER 28 U.S.C. §1404.**

Defendant cites the leading case of Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988) in support of its argument that forum selection clauses are not dispositive and should be given little weight in deciding a motion to transfer. Defendant's reading of Stewart is erroneous. There is nothing in Stewart to suggest that the Court should give little weight to a forum selection clause. In fact, the Supreme Court in Stewart specifically stated that a forum selection clause, while not dispositive, "will be a *significant* factor that figures *centrally* in the District Court's calculus" in deciding a motion to transfer. Stewart Organization, Inc. v. Ricoh Corp., 47 U.S. 22, 29 (1988) [Emphasis added]. The presence of the forum selection clause in this action must be the starting point of the Court's analysis of the motion to transfer. The Defendant, as the party seeking a transfer, has the burden to demonstrate by clear and convincing evidence that public and private factors favor the transfer to another forum. See Pitney Bowes, Inc. v. National Presort, 33 F.Supp.2d 130, 131 (D.Conn. 1998); Van Ommeren Bulk Shipping, B.V. v. Tagship, 821 F.Supp. 848 (D. Conn. 1993). Defendant has failed to meet his burden.

2

In his Reply Brief, Defendant continues to argue that Connecticut would be an inconvenient forum for him. (Defendant's Reply Brief, pp. 2-3). What Defendant refuses to acknowledge, however, is that he executed the Settlement Agreement with a forum selection clause. By agreeing to a forum selection clause, he is deemed to have waived his right to assert his own convenience as a factor the Court may consider on a motion to transfer under 28 U.S.C. §1404(a). Leasing Service Corp. v. Graham, 646 F. Supp. 1410 (S.D.N.Y. 1986); Falconwood Financial Corp. v. Griffin, 838 F. Supp. 838, 840 (S.D.N.Y. 1993). Having executed the Settlement Agreement with a forum selection clause, Defendant cannot now argue that he is inconvenienced by the case pending in Connecticut. Id. at 840. Defendant's convenience is not a factor that the Court should consider in deciding the Motion to Transfer.

Defendant also argues that in opposing his Motion to Transfer, Plaintiffs are obligated to present evidence of the specific testimony that will be offered by their Connecticut-based witnesses. (Defendant's Reply Brief, Page 3). In support of its argument, Defendant cites the cases of Standard Office Systems of Fort Smith, Inc. v. Ricoh Corp., Inc., 742 F. Supp. 534 (W.D. RKRK. 1990) and Falconwood Financial Corp. v. Griffin, 838 F. Supp. 836 (S.D.N.Y. 1993). However, both of these cases only address the burden of the *moving party* to set forth facts that demonstrate that its witnesses would be inconvenienced so as to justify a motion to transfer. Falconwood Financial Corp. v. Griffin, 838 F. Supp. 836, 840-41 (S.D.N.Y. 1993) ("a

3

party making a motion to transfer on the ground that witnesses will be inconvenienced is obliged to specify the witnesses to be called and to describe generally what they will say, thereby providing the judge with enough information to weigh the importance of witness convenience against other factors."); Standard Office Systems of Fort Smith, Inc. v. Ricoh Corp., Inc., (W.D. Ark. 1990) ("the party seeking to transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover….if a party has merely made a general allegation that witnesses will be necessary without identifying them and indicating what their testimony will be, the application for transfer will be denied.", citing Wright, Miller & Cooper, Federal Practice and Procedure, Vol. 15, §3851 at pp. 270-71). These cases indicate that Defendant, as the moving party seeking a transfer, had to support his motion with the identity and the anticipated testimony of the witnesses he claimed would be inconvenienced.

Nothing in Falconwood or Standard Office Systems requires Plaintiffs, parties *opposing* a transfer, to present evidence of the expected testimony of their in-state witnesses who would be inconvenienced if the Court were to grant Defendant's motion and transfer this case from Connecticut to Alabama. Nevertheless, Plaintiffs did provide evidence, and has now supplemented that information, revealing that its Connecticut-based senior management personnel were expected to testify and would be inconvenienced if this case were transferred to Alabama. The principal office of all of the Plaintiffs is in Stamford, Connecticut. (Supplemental

4

Affidavit, para. 4). Defendant interacted with a number of these Connecticut-based officers during his employment with Qantum Auburn. (Supplemental Affidavit, para. 5). Michael Mangan, the Chief Financial Officer of QCC, will be the Plaintiffs' primary fact witness with respect to the damage testimony to be presented in the trial of Plaintiffs' case. (Supplemental Affidavit, Para. 7). It is likely that other Connecticut-based representatives of the Plaintiffs will testify at trial, depending upon the issues that may be raised when Defendant actually files an answer in this action. (Supplemental Affidavit, para. 7). The transfer of this case from Connecticut to Alabama will necessarily burden and inconvenience the Plaintiffs' witnesses, and may obligate them to travel to Alabama for pretrial discovery and depositions in addition to trial. (Supplemental Affidavit, para. 8). The Court should not enter an Order transferring a case which simply shifts the burden of inconvenience from Defendant to Plaintiffs. Pitney Bowes, Inc. v. National Presort, Inc., 33 F. Supp. 2d 130, 132 (D. Conn. 1998). In light of the foregoing, the Motion to Transfer should be denied.

### B. DEFENDANT'S 18-MONTH DELAY IN BRINGING THIS MOTION SHOULD WEIGH HEAVILY IN FAVOR OF DENYING THE MOTION TO TRANSFER.

Defendant spends a significant portion of its Reply Brief addressing the Plaintiffs' argument that the Defendant's active litigation of this matter and 18-month delay in filing a Motion to Transfer should be deemed a waiver of any right he had to seek a transfer.

5

Defendant's tactics in delaying this action were documented in Plaintiffs' Memorandum of Law in Opposition to Motion to Transfer. It should be pointed out that it was the Defendant who chose this forum by removing this case to this Court from the Superior Court for the Judicial District of Stamford/Norwalk at Stamford in January of 2004. Furthermore, it was the Defendant who filed multiple motions for extension of time to plead, a Rule 12(e) Motion for More Definite Statement, and a Motion to Dismiss in this Court. Defendant should not be permitted to further delay this action by moving to transfer this case to Alabama, particularly while Interrogatories and Requests for Production directed to the Defendant remain unanswered and are pending a decision on the Motion to Transfer. Plaintiffs submit that the Court should recognize the Defendant's Motion to Transfer as simply another pleading designed to delay the consideration of this action on the merits. Defendant's unreasonable delay in filing his Motion to Transfer should be an additional factor weighing against transfer of this case.

6

## II. CONCLUSION

For the foregoing reasons, and the reasons set forth in the Plaintiff's Memorandum in Opposition to the Motion to Transfer dated August 17, 2005, Defendant's Motion to Transfer should be denied.

THE PLAINTIFFS,

BY: _____
Scott M. Harrington/ct02482
DISERIO MARTIN O'CONNOR &
   CASTIGLIONI LLP
One Atlantic Street
Stamford, CT 06901
(203)358-0800

7

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed, postage prepaid, to the following counsel and parties of record:

Claire E. Ryan, Esq.
Scott R. Lucas, Esq.
Michael Bayonne
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901

Dated: September 15, 2005
Stamford, CT

Scott M. Harrington/ct02482

H:\LIT\SMH\22241.Surreply.doc