UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QANTUM COMMUNICATIONS | ) | |
| CORPORATION; QANTUM OF AUBURN, | ) | CIVIL ACTION NO. |
| LLC, QANTUM ACQUISITION | ) | |
| COMPANY, LLC, | ) | 3:04CV0315 (CFD) |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| JOHN F. KENNEDY, | ) | |
| | ) | |
| Defendant. | ) | SEPTEMBER 13, 2005 |

## AFFIDAVIT OF MICHAEL MANGAN

STATE OF CONNECTICUT)
                     )     SS.: Stamford
COUNTY OF FAIRFIELD  )

Personally appeared, the undersigned, MICHAEL MANGAN, who deposes and says as follows:

1. I am over the age of 18 years and believe in the obligations of an oath.

2. I have personal knowledge of the matters set forth in this Affidavit, I am familiar with the allegations in the Complaint in the above matter, and I am authorized and competent to execute this Affidavit.

3. I am the Chief Financial Officer of Qantum Communications Corporation, one of the Plaintiffs in the above referenced matter.

4.    The principal office of all Plaintiffs is located at 46 Southfield Road, Stamford, Connecticut.

5.    Despite Defendant John F. Kennedy's suggestion to the contrary, he has interacted with several officers of Qantum Communications Corporation, including myself, Frank Osborn and Jonathan Brewster, in his short period of employment with Qantum of Auburn, LLC.

6.    Frank Osborn and I reside in Connecticut and work out of the principal office of Qantum Communications Corporation and Qantum of Auburn, LLC located at 46 Southfield Road, Stamford, Connecticut.

7.    I expect that I will be a witness in the trial of this action. At a minimum, I anticipate testifying regarding the financial impact Kennedy's wrongful conduct caused the Plaintiffs. I anticipate that I will be the Plaintiffs' primary fact witness on all damage issues relevant to this action. It is possible that other senior management of the plaintiffs, who also work and reside in Connecticut, may testify at trial, depending upon what issues Defendant raises in the defense of action. Since Defendant has not yet answered the complaint and we do not know all issues that Defendant intends to dispute, what testimony may be required from other Connecticut-based representatives of Plaintiff presently is uncertain.

8.    It will be an inconvenience and a burden for me to travel to Alabama for the trial

2

and depositions in this case.

    9.    I am making this supplemental affidavit in support of Plaintiffs' opposition to

Defendant's Motion to Transfer.

 

Michael Mangan

Subscribed and sworn to before me
this /3ᵗ day of September, 2005.

Notary Public,
My Commission Expires:
Commissioner of the Superior Court

3

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed, postage prepaid, to the

following counsel and parties of record:

Claire E. Ryan, Esq.
Scott R. Lucas, Esq.
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901

Dated: September $\underline{5}$, 2005
        Stamford, CT

Scott M. Harrington/ct02482

H:\LIT\SMH\22241.supplemental.affidavit.mangan.doc

4