UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **QUANTUM COMMUNICATIONS CORPORATION, QUANTUM OF AUBURN, LLC, AND QUANTUM ACQUISITION, LLC,** | : : : : : | CIVIL ACTION NO. 3:04 CV 0315 (CFD) |
| Plaintiffs, | : : | |
| V. | : : | |
| JOHN F. KENNEDY, | : : | OCTOBER 19, 2005 |
| Defendant. | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant John F. Kennedy, for his answer and affirmative defenses to the correspondingly-numbered paragraphs of the Complaint filed by Qantum Communications Corporation, Qantum of Auburn, LLC, and Qantum Acquisition, LLC dated January 21, 2004, hereby alleges as follows:

*COUNT ONE*
*(Intentional Interference with Business and Contractual Relations)*

A.   *Parties and Non-Parties*

1.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Count One of the Complaint.

2.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Count One of the Complaint.

3.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Count One of the Complaint.

4. Defendant admits that he is a resident of Alabama, and denies the remaining allegations contained in Paragraph 4 of Count One of the Complaint.

5. Defendant admits the truth of the allegations contained in Paragraph 5 of Count One of the Complaint.

6. Defendant admits the truth of the allegations contained in Paragraph 6 of Count One of the Complaint.

7. Defendant admits the truth of the allegations contained in Paragraph 7 of Count One of the Complaint.

### B. *Qantum's Contractual Relationship with Chenoweth*

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Count One of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Count One of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Count One of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Count One of the Complaint. Moreover, said document, to the extent it exists, speaks for itself.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Count One of the Complaint. Moreover, said document, to the extent it exists, speaks for itself.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Count One of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Count One of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Count One of the Complaint.

16. Defendant admits Chenoweth became employed by Tiger, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 16 of Count One of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Count One of the Complaint.

18. Defendant denies the truth of the allegations contained in Paragraph 18 of Count One of the Complaint.

19. Defendant denies the truth of the allegations contained in Paragraph 19 of Count One of the Complaint.

20. Defendant denies the truth of the allegations contained in Paragraph 20 of Count One of the Complaint.

21. Defendant denies the truth of the allegations contained in Paragraph 21 of Count One of the Complaint.

22. Defendant denies the truth of the allegations contained in Paragraph 22 of Count One of the Complaint.

### C. *Qantum's Contractual Relationship with Linn*

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Count One of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Count One of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Count One of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Count One of the Complaint. Moreover, said document, to the extent it exists, speaks for itself.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Count One of the Complaint. Moreover, said document, to the extent it exists, speaks for itself.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Count One of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Count One of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Count One of the Complaint.

31. Defendant denies the truth of the allegations contained in Paragraph 31 of Count One of the Complaint.

32. Defendant denies the truth of the allegations contained in Paragraph 32 of Count One of the Complaint.

33. Defendant denies the truth of the allegations contained in Paragraph 33 of Count One of the Complaint.

34. Defendant denies the truth of the allegations contained in Paragraph 34 of Count One of the Complaint.

35. Defendant denies the truth of the allegations contained in Paragraph 35 of Count One of the Complaint.

**D.** *Qantum's Contractual Relationship with Kennedy*

36. Defendant admits he entered into an agreement on or about January 22, 2003 as alleged in Paragraph 36 of Count One of the Complaint; said document speaks for itself.

37. Defendant denies the truth of the allegations contained in Paragraph 37 of Count One of the Complaint as stated; said document speaks for itself.

38. Defendant denies the truth of the allegations contained in Paragraph 38 of Count One of the Complaint as stated; said document speaks for itself.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Count One of the Complaint.

40. Defendant admits that he resigned as alleged in Paragraph 40 of Count One of the Complaint, and denies the remaining allegations contained therein.

41. Defendant admits he entered into a Settlement Agreement and Release as alleged in Paragraph 41 of Count One of the Complaint; said document speaks for itself.

42. Defendant denies the truth of the allegations contained in Paragraph 42 of Count One of the Complaint.

43. Defendant denies the truth of the allegations contained in Paragraph 43 of Count One of the Complaint; said document speaks for itself.

44. Defendant denies the truth of the allegations contained in Paragraph 44 of Count One of the Complaint; said document speaks for itself.

45. Defendant admits that he accepted employment with Tiger Communications as alleged in Paragraph 45 of Count One of the Complaint, and denies the remaining allegations contained therein.

46. Defendant admits Chenoweth and Linn became employed by Tiger as alleged in Paragraph 46 of Count One of the Complaint, and denies the remaining allegations contained therein.

47. Defendant denies the truth of the allegations contained in Paragraph 47 Defendant denies the truth of the allegations contained in Paragraph 42 of Count One of the Complaint.

48. Defendant denies the truth of the allegations contained in Paragraph 48 of Count One of the Complaint.

49. Defendant denies the truth of the allegations contained in Paragraph 49 of Count One of the Complaint.

50. Defendant denies the truth of the allegations contained in Paragraph 50 of Count One of the Complaint.

51. Defendant denies the truth of the allegations contained in Paragraph 51 of Count One of the Complaint.

52. Defendant denies the truth of the allegations contained in Paragraph 52 of Count One of the Complaint.

53. Defendant denies the truth of the allegations contained in Paragraph 53 of Count One of the Complaint.

54. Defendant denies the truth of the allegations contained in Paragraph 54 of Count One of the Complaint.

## COUNT TWO
### *(Fraud in the Inducement)*

1-53. Defendant repeats and realleges his answers to Paragraphs 1-53 of Count One of the Complaint as if more fully set forth herein.

54. Defendant denies the truth of the allegations contained in Paragraph 54 of Count Two of the Complaint.

55. Defendant denies the truth of the allegations contained in Paragraph 55 of Count Two of the Complaint.

56. Defendant denies the truth of the allegations contained in Paragraph 56 of Count Two of the Complaint.

57. Defendant denies the truth of the allegations contained in Paragraph 57 of Count Two of the Complaint.

## COUNT THREE
### *(Breach of Contract – Settlement Agreement)*

1-56. Defendant repeats and realleges his answers to Paragraphs 1-56 of Count Two of the Complaint as if more fully set forth herein.

57. Defendant denies the truth of the allegations contained in Paragraph 57 of Count Three of the Complaint; said document speaks for itself.

58. Defendant denies the truth of the allegations contained in Paragraph 58 of Count Three of the Complaint.

59. Defendant denies the truth of the allegations contained in Paragraph 59 of Count Three of the Complaint.

## COUNT FOUR
### (Breach of Contract – Employment Agreement)

1-58 Defendant repeats and realleges his answers to Paragraphs 1-58 of Count Three of the Complaint as if more fully set forth herein.

59. Defendant admits that he entered into an employment agreement with Root as alleged in Paragraph 59 of Count Four of the Complaint, and denies the remaining allegations contained therein.

60. Defendant denies the truth of the allegations contained in Paragraph 60 of Count Four of the Complaint.

61. Defendant denies the truth of the allegations contained in Paragraph 61 of Count Four of the Complaint.

62. Defendant denies the truth of the allegations contained in Paragraph 62 of Count Four of the Complaint.

## COUNT FIVE
### (Declaratory Judgment and Preliminary Injunction)

1-61. Defendant repeats and realleges his answers to Paragraphs 1-61 of Count Four of the Complaint as if more fully set forth herein.

8

62. Defendant denies the truth of the allegations contained in Paragraph 62 of Count Five of the Complaint.

63. Paragraph 63 of the Complaint does not contain any allegations, and hence defendant does not respond and leaves plaintiffs to their burden of proof.

64. Paragraph 64 of the Complaint does not contain any allegations, and hence defendant does not respond and leaves plaintiffs to their burden of proof.

65. Paragraph 65 of the Complaint does not contain any allegations, and hence defendant does not respond and leaves plaintiffs to their burden of proof.

66. Defendant denies the truth of the allegations contained in Paragraph 66 of Count Five of the Complaint.

### *DEFENDANT'S AFFIRMATIVE DEFENSES*

Defendant asserts the following affirmative defenses:

1. This Court lacks personal jurisdiction over this defendant (see Motion to Dismiss/Transfer previously filed).

2. Plaintiffs materially breached contracts with defendant and are precluded from enforcing same.

3. Defendant did not have a contractual relationship with one or more of the plaintiffs.

4. One or more of the plaintiffs were not successors to Root Communications.

5. Plaintiffs' claims are barred in whole or in part by the doctrine of *res judicata*.

6. Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel.

7. All actions taken by defendant were lawful and for legitimate business reasons.

8. All actions by defendant were taken in good faith and without malice or reckless indifference, and thus there is no basis in law or fact for plaintiffs to seek or recover punitive damages against defendant.

9. Plaintiffs' claims against defendant are barred by the doctrine of waiver.

10. Plaintiffs' claims against defendant are barred by the doctrine of unclean hands.

11. Plaintiffs have failed to mitigate their damages.

12. There was a complete novation of the contract provision plaintiffs seek to enforce.


By_____/S/_____
Scott R. Lucas, Esq. (ct00517)
*Attorney for defendant John F. Kennedy*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com

### *CERTIFICATE OF SERVICE*

This is to certify that on this 19th day of October 2005, a copy of the foregoing was mailed, first class, postage prepaid, to:

>Richard E. Castiglioni, Esq.
>Diserio Martin O'Connor & Castiglioni, LLP
>One Atlantic Street
>Stamford, CT 06901-2427

_____/S/_____
Scott R. Lucas