UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QANTUM COMMUNICATIONS CORPORATION; QANTUM OF AUBURN, LLC, QANTUM ACQUISITION COMPANY, LLC, | ) ) ) ) ) | CIVIL ACTION NO. 3:04CV0315 (CFD) |
| Plaintiffs, v. | ) ) ) ) | |
| JOHN F. KENNEDY, | ) ) | |
| Defendant. | ) | JANUARY 31, 2006 |

**MOTION FOR MODIFICATION OF SCHEDULING ORDER AND
MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

The Plaintiffs in the above matter, Qantum Communications Corporation, Qantum of Auburn, LLC, and Qantum Acquisition Company, LLC, pursuant to Rule 7(b) of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut, respectfully moves the Court to modify the Scheduling Order entered in this matter on July 2, 2004, as modified by Order dated December 15, 2004, for the purposes of extending the deadlines for the Defendant to disclose expert witnesses and to complete discovery, as follows:

1. To the extend the time within which the Defendants shall designate all trial experts and provide opposing counsel with reports from retained experts pursuant to the Federal

Rules of Civil Procedure from January 5, 2006 until 30 days after the Court renders its decision on the Defendant's Motion to Change Venue dated July 20, 2005;

2. To extend the time to complete all discovery, including the discovery of any disclosed expert witnesses, from February 19, 2006 to 60 days after the deadline for the Defendant to disclose its expert witnesses as set forth in Paragraph 1 above; and

3. To extend the time to file dispositive motions from March 21, 2006 until 30 days after the completion of discovery as requested in Paragraph 2 above.

In support of this Motion, the undersigned represents as follows:

1. Defendant removed this matter to this Court from the Connecticut Superior Court on or about February 25, 2004.

2. On June 16, 2004, the parties filed their report of Rule 26(f) Planning Meeting, which report was approved by the Court by order dated July 2, 2004.

3. The Plaintiffs' counsel proposed aggressive deadlines in the report upon the belief that the pleadings would be closed in the case by the end of August 2004.

4. Due to the filings of a motion for more definite statement and a motion to dismiss, together with the time for ruling on said motions, the Defendant did not file an Answer to the Complaint until October 20, 2005.

2

5. On July 20, 2005, the Defendant filed a Motion to Transfer this case to the United States District Court for the Middle District of Alabama. That Motion to Transfer is still pending before the Court.

6. On May 31, 2005, the Plaintiffs served their First Request for Production on the Defendant by mailing a copy of same to Defendant's counsel.

7. On August 2, 2005, after having received an initial extension of time, Defendant filed a Motion for Extension of Time to respond to the Plaintiffs' First Request for Production until 20 days after the Court ruled on the Motion to Transfer. That Motion for Extension of Time was granted by the Court on August 5, 2005.

8. By virtue of the Court's granting the Motion for Extension of Time to respond to the Plaintiffs' First Request for Production, the Plaintiffs has not yet obtained any documents from Defendant through discovery in this case.

9. The Plaintiffs require responses to the First Request for Production before proceeding with depositions in this case. However, the Defendant presently is under no obligation to produce documents to the Plaintiff until 20 days after the Court rules on the Motion to Transfer – an event which could occur after the deadline of February 19, 2006 presently established for the completion of all discovery.

3

10. Furthermore, the Court's ruling on the Motion to Transfer should take place before the Defendant's deposition is conducted since the forum of that deposition, and counsel conducting same, will be affected by the Court's ruling on the Motion to Transfer.

11. In order to give the parties sufficient time to complete discovery in this action after the Court rules on the Motion to Transfer, a modification of the Scheduling Order is required so that the conclusion of the discovery period does not occur prior to the ruling on the Motion to Transfer and Defendant's compliance date with the Plaintiffs' First Request for Production twenty days thereafter.

12. Pursuant to Local Rule 7(b), Plaintiffs' undersigned counsel contacted Scott Lucas, counsel for the Defendant, to inquire about Defendant's position on the Motion. Attorney Lucas consents to and joins the Plaintiffs in seeking this extension and modification of the Scheduling Order.

13. Pursuant to Local Rule 7(b)(2), Plaintiffs' undersigned counsel represents that this is the second Motion for Extension of Time filed by the Plaintiffs seeking to modify or extend the dates to complete discovery as set forth in the Parties' Planning Report.

14. Plaintiffs submit that in light of the foregoing, good cause exists to extend the deadlines to complete discovery and to file dispositive motions in this matter as requested herein.

4

Respectfully submitted,

THE PLAINTIFFS,

BY: /s/
Scott M. Harrington/ct02482
DISERIO MARTIN O'CONNOR &
   CASTIGLIONI LLP
One Atlantic Street
Stamford, CT 06901
(203)358-0800

5

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed, postage prepaid, to the following counsel and parties of record:

Claire E. Ryan, Esq.
Scott R. Lucas, Esq.
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901

Dated: January 31, 2006
   Stamford, CT

/s/
_____
Scott M. Harrington/ct02482

H:\LIT\SMH\22241.Motion for Modification.doc

6